1  BRYAN A. KOHM (CSB NO. 233276)
   bkohm@fenwick.com
2  FENWICK & WEST LLP
   555 California Street, Suite 1200
3  San Francisco, CA 94104
   Telephone: (415) 875-2300
4  Facsimile: (415) 281-1350

5  Attorneys for Plaintiff
   WHITEPAGES, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  WHITEPAGES, INC., a Delaware        Case No. 3:16-cv-00174-RS
    corporation,
13                                       **NOTICE OF PENDENCY OF OTHER**
                    Plaintiff,           **ACTION OR PROCEEDING**
14
        v.
15
    GREENFLIGHT VENTURES
16  CORPORATION, a Florida company,
    JEFFREY ISAACS, an individual, and
17  IANINA PETREA, an individual,

18                  Defendants.

19

20         Pursuant to Local Rule 3-13, Plaintiff Whitepages, Inc. ("Whitepages") hereby notifies the

21  Court of an action, filed after the present case, now pending in another federal district court which

22  involves the same patent at issue in the present action and two of the four parties in this matter.

23  Greenflight Venture Corporation ("Greenflight"), the first-named defendant in the instant action,

24  filed a patent infringement action against Whitepages, True Software Scandinavia A.B. ("True

25  Software"), and Alex Algard in the United States District Court for the Southern District of

26  Florida on January 14, 2016, entitled *Greenflight Venture Corporation v. Whitepages, Inc. et al*,

27  No. 9:16-cv-80079-RLR (S.D. Fla.) ("the Florida Action"). In the Florida Action, Greenflight

28  alleges that Whitepages, Whitepages's CEO Alex Algard, and an unrelated Swedish corporation

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

True Software contributorily infringe and induce others to infringe U.S. Patent No. 8,861,698 in violation of 35 U.S.C. § 271(a), (b), and (c).  In the instant action, Whitepages contends, *inter alia*, that it does not infringe, contribute to any infringement of, or induce any infringement of that same patent.  Because the second-filed Florida Action is duplicative of the instant action as it relates to Greenflight and Whitepages, the Florida action should be dismissed or transferred to this Court pursuant to the first-to-file rule.  Whitepages will so move in the event that the summons and complaint in the Florida action are served.  As such, in the event that both cases proceed, coordination will either be unnecessary or occur as the result of transfer of the Florida action.  For the same reason, Whitepages submits that transfer pursuant to 28 U.S.C. § 1407 (Multi District Litigation Procedures) is improper.

Dated: January 25, 2016

Respectfully submitted,

FENWICK & WEST LLP


By: */s/ Bryan A. Kohm*
    Bryan A. Kohm

Attorneys for Plaintiff
Whitepages, Inc.

1

**CERTIFICATE OF SERVICE**

2

I, Sara McPhee, am a citizen of the United States and employed in King County,

3

Washington.  I am over the age of eighteen and not a party to the within-entitled action.  My

4

business address is Fenwick & West LLP, 1191 Second Avenue, 10th Floor, Seattle, Washington

5

98101. I hereby certify that on January 25, 2016, I caused a copy of the foregoing **NOTICE OF**

6

**PENDENCY OF OTHER ACTION OR PROCEEDING** to be served on the following parties

7

8

by mail at the addresses indicated below:

9

10

**GREENFLIGHT VENTURES CORPORATION**
10312 Orchid Reserve Drive

11

West Palm Beach, Florida 33412

12

**JEFFREY ISAACS**
8 Chase Circle

13

Fort Washington, Pennsylvania 19034-2824

14

**IANINA PETREA**

15

10312 Orchid Reserve Drive
West Palm Beach, Florida 33412-3047

16

17

18

I declare under penalty of perjury that the foregoing is true and correct.

19

DATED: January 25, 2016            s/*Sara McPhee*
                                                    Sara McPhee

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO