BRYAN A. KOHM (CSB No. 233276)
bkohm@fenwick.com
RAVI R. RANGANATH (CSB NO. 272981)
rranganath@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     415.875.2300
Facsimile:      415.281.1350

ELIZABETH B. HAGAN (WSBA No. 46933)
ehagan@fenwick.com
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, WA  98101
Telephone:     206.389.4510
Facsimile:      206.389.4511

Attorneys for Plaintiff
WHITEPAGES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WHITEPAGES, INC., a Delaware Corporation,<br><br>                         Plaintiff,<br><br>         v.<br><br>GREENFLIGHT VENTURE CORPORATION, a Florida company, and JEFFREY ISAACS, an individual,<br><br>                         Defendants. | Case No.: 3:16-cv-00175-RS<br><br>**AMENDED AND SUPPLEMENTAL COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Whitepages, Inc. ("Whitepages") hereby alleges as follows for this complaint against Greenflight Ventures Corporation ("Greenflight") and Jeffrey Isaacs (collectively, "Defendants"):

**THE PARTIES**

1. Whitepages is a corporation organized under the laws of Delaware, with its place

AMENDED COMPLAINT                                                                                        Case No.: 3:16-cv-00175-RS

1  of business at 1301 Fifth Ave, Suite 1600, Seattle, Washington.

2  2. On information and belief, Greenflight is a corporation existing under the laws of Florida, with a place of business at 90, Grand Etang, Terres Basses, St. Martin 97150, France.

3. On information and belief, Jeffrey Isaacs is an individual residing in St. Martin, France. On information and belief, Mr. Isaacs is Chief Executive Officer of Greenflight.

## JURISDICTION AND VENUE

4. This action includes a claim based on the patent laws of the United States, Title 35 of the United States Code, § 1 et seq., with a specific remedy sought under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and continuing justiciable controversy exists between Whitepages and Greenflight/Isaacs that requires a declaration of rights by this Court.

5. This Court has subject matter jurisdiction over each claim in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Defendants because Defendants engaged in patent enforcement activities in this District through their contacts with Apple Inc. ("Apple"). Apple resides in Cupertino, California.

7. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391 and 1400 because a substantial part of the conduct giving rise to the claims occurred in this district and because personal jurisdiction is properly exercised over Defendants in this District.

## FACTUAL BACKGROUND

8. Whitepages is one of the leading source for contact information in North America and is at the forefront of developing services that help people find, understand and verify personal and business identities in an ever-changing digital world. With over 55 million unique monthly users, Whitepages offers access to more than 250 million personal identities and provides users with the ability to control their own. Whitepages also operates Whitepages Pro, an API and web-based service, which helps businesses verify the identities of their customers.

9. Whitepages Caller ID is mobile app that allows users to block calls, detect spam and ID incoming calls.

10. Whitepages has entered into contractual relationships with Apple and Google to make the Whitepages Caller IP app available for iPhone and Android users. The Whitepages Caller ID app is distributed through the Apple App Store and Google Play store. As such, it is imperative that Whitepages maintains a positive relationship and good reputation with Apple and Google to ensure successful distribution of the Whitepages Caller ID app.

11. Greenflight purports to be the owner of U.S. Patent No. 8,861,698 (the "'698 patent"). The '698 patent is entitled "Post-Page Caller Name Identification System." A copy of the '698 patent is attached as Exhibit A.

12. On information and belief, the named inventor of the '698 patent, Jeffrey Isaacs, purportedly assigned a certain portion of the ownership interest in the '698 patent to Greenflight on January 14, 2016. A copy of the January 14, 2016 assignment, recorded with the United States Patent and Trademark Office, is attached as Exhibit B. It is unclear whether Greenflight, Mr. Isaacs, or both Greenflight and Mr. Isaacs hold(s) title to the '698 patent.

13. On or about August 22, 2015, Greenflight submitted a written complaint to Apple in Cupertino, California via the App Store Content Dispute procedure. In that complaint, Greenflight identified the '698 patent and stated that "Whitepages substantially duplicates [Greenflight's] CNAM based query system." This statement is false. Whitepages does not offer any app or other software that "substantially duplicates [Greenflight's] CNAM based query system."

14. Subsequently, on or about August 28, 2015, Greenflight stated in an email to Apple in Cupertino, California that the Whitepages Caller ID app "infringes on United States Patent 8,861,698 claim 1(c) by offering an app with a 'function serving as an interface between the query and the carrier's respective CNAM database.'" Whitepages denies this contention. On information and belief, Greenflight made this assertion of infringement without adequate investigation by Defendants into whether the Whitepages Caller ID app practices the limitations of any claim of the '698 patent.

15. Further, on information and belief, Greenflight made this statement with an unreasonable assertion regarding the scope of the '698 patent which is precluded as a matter of

law. For example, element (b) of claim 1 – a similar limitation appears in all independent claims – requires "an SS7 interfacing node permitting real-time access to the SS7 network." On information and belief, Defendants failed to perform a reasonable investigation to ascertain how the Whitepages Caller ID app functions with respect to this limitation. Instead, evidencing the bad faith of Defendants, Defendants contend that claim limitation 1(b) does not require a node employing SS7 protocols. Contrary to the plain language of the claim, Defendants assert that claim limitation 1(b) is practiced by any software with access to a CNAM database.

