Phillip J. Lee (SBN 263063)
plee@McKoolSmithHennigan.com
MCKOOL SMITH HENNIGAN, P.C.
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone:   (213) 694-1200
Facsimile:   (213) 694-1234

Ashley N. Moore (SBN 24074748)
Admitted *Pro Hac Vice*
amoore@mckoolsmith.com
Warren Lipschitz (SBN 24078867)
Admitted *Pro Hac Vice*
wlipschitz@mckoolsmith.com
Jonathan Powers (SBN 24098277)
Admitted *Pro Hac Vice*
jpowers@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:   (214) 978-4000
Facsimile:   (214) 978-4044

Attorneys for Defendant
True Software Scandinavia, A.B.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WHITEPAGES, INC., <br><br>  Plaintiff-Counterdefendant, <br><br> v. <br><br> GREENFLIGHT VENTURE CORPORATION, et al., <br><br>  Defendants-Counterclaimants. | No. 3:16-cv-00175-RS <br><br> **RESPONSE IN SUPPORT OF RELATING THE CASES PURSUANT TO N.D. CAL. CIVIL L.R. 3-12** <br><br> [N.D. Cal. Civ. L.R. 3-12, 7-11] <br><br> JUDGE: Hon. Richard Seeborg |
| GREENFLIGHT VENTURE CORPORATION, <br><br>  Plaintiff, <br><br> v. <br><br> TRUE SOFTWARE SCANDINAVIA, A.B., <br><br>  Defendant. | No. 16-cv-01837-HSG |

Case No. 3:16-cv-00175-RS                                                                                       RESPONSE TO REFERRAL

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to N.D. Cal. Civil Local Rules 3-12 and 7-11, Defendant True Software Scandinavia, A.B. ("True Software") files this Response in Support of Relating the Cases to consider whether *Greenflight Venture Corporation v. True Software Scandinavia, A.B.*, No. 16-cv-01837-HSG ("*True Software*"), transferred on April 8, 2016, should be related to this case, *Whitepages, Inc. v. Greenflight Venture Corporation, et al.*, No. 3:16-cv-00175-RS ("*Whitepages*").

**I.   ACTION REQUESTED.**

An order pursuant to Civil Local Rule 3-12 relating the *True Software* case to the *Whitepages* case.

**II.   REASONS SUPPORTING THE REQUEST.**

Civil Local Rule 3-12 provides the applicable standard. "An action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases re conducted before different Judges."  Both criteria are met here.

The *True Software* case is related to the *Whitepages* case because they both involve substantially the same property.  *See* Civ. L.R. 3-12(a)(1).  If the cases are conducted before different judges, there will likely be a burdensome duplication of labor and expense, as well as the potential for conflicting results.  *See* Civ. L. R. 3-12(a)(2).

**A.   *Greenflight* and *Whitepages* involve substantially the same parties, property, transaction, or event.**

**1.   Introduction to the *True Software* and *Whitepages* cases.**

In the *Whitepages* case, Whitepages Inc. ("Whitepages") filed a complaint against Greenflight Ventures Corp. ("Greenflight"), Jeffrey Isaacs (allegedly Greenflight's Chief Executive Officer), and Ianina Petrea for declaratory judgment of non-infringement regarding U.S. Patent No. 8,861,698 (the "'698 Patent") in the United States District Court for the Northern District of California on January 11, 2016. *See Whitepages* Dkt. 1 (Complaint). After Whitepages amended its

-1-

Case No. 3:16-cv-00175-RS                                                                      RESPONSE TO REFERRAL

complaint, dropping Ianina Petrea as a party, *see Whitepages* Dkt. 17 (First Amended Complaint), Greenflight and Isaacs filed their answer and asserted a counterclaim of patent infringement based on the '698 Patent. *Whitepages* Dkt. 21 (Answer and Counterclaim for Patent Infringement).

In *True Software*, Greenflight filed a complaint on January 14, 2016 alleging infringement of the '698 Patent against Whitepages, True Software Scandinavia, A.B. ("True Software"), and Alex Algard (allegedly the Chief Executive Officer of Whitepages) in the United States District Court for the Southern District of Florida. *See True Software* Dkt. 1 (Complaint). Whitepages and Algard filed a motion to dismiss, partially due to the fact that the *True Software* case was duplicative of the *Whitepages* case, which Whitepages had filed three days prior to Greenflight filing its complaint in *True Software*. *True Software* Dkt. 13 (Motion to Dismiss). In response, Greenflight voluntarily dismissed Algard and Whitepages from the *True Software* case. *True Software* Dkt. 16 (Notice of Voluntary Dismissal). The remaining parties, Greenflight and True Software, then agreed to transfer the case to the Northern District of California due to the fact that "another case is pending in the Northern District of California on the same patent…." *True Software* Dkt. 23 (Joint Motion to Change Venue) p. 1. The Florida court granted transfer on April 8, 2016. *True Software* Dkt. 24 (Order Granting Joint Motion to Transfer).

### 2. *True Software* and *Whitepages* involve the same property.

Both cases involve allegations of infringement of the '698 Patent. In *Whitepages*, Greenflight alleges infringement of the '698 Patent against Whitepages' products; while in *True Software*, Greenflight alleges infringement of the '698 Patent against True Software's products. In both cases Greenflight's allegation of infringement is based on its '698 Patent. Therefore, *Whitepages* and *True Software* involve the same property: the '698 Patent.

**B.     Relating *True Software* to *Whitepages* through pre-trial will conserve judicial resources and avoid inconsistent results.**

By relating these two cases through pre-trial matters,[1] the Court would preserve judicial resources and avoid inconsistent results. For example, relating the two cases would allow the Court to conduct a single *Markman* hearing, saving time and preventing conflicting interpretations of the claim terms of the '698 Patent.

**III.    CONCLUSION.**

For the foregoing reasons, True Software requests that the *True Software* case be related to the *Whitepages* case through pre-trial matters pursuant to Civil L.R. 3-12.

DATED: April 25, 2016                    Respectfully submitted,

                                          MCKOOL SMITH HENNIGAN, P.C.


                                          By:  /s/ Phillip J. Lee
                                                Phillip J. Lee

                                          Attorneys for Defendant
                                          True Software Scandinavia, A.B.

---

[1] True Software does not request or suggest that it is appropriate to try the *True Software* and *Whitepages* cases together in a single trial.

Case No. 3:16-cv-00175-RS                -3-                              RESPONSE TO REFERRAL