UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITEPAGES, INC.,<br>   Plaintiff,<br>  v.<br>JEFFREY ISAACS, et al.,<br>   Defendants. | Case No. 16-cv-00175-RS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Defendants Greenflight Venture Corporation and Jeffrey Isaacs move for reconsideration of the July 25, 2016, order granting Whitepages, Inc. judgment on the pleadings. For the reasons explained below, the motion is denied.

Greenflight insists reverse lookup is not a longstanding business practice, but it is in fact a form of caller ID technology, which long has been prevalent. The specification notes switchboard operators identified calling parties to called parties as early as the 1960s, and caller identification technology was widely implemented by the 1980s. '698 patent at 1:19–52. The patent further details the prior art process of identifying a name from a number, and describes the principal limitation of that procedure as being directed towards cost. '698 patent at 1:53–22. At bottom, Greenflight does not disturb the conclusion that the patent targets the abstract idea of looking up information associated with a phone number—specifically, a name.

Next, Greenflight asserts the patent is directed to an inventive "bridge" that enables an Internet user to perform the prior art SS7 query ("SS7 dip") independent of the called party's telephone carrier and device. Dkt. No. 50 at 2:6–9. The result, according to Greenflight, is "a new manner of querying a CNAM database (via the Internet) which had never been practiced before." *Id.* at 4:20–21. "[U]se of the Internet," however, "does not transform an otherwise abstract idea

into patent-eligible subject matter." *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 716 (Fed. Cir. 2014). The patent, moreover, does not disclose how the internet interface is joined with the CNAM query. To the extent it does, it states "[t]he system then performs a Global Title Translation (GTT) query using its SS7 [interfacing] node." '698 patent at 2:50–52. At the same time, it describes GTT queries and GR-1188 CNAM queries as preexisting technologies. *Id.* at 1:62–2:5. In other words, the only discussion of the interfacing node's operation relates to the SS7 dip, a process Greenflight readily submits it did not invent.[1] Even assuming Greenflight invented the SS7 interfacing node, it still cannot explain how its invention redounds to anything other than using the Internet to perform the prior art CNAM query. *See Internet Patents Corp.*, 790 F.3d 1343, 1348 (Fed. Cir. 2015) (finding claim was directed to patent-ineligible abstract idea because the patent did not describe the "mechanism" it "stated to be the essential invention").

Greenflight next contends it invented a user interface for entering a phone number and displaying the resulting name, but websites and mobile phone applications routinely contain fields for inputting and displaying user data. *Cf. Id.* (describing use of Internet web page for entry of information). A user-accessible IP interface deployed in generic "HTML web or mobile phone applications" simply does not supply the requisite inventive concept.

Finally, even acknowledging plaintiff's denial that it meets the SS7 interfacing node limitation, the prior order's conclusion does not rest on the preemption analysis, as "pre-emption is not the test for determining patent-eligibility." *Rapid Litig. Mgmt. Ltd. v. CellzDirect, Inc.*, --- F.3d ---, 2016 WL 3606624, at *7 (Fed. Fir. July 5, 2016); *see also Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, 788 F.3d 1371, 1379 (Fed. Cir. 2015) ("While preemption may signal patent ineligible subject matter, the absence of complete preemption does not demonstrate patent eligibility."). The motion for reconsideration of the July 25, 2016, order is denied.

---

[1] Greenflight's opposition bolsters this interpretation, explaining CNAM information is "retrieve[d] . . . via an SS7-interfacing node," which "finds the desired CNAM information." Dkt. No. 36 at 12:21–28. Greenflight also submits "if name data originally derives from a CNAM database, SS7 compatible protocols were utilized," Countercl. ¶ 20, suggesting the limitation is met so long as the queried database contains CNAM data.

**IT IS SO ORDERED**.

Dated: August 16, 2016

_____
RICHARD SEEBORG
United States District Judge