BRYAN A. KOHM (CSB No. 233276)
bkohm@fenwick.com
RAVI R. RANGANATH (CSB No. 272981)
rranganath@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300
Facsimile:  415.281.1350

ELIZABETH HAGAN (WSBA No. 46933)
Admitted *Pro Hac Vice*
ehagan@fenwick.com
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, WA  98101
Telephone:  206.389.4510
Facsimile:  206.389.4511

Attorneys for Plaintiff-Counterdefendant
WHITEPAGES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WHITEPAGES, INC., a Delaware corporation,<br><br>    Plaintiff-Counterdefendant,<br><br>  v.<br><br>GREENFLIGHT VENTURE CORPORATION, a Florida company, and JEFFREY ISAACS, an individual,<br><br>    Defendants-Counterclaimants. | Case No.: 3:16-cv-00175-RS<br><br>**DECLARATION OF BRYAN A. KOHM IN SUPPORT OF WHITEPAGES, INC.'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date: November 3, 2016<br>Time: 1:30 PM<br>Dept: Courtroom 3, 17th Floor<br>Judge: Honorable Richard Seeborg |

KOHM DECLARATION IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES

Case No.: 3:16-cv-00175-RS

I, Bryan A. Kohm, hereby declare as follows:

1.  I am an attorney duly licensed to practice law in the state of California and am a partner with the law firm of Fenwick & West LLP, counsel for Whitepages, Inc. ("Whitepages") in the above-captioned action. I have personal knowledge of the facts set forth in this declaration, and I am competent to testify as to those facts.

2.  Attached hereto as **Exhibit 1** is a true and correct copy of an email sent from Mayur Kamat to "App Store Notices" (appstorenotices@apple.com) and Kelly Schmitt, and copying ivp@greenflightvc.com and jdi@greenflightvc.com, on August 24, 2015.

3.  Attached hereto as **Exhibit 2** is a true and correct copy of an email string containing an email sent from Ianina Petrea to appstorenotices@apple.com, Kelly Schmitt, Mayur Kamat, and jdi@greenflightvc.com, on August 28, 2015, and a reply email sent from Kelly Schmitt to appstorenotices@apple.com and copying Ianina Petrea, Mayur Kamat, and jdi@greenflight.com, on September 1, 2015.

4.  Attached hereto as **Exhibit 3** is a true and correct copy of a letter I sent to Ianina Petrea on September 11, 2015.

5.  Attached hereto as **Exhibit 4** is a true and correct copy of an email I received from Jeffrey Isaacs on September 27, 2015.

6.  Attached hereto as **Exhibit 5** is a true and correct copy of an email I sent to Mr. Isaacs, copying Ianina Petrea (ivp@greenflight.com), on September 29, 2015.

7.  Attached hereto as **Exhibit 6** is a true and correct copy of an email I received from Mr. Isaacs on October 9, 2015.

8.  I conducted a teleconference with Mr. Isaacs on October 23, 2015. Attached hereto as **Exhibits 7** and **8** are true and correct copies of emails between myself and Mr. Isaacs, sent on October 19, 2015 and October 21, 2015, respectively, related to this conference.

9.  Attached hereto as **Exhibit 9** is a true and correct copy of an email I received from Mr. Isaacs on December 16, 2015. Attached hereto as **Exhibit 10** is a true and correct copy of an email I sent to Mr. Isaacs in reply on December 16, 2015.

10.     Attached hereto as **Exhibit 11** is a true and correct copy of an email I received from Mr. Isaacs on December 17, 2015.

11.     Attached hereto as **Exhibit 12** is a true and correct copy of an email I received from Mr. Isaacs on January 7, 2016.

12.     Attached hereto as **Exhibit 13** is a true and correct copy of a letter I sent to Kr. Isaacs on January 11, 2016.

13.     Attached hereto as **Exhibit 14** is a true and correct copy of an email I received from Mr. Isaacs on January 12, 2016.

14.     Attached hereto as **Exhibit 15** is a true and correct copy of an email I received from Mr. Isaacs on January 12, 2016.

15.     Attached hereto as **Exhibit 16** is a true and correct copy of an email I sent to Mr. Isaacs on January 13, 2016.

16.     Attached hereto as **Exhibit 17** is a true and correct copy of the Complaint by Greenflight Venture Corporation against Whitepages, Inc., True Software Scandinavia A.B., and Alex Algard, filed on January 14, 2016 in the United States District Court for the Southern District of Florida, in Case No. 9:16-CV-80079-RLR ("the Florida action").

17.     Attached hereto as **Exhibit 18** is a true and correct copy of an email I sent to David A. Greene on January 15, 2016.

