# EXHIBIT 2

| | |
|---|---|
| **From:** | Kelly Schmitt <kschmitt@whitepages.com> |
| **Sent:** | Tuesday, September 01, 2015 9:25 AM |
| **To:** | appstorenotices@apple.com |
| **Cc:** | Ianina Petrea; Mayur Kamat; jdi@greenflightvc.com |
| **Subject:** | RE: Apple Inc. (our ref# APP50291) |

Hello Justin,

My name is Kelly Schmitt and I am General Counsel at Whitepages. We were a bit surprised by this email from Greenflight Ventures, which we do not believe is entirely accurate. Our patent counsel is preparing a direct response to Greenflight Ventures (Ianina Petrea and Jeffrey Isaacs) and we will be proceeding via the proper legal channels as soon as possible.

Regards,

Kelly

Kelly Schmitt, General Counsel | Whitepages, Inc. | p: 206.812.9234 | f: 206.436.5652

---

**From:** Ianina Petrea [mailto:ivp@greenflightvc.com]
**Sent:** Friday, August 28, 2015 12:56 PM
**To:** appstorenotices@apple.com; Kelly Schmitt ; Mayur Kamat ; jdi@greenflightvc.com
**Subject:** Re: Apple Inc. (our ref# APP50291)


Dear Justin,

We are writing to update you regarding this matter, Apple reference APP50291. We appreciate how Apple promptly addressed our concerns by reaching out to all parties involved.

Justin, we understood your email as a request for Whitepages to open dialogue with us, in lieu of escalating the issue. Alternatively, you requested that the company provide "evidence acceptable to Apple, and … documentation wherever possible" of non-infringement. Unfortunately, we have neither been contacted by Whitepages, nor have we been provided with any documentation to explain how they offer caller ID/CNAM without infringing on United States Patent 8,861,698 (the "Caller-ID app patent").

By way of background, Caller ID CNAM service has been around for at least thirty years on landline devices, and our app and patent brought this service to iPhone users as a free, carrier-independent service. CNAMs are distinct, fifteen letter name identifiers that often must truncate a caller's first or last name to fit within the protocol's fifteen-character limit. There are only a few CNAM providers nationwide that outsource availability of this data. As such, it is quite easy to recognize CNAM-sourced data with its distinct 15-character limitation. When Whitepages ID launched several weeks ago, we spotted what readily appears to be CNAM data and subsequently filed notice with iTunes.

Whitepages' response claims their caller ID uses technology "significantly different in several ways" and which follows a "different data retrieval process" than outlined in our Caller-ID app patent. Our patent references industry standard CNAM retrieval; Whitepages offers no supporting evidence of how they retrieve CNAM without using industry standards. Among the handful of CNAM outsourcing firms, all of them initially query carrier CNAM data exactly as described in our patent. Afterwards, one well-known CNAM provider does post-processing enhancement, augmenting data from other sources. Another CNAM provider caches the carrier CNAM database in its own database for cost-effectiveness. Regardless, our patent claim covers any and all CNAM protocol originated data. Put simply, our claim language broadly covers any app that offers a "function serving as an interface between the query and the carrier's respective CNAM database." Whitepages has not provided any evidence, nor have they specifically declared to Apple,

that their new app does not offer such a function.

Whitepages' also states "Whitepages technology has been implemented in its products years before the patent was even filed." Despite this vague reference to "Whitepages technology," we nonetheless believe Whitepages cannot make a good faith representation to Apple that their prior apps substantially offered a CNAM interface to iPhone users. Common sense, moreover an analysis of more than eight thousand iTunes Store user reviews, dictates that our app works fundamentally different than Whitepages' offerings prior to July 29, 2015.

We are particularly concerned how this infringement potentially affects the safety and privacy rights of iTunes users and the greater public. Our patent describes a new service that effectively operates as a public directory assistance utility. We take self-regulation of this new technology with utmost importance, and describe an opt-out privacy control system within the patent description. All licensees of our technology are required to adhere to our opt-out controls. Hence, we can offer a single opt-out point to the public from this directory assistance utility. By failing to acknowledge our intellectual property rights, specifically this privacy control, Whitepages potentially harms all users of this system and the Public Switched Telephone Network (PSTN). We have put much effort into responsibly offering our new technology, and are disappointed that Whitepages appears to be careless in its unauthorized implementation of our intellectual property.

In summary, Whitepages:

thus far has not communicated with Greenflight regarding this matter,

infringes on United States Patent 8,861,698 claim 1(c) by offering an app with a "function serving as an interface between the query and the carrier's respective CNAM database,"

seemingly misrepresented to Apple that such functionality was previously offered in its iTunes apps, and

carelessly limits our ability to self-regulate this public directory offering by rendering consumer opt-out/privacy controls ineffective.

Greenflight remains willing to work to resolve these concerns with Whitepages and is optimistic a solution exists which best serves iTunes users and the greater public. Please let us know if you need any further information, and we will keep you updated on our end.

Sincerely,

Ianina Petrea for
Greenflight Venture Corporation