# EXHIBIT 7

| | |
|---|---|
| **From:** | Bryan Kohm |
| **Sent:** | Monday, October 19, 2015 9:42 PM |
| **To:** | Jeffrey Isaacs |
| **Cc:** | Ianina Petrea |
| **Subject:** | Re: Apple Ref#App50291 |

Mr. Isaacs:

Thank you for your email.  Are you available for a teleconference on Friday, October 23?  I am available between 11am-4pm PT.

Best,
Bryan

---

**From:** Jeffrey Isaacs <jdi@greenflightvc.com>
**Date:** Friday, October 9, 2015 at 5:46 PM
**To:** Bryan Kohm <BKohm@Fenwick.com>
**Cc:** Ianina Petrea <ivp@greenflightvc.com>
**Subject:** Apple Ref#App50291

Dear Mr. Kohm,
I telephoned your office today to discuss our foregoing response to your letter dated September 30, 2015. My hope is to expedite these discussions and avoid dilatory correspondence.
In your email, you asked us to confirm your understanding that Whitepages is alleged to infringe upon claim 1(c) of Patent No. 8,861,698. In our letter to iTunes Legal, Greenflight cites its belief that ID by Whitepages, the accused, offers as function serving as an interface between the query and the carrier's respective CNAM database. This function is element C of '698 Independent Claim #1. To eliminate any ambiguity, it was implied that the remainder of Claim #1's elements were also implemented by the accused. We viewed the other elements, such as a phone number entry UI, as trivial, and did not argue these points to Apple.
With regards to the other '698 claims, Greenflight asserts that ID by Whitepages infringes upon both independent claims, namely the system described in Claim 1 and the method described in Claim 5 for post-page caller name identification.
Greenflight has not evaluated whether or not ID by Whitepages infringes upon the dependent claims # 2, #3, #4, and #6. To clarify, our concerns regarding opt-out IP did not relate directly to any other patent, or specifically to '698 Claim #4, but rather, the public interest concerns against allowing a plethora of infringers to operate Post-Page Caller Name Services via internet applications. Any proper licensee of our invention must utilize our shared opt-out system, and preferably, offer a co-branded service. I'd be happy to discuss this with you by telephone, which may be more efficient. Essentially, imagine having to opt-out from ten "Do Not Call" registries – this is not fair to the consumer, and precisely why Greenflight feels this invention must be carefully licensed so as not to harm what could be characterized as a public good.
Greenflight hopes to resolve these matters with your client as soon as diligently possible.

Regards,
Jeffrey Isaacs