16. The error in Defendants' position and the bad faith nature of their statements are further demonstrated by Mr. Isaacs' statement during the prosecution of the application leading to the '698 patent. In a response (dated August 17, 2014) to an office action rejecting the claims of the '698 patent, Mr. Isaacs distinguished the prior art relied on by the patent office on the ground that it lacked disclosure of directly interfacing with the SS7 network. This statement is inconsistent with Defendants' position now that claim limitation 1(b) need not interface with the SS7 network, but merely must access a CNAM database.

## FIRST CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement Against All Defendants)**

17. Whitepages hereby incorporates by reference its allegations contained in paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18. Greenflight and Mr. Isaacs have alleged that Whitepages infringes one or more claims of the '698 patent.

19. Whitepages denies that it infringes or contributes to any infringement of any claim of the '698 patent either literally or under the doctrine of equivalents. Whitepages further asserts that it has not and does not induce any infringement of any claim of the '698 patent.

20. Therefore, a substantial controversy exists between Whitepages, on the one hand, and Greenflight and Mr. Isaacs, on the other, and the parties have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Whitepages has not infringed any claim of the '698 patent.

21. An actual and justiciable controversy exists regarding the alleged infringement of

1  the '698 patent by Whitepages.  Whitepages accordingly requests a judicial determination of its

2  rights, duties, and obligations with regarding to the '698 patent.

3       22.     A judicial declaration is necessary and appropriate so that Whitepages may

4  ascertain its rights regarding the '698 patent.

## PRAYER FOR RELIEF

WHEREFORE, Whitepages prays for a judgment against Defendants as follows:

A. A declaration that Whitepages does not infringe, directly, contributorily or by inducement, literally or under the doctrine of equivalents, any claim of the '698 patent;

B. A declaration that Whitepages' case against Defendants is an exceptional case within the meaning of 35 U.S.C. § 285;

C. An injunction against Defendants barring Defendants from stating or suggesting that Whitepages infringes the '698 patent;

D. An award of costs and attorneys' fees to Whitepages; and

E. Such other and further relief as the Court deems just and reasonable.


Dated:   March 9, 2016                    FENWICK & WEST LLP


                                          By: */s/ Bryan A. Kohm*
                                              Bryan A. Kohm
                                              Ravi R. Ranganath
                                              Elizabeth B. Hagan (admitted *pro hac vice*)

                                          Attorneys for Plaintiff Whitepages, Inc.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## **DEMAND FOR JURY TRIAL**

Plaintiff Whitepages, Inc. hereby demands a trial by jury of all issues so triable.

Dated:   March 9, 2016        FENWICK & WEST LLP


By: */s/ Bryan A. Kohm*
   Bryan A. Kohm
   Ravi R. Ranganath
   Elizabeth B. Hagan (admitted *pro hac vice*)

   Attorneys for Plaintiff Whitepages, Inc.

# PROOF OF SERVICE

The undersigned declares as follows:

I, Sara McPhee, am a citizen of the United States and employed in King County, State of Washington. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Fenwick & West LLP, 1191 Second Avenue, 10th Floor, Seattle, WA 98101. On the date set forth below, I served a copy of the foregoing **AMENDED AND SUPPLEMENTAL COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT** on the interested parties in the subject action by placing a true copy thereof as indicated below, addressed as follows:

> Alexandra McTague
> WINSTON & STRAWN LLP
> 275 Middlefield Road, Suite 205
> Menlo Park, CA  94025
> Telephone: (650) 858-6423
> Email: amctague@winston.com
>
> *Attorneys for Defendants Greenflight Venture Corporation and Jeffrey Isaacs*

☐ **BY US MAIL:**  by placing the document(s) listed above in a sealed envelope for collection and mailing following our ordinary business practices.  I am readily familiar with our ordinary business practices for collecting and processing mail for the United States Postal Service, and mail that I place for collection and processing is regularly deposited with the United States Postal Service that same day with postage prepaid.

☐ **BY OVERNIGHT COURIER:**  by placing the document(s) listed above in a sealed envelope with a prepaid shipping label for express delivery and causing such envelope to be transmitted to an overnight delivery service for delivery by the next business day in the ordinary course of business.

☐ **BY FACSIMILE:**  by causing to be transmitted via facsimile the document(s) listed above to the addressee(s) at the facsimile number(s) set forth above.

☑ **BY E-MAIL:**  by causing to be transmitted via e-mail the document(s) listed above to the addressee(s) at the e-mail address(es) listed above.

☐ **BY PERSONAL DELIVERY:**  by causing to be personally delivered the document(s) listed above to the addressee(s) at the address(es) set forth above.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on March 9, 2016.

> */s/Sara McPhee*
> Sara McPhee

AMENDED COMPLAINT                                                                                    Case No.: 3:16-cv-00175-RS