18.     Attached hereto as **Exhibit 19** is a true and correct copy of an email string containing an email I received from Mr. Isaacs on January 15, 2016, and an email I sent to Mr. Isaacs in reply on January 19, 2016.

19.     Attached hereto as **Exhibit 20** is a true and correct copy of an email I received from Mr. Isaacs on January 19, 2016.

20.     Attached hereto as **Exhibit 21** is a true and correct copy of an email I received from Mr. Isaacs on January 19, 2016.

21.     Attached hereto as **Exhibit 22** is a true and correct copy of an email string containing emails between Mr. Isaacs and me dated January 19, 2016 and January 20, 2016.

22. Attached hereto as **Exhibit 23** is a true and correct copy of an email and an attachment to it that I received from Ianina Petrea on January 20, 2016.

23. Attached hereto as **Exhibit 24** is a true and correct copy of an email I received from Mr. Isaacs on January 20, 2016.

24. Attached hereto as **Exhibit 25** is a true and correct copy of an email I received from Mr. Isaacs on January 21, 2016.

25. Attached hereto as **Exhibit 26** is a true and correct copy of an email string containing emails between Mr. Isaacs and me on January 21, 2016.

26. Attached hereto as **Exhibit 27** is a true and correct copy of an email I received from Mr. Isaacs on January 21, 2016.

27. Attached hereto as **Exhibit 28** is a true and correct copy of an email I received from Mr. Isaacs on January 21, 2016.

28. Attached hereto as **Exhibit 29** is a true and correct copy of an email I sent to David Greene on January 21, 2016.

29. Attached hereto as **Exhibit 30** is a true and correct copy of an email string, containing emails between me and David Greene and James Doroshow, on January 21, 22, and 27, 2016.

30. Attached hereto as **Exhibit 31** is a true and correct copy of Greenflight Venture Corporation's 2015 Florida Profit Corporation Annual Report, filed with the Florida Secretary of State on March 14, 2015.

31. Attached hereto as **Exhibit 32** is a true and correct copy of Greenflight Venture Corporation's 2016 Florida Profit Corporation Annual Report, filed with the Florida Secretary of State on January 16, 2015.

32. Attached hereto as **Exhibit 33** is a true and correct copy of the Palm Beach Country Property Appraiser record for 10312 Orchid Reserve Drive, West Palm Beach, Florida, available at http://www.co.palm-beach.fl.us/papa/Asps/PropertyDetail/PropertyDetail.aspx?parcel=74414236050090010&srchtype=ADV&owner=&streetno=10312&prefix=&streetname=Orchid%20Reserve&suffix=DR&postdir=&unitno=&srchparcel=&range=&twp=&section=&boo

k=&page=&legal=&subdiv=&muni=West%20Palm%20Beach&zip=&usetype=&condo=, accessed January 22, 2016.

33. Attached hereto as **Exhibit 34** is a true and correct copy of a Return of Service Affidavit related to service of the complaint and summons in the California action on Greenflight Venture Corporation c/o Jeffrey Isaacs at 10312 Orchid Reserve Drive, West Palm Beach, FL 33412 on January 22, 2016.

34. Attached hereto as **Exhibit 35** is a true and correct copy of a Return of Service Affidavit related to service of the complaint and summons in the California action on Jeffrey Isaacs at 10312 Orchid Reserve Drive, West Palm Beach, FL 33412 on January 22 and January 26, 2016.

35. Attached hereto as **Exhibit 36** is a true and correct copy of a Return of Service Affidavit related to service of the complaint and summons in the California action on Ianina Petrea at 10312 Orchid Reserve Drive, West Palm Beach, FL 33412 on January 22 and January 26, 2016.

36. Attached hereto as **Exhibit 37** is a true and correct copy of an email and its attachments I received from Mr. Isaacs on February 4, 2016.

37. Attached hereto as **Exhibit 38** is a true and correct copy of the Notice Regarding Extension to Respond to Complaint and Attachments A and B to that Notice, filed by Whitepages in the Florida action on February 5, 2016. Attachment B to that Notice is a true and correct copy of an email I received from Jeffrey Isaacs on February 4, 2016.

38. Attached hereto as **Exhibit 39** is a true and correct copy of a stipulation and agreement between Greenflight Venture Corporation, Mr. Isaacs, Ms. Petrea, and Whitepages, executed on March 4, 2016 by Alexandra McTague on behalf of Greenflight Venture Corporation, Mr. Isaacs, and Ms. Petrea, and by me on behalf of Whitepages.

39. Attached hereto as **Exhibit 40** is a true and correct copy of an email I sent to Alexandra McTague on May 10, 2016, forwarding an email string addressed to Apple and sent by Mr. Isaacs to Mr. Algard on May 10, 2016.

40. Attached hereto as **Exhibit 41** is a true and correct excerpt from the transcript of the hearing on Whitepages' motion for judgment on the pleadings, held July 7, 2016 in this Court (Dkt. No. 45).

41. Attached hereto as **Exhibit 42** is a true and correct copy of an email string between Ravi Ranganath and counsel for Greenflight, Constance F. Ramos, containing emails sent on September 2, 2016 and September 7, 2016.

42. Attached hereto as **Exhibit 43** is a true and correct copy of an email from Elizabeth Hagan to counsel for Greenflight (Aldo Badini, James Lin, and Constance Ramos), and copying Mr. Ranganath and me, sent on September 21, 2016.

43. Attached hereto as **Exhibit 44** is a true and correct copy of an email I sent to Mr. Badini, Dr. Ramos, Mr. Lin, and Mr. Ranganath and Dr. Hagan, on September 16, 2016.

44. Attached hereto as **Exhibit 45** is a true and correct copy of an email I received from Mr. Badini on September 16, 2016.

### Whitepages' Legal Team and Hourly Rates

45. Whitepages has incurred and seeks in this motion to recover $219,311.50 in attorneys' fees.

46. During the past year, since Greenflight began threatening litigation, I have led a core team of Fenwick attorneys and paralegal staff on this matter. In addition to representing Whitepages in its pre-litigation correspondence with both Greenflight and Apple, Fenwick's team of attorneys has prepared briefs related to jurisdiction and service; written objections and responses to interrogatories, requests for production, and requests for admission; a motion for judgment on the pleadings based on Section 101 invalidity and the reply thereto; and an opposition to Greenflight's motion for reconsideration of the order on that motion. Fenwick attorneys prepared written submissions and conferred with opposing counsel in advance of the scheduling conference set in this case, and prepared for and attended the hearing on the motion for judgment on the pleadings.

47. As detailed below, the hourly rates charged by the attorneys who worked on this matter are consistent with the prevailing market rates for attorneys with comparable skill, qualifications, experience and reputations.

48. The hourly rates charged by Fenwick's paralegal and IT support staff are also consistent with the prevailing market rates for paralegals and IT support staff with comparable skill, qualifications and experience. Work done on the case was assigned to team members of appropriate seniority. The labor of these individuals contributed to the final attorney work product billed to Whitepages and was necessary to the case. All fees sought in this motion were billed to and paid by Whitepages.

49. The attorneys and paralegals who performed significant work on this matter are:

    a. **Bryan A. Kohm:** I am a partner at Fenwick & West LLP and represent high technology and life science companies in patent litigation and in litigation involving other types of intellectual property. I graduated from Santa Clara University School of Law in 2004. I have been a member of the State Bar of California in good standing since 2004. I have over 12 years' experience representing technology clients in patent litigation matters. I have represented clients in jury trials, arbitrations, and proceedings before the International Trade Commission. I have been named a "Rising Star" in the area of IP Litigation by *Northern California Super Lawyers* in 2013 and 2014, and am currently co-chair of the American Bar Association's Committee on Intellectual Property Litigation. Excluding activity related to the Florida action, I worked a total of 83.2 hours on this matter, for a total of $55,591.50 in fees. My rate on this matter was $645–$670 per hour for all work performed.

    b. **Ravi R. Ranganath:** Mr. Ranganath is a senior litigation associate at Fenwick & West LLP. He focuses his practice on litigation and patent litigation matters for high technology and life sciences-based clients. He graduated from the University of California, Hastings College of the Law, *magna cum laude*, in 2010 and has been a member in good standing of the State Bar of California since 2010. Prior to law school, Mr. Ranganath was a senior analyst at Cornerstone Research, a litigation consulting firm. Excluding activity related to the Florida

1  action, Mr. Ranganath worked a total of 121.4 hours on this matter, for a total of $74,661.00 in

2  fees.  His rate on this matter was $615 per hour for all work performed.

3      c. **Elizabeth B. Hagan:**  Dr. Hagan is a litigation associate at Fenwick &

4  West LLP.  Her practice focuses on patent litigation and intellectual property litigation matters for

5  clients in the life sciences and technology industries.  She graduated from the University of

6  Washington School of Law in 2013, and has been a member in good standing of the Washington

7  State Bar since 2013.  Dr. Hagan earned her Ph.D. in Biology & Medicine from Brown

8  University in 2009.  Excluding activity related to the Florida action, Dr. Hagan worked a total of

9  172.7 hours on this matter, for a total of $84,623.00 in fees.  Her rate on this matter was $490 per

10 hour for all work performed.

11     d. **Fenwick Paralegals:**  Fenwick & West paralegal Carol McCoy assisted

12 with filing preparation.  Ms. McCoy has 15 years' experience as a litigation paralegal.  Excluding

13 activity related to the Florida action, Ms. McCoy worked a total of 15.2 hours on this matter, for a

14 total of $4,256.00 in fees.  Her rate on this matter was $280 per hour for all work performed.

## REASONABLENESS OF FENWICK'S HOURLY RATES

16   50. Fenwick provides comprehensive legal services to national and international

17 technology and life sciences companies.  Fenwick has over 250 attorneys practicing in offices in

18 Mountain View and San Francisco, California, in Seattle, Washington, in Williston, Vermont, in

19 Boise, Idaho, and in Shanghai, China.  Fenwick has been nationally recognized for its handling

20 of, among other things, intellectual property litigation.  For example, in the last several years

21 Fenwick was:

- Ranked Tier 1 nationally by U.S. News & World Report for Intellectual Property Litigation and Patent Litigation;
- Named Technology Group of the Year in 2013, 2014, and 2015 by Law360; and
- Named to *The National Law Journal*'s "Intellectual Property Hot List" in 2013, 2014, and 2015 for outstanding patent, copyright, trademark and IP litigation services.

1  51.  The hourly rates charged by Fenwick for its attorneys and other professionals are
2  set so as to be comparable to and competitive with rates generally charged by other full-service
3  law firms in the markets in which Fenwick practices, including Northern District of California,
4  for attorneys and other professionals of similar experience and expertise the intellectual property
5  law.

6  52.  The American Intellectual Property Law Association conducts an annual economic
7  survey, including a survey of individual billing rates for representative IP law services, which I
8  have reviewed. Attached hereto as **Exhibit 46** is a true and correct copy of an excerpt of
9  AIPLA's Report of the Economic Survey 2015, the most recent survey available. Data from the
10 2015 Survey shows that Fenwick rates charged are comparable to the average hourly billing rates
11 for private law firms in the San Francisco consolidated metropolitan statistical area, including
12 Mountain View, California, where Fenwick's principal office is located. According to the
13 Survey, in 2014, the average hourly billing rate for partners was $651, the median rate was $530,
14 and the rate for the third quartile was $863. With respect to associates, the average hourly billing
15 rate in 2014 was $463, the median rate was $425, and the rate for the third quartile was $575.

16 53.  A 2014 article published by the National Law Journal, attached hereto as **Exhibit**
17 **47**, entitled "$1,000 Per Hour Isn't Rare Anymore," demonstrates that the rates charged by
18 Fenwick partners is comparable to or lower than the rates charged by partners at other firms for
19 patent litigation. Explaining that "bet-the-company patent litigation and white-collar litigation"
20 are the practice areas that have remained at "premium prices," the article goes on to explain that it
21 is no longer unusual for partners practicing in these fields to charge $1,000 or more per hour.

22 54.  Additionally, the National Law Journal conducts a survey of billing rates of the
23 nation's largest 250 law firms, which I have reviewed. Data from the survey published on
24 January 5, 2015 shows that the Fenwick rates charged to Whitepages are comparable to a number
25 of prominent national firms with significant IP litigation practices and offices in the San
26 Francisco combined metropolitan statistical area:

| Firm Name | Partner High | Partner Low | Partner Average | Associate High | Associate Low |
|---|---|---|---|---|---|
| Cooley LLP | $990 | $660 | $820 | $640 | $335 |
| Wilmer Cutler Pickering Hale and Door LLP | $1,250 | $735 | $905 | $695 | $75 |
| Morrison & Foerster | $1,195 | $595 | $865 | $725 | $230 |
| O'Melveny & Myers | $950 | $615 | $715 | n/a | n/a |

**REASONABLENESS OF FEES INCURRED**

55.     In the regular course of business, Fenwick's attorneys, paralegals, IT, and library staff keep detailed, contemporaneous time records for all time billed to client matters handled by the firm. Attorneys and paralegals record their time to the nearest tenth of an hour in an electronic time record system. Each timekeeper also identifies the general category of work performed from a pre-set list of task-based categories (e.g., "Written Discovery (including Subpoenas)," "Post-Trial Motions and Submissions (e.g., JMOL motions)," "Summary Judgment"), and then adds a more detailed explanation of the work performed. Fenwick's electronic time record system, common among law firms of Fenwick's size, enables Fenwick to track all fees incurred by Fenwick on behalf of its clients, and further allows for generation of monthly invoices detailing the hours worked on a particular matter, the nature of the work performed and the fees incurred for that work.

56.     On a monthly basis, a preliminary invoice is generated from the computerized records described above. These preliminary invoices are reviewed for accuracy by the partner responsible for billing the client. Any edits are incorporated into a final monthly invoice which is sent to the client. For this matter, I reviewed the preliminary invoices and approved each of the final monthly invoices sent by Fenwick to Whitepages for payment.

57.     Due to the nature of this case, I present the services rendered by Fenwick attorneys and other billing personnel on this case whose service fees are being claimed in relation to three

discrete time periods, summarized below.  Fees related to the Florida action are not being claimed, and so are not included.  The fees requested are:

      a.  Presuit:  Greenflight's Apple complaint to filing of suit, 8/28/2015–1/10/2016:  $6,212.50

      b.  Preservice: Filing of suit to Stipulation to proceed in California, 1/11/2016–3/4/2016:  $34,320.50

      c.  Stipulation to proceed in California to present, 3/5/2016–9/16/2016:  $147,387.00

58. **(A) Presuit: Greenflight's Apple complaint to filing of suit, 8/28/2015–1/10/2016 ($6,212.50).**  The dollar value of time spent from receipt of Greenflight's complaint to Apple until just prior to filing the Complaint in the instant action, by Fenwick attorneys and other personnel whose time was billed to Whitepages for this matter, is summarized in the table below:

| Timekeeper Name | Title | Hours Worked | Amount Billed | Billing Rate |
|---|---|---|---|---|
| **Bryan A. Kohm** | Partner | 9.5 | $6,212.50 | $645–$670 |

59. **(B) Preservice: Filing of suit to Stipulation to proceed in California, 1/11/2016–3/4/2016 ($34,320.50).**  The dollar value of time spent from filing the Complaint in the nstant action until Whitepages agreed to proceed in California, by Fenwick attorneys and other personnel whose time was billed to Whitepages for this matter, is summarized in the table below.  This table does not contain any time or fees related to the Florida action, including fees Whitepages' attorneys incurred in preparing and filing the motion to dismiss or transfer:

| Timekeeper Name | Title | Hours Worked | Amount Billed | Billing Rate |
|---|---|---|---|---|
| **Bryan A. Kohm** | Partner | 18.0 | $12,060.00 | $670 |
| **Ravi R. Ranganath** | Associate | 5.5 | $3,382.50 | $615 |
| **Elizabeth B. Hagan** | Associate | 38.3 | $18,767.00 | $490 |
| **Support Staff** | IT and library staff | 0.4 | $111.00 | $210–$345 |

60. **(C) Stipulation to proceed in California to Present**, **3/5/2016–9/16/2016 ($178,778.50)**.  The dollar value of time spent from March 5, 2016 until September 16, 2016, by

Fenwick attorneys and other personnel whose time was billed to Whitepages for this matter, is summarized in the table below:

| Timekeeper Name | Title | Hours Worked | Amount Billed | Billing Rate |
|---|---|---|---|---|
| **Bryan A. Kohm** | Partner | 55.7 | $37,319.00 | $670 |
| **Ravi R. Ranganath** | Associate | 115.9 | $71,278.50 | $615 |
| **Elizabeth B. Hagan** | Associate | 134.4 | $65,856.00 | $490 |
| **Carol McCoy** | Paralegal | 15.2 | $4,256.00 | $280 |
| **Support Staff** | IT staff | 0.2 | $69.00 | $345 |

61. Whitepages and Fenwick have an agreement that fees paid by Whitepages in correlation to the instant motion for attorneys' fees will be $50,000 or $75,000, depending on the circumstances. Of the fees incurred and accounted for through September 16, 2016, $35,299.50 were accrued in relation to the instant motion for attorneys' fees.

62. Since Winston & Strawn's representation of Greenflight began in this matter, Fenwick attorneys and other billing personnel rendered services totaling 359.4 hours and a monetary value of $199,043.50. This accounts for time between February 5, 2016 and September 16, 2016, but excludes any time spent in relation to the Florida action.

63. Whitepages reserves the right to update this amount for time spent by Fenwick billing personnel through conclusion of the present proceedings should Whitepages incur such fees. Any additional hours not yet accounted for, including hours after September 16, 2016, will be accounted for in a final accounting.

64. Overall, Fenwick attorneys and other billing personnel on this case whose time was billed to Whitepages for this matter, excluding time spent in relation to the Florida action, rendered services totaling 393.1 hours and a corresponding monetary value of $219,311.50, as of September 16, 2016.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Plano, Texas, this 21st day of September, 2016.

*/s/ Bryan A. Kohm*
Bryan A. Kohm