# EXHIBIT 11

| | |
|---|---|
| **From:** | Jeffrey Isaacs |
| **To:** | Bryan Kohm |
| **Cc:** | Ianina Petrea |
| **Subject:** | re Emails |
| **Date:** | Thursday, December 17, 2015 3:22:25 PM |

Hi Bryan,

Thanks for the update. I will make a best effort to try to answer your question in hopes of moving discussions along. Just as a disclaimer, obviously the language of the patent takes precedent over my own annotations and explanations made during the course of correspondance with you and your client. Especially in discussing hypothetical variations of CNAM methods/systems, it could be easy to misconstrue or confuse process/system components, so the foregoing should only be viewed as a courtesy to facilitate dialogue and not a binding narrowing (or expansion) of claims.

The patent description does state that exact protocols could vary in how the CNAM data is relayed to the end user, and for example, JSON is mentioned. To give another example, I know that Neustar and some other CNAM providers use SIP to communicate with clients. As Greenflight mentioned in an earlier letter to WhitePages and Apple, some of the companies like Neustar may cache the original CNAM database, augment it, or do other operations which, to the best of our knowledge and belief, ultimately still interface (at one point in time) with the original SS7-connected CNAM database. Therefore these variations and 'improvements' would fall under the doctrine of equivalents.

You mentioned a direct connection to AT&T's database; I can't speculate exactly about a hypothetical without seeing an actual process description, but my hunch is that if, for example, a USB cable connected to AT&T's SS7-connected CNAM database, then yes, infringement would still occur without technically ever utilizing SS7, as there is still an 'interface' to the live system described in the patent, and the IO functionality remains identical. In Figure 4 of the '698 patent, JSON is used and the SS7 interface is only relevant because the CNAM database is live interfaced to it.

In the end, I might restate your summary of Greenflight's position to be that there are equivalent ways to implement the process described in '698, and to the best Greenflight's knowledge of the state of the art, and availability of NANPA CNAM data, Whitepages ID and Truecaller are marketing an infringing method/system by interfacing carrier SS7 CNAM databases (or their derivatives) with a web/smartphone app.

I hope that helps, I can try to clarify more if you'd like by phone, but at the end of the day a case-by-case analysis would need to compare the langauge of the patent to the structure of of the infringing system.

Regards,
Jeff

On Wed, Dec 16, 2015 at 8:39 PM, Bryan Kohm wrote:
> I have stated your position correctly: It is Greenlight's position that the only way to look up CNAM data is through the use of SS7 signaling, unless of course a CNAM database (such as AT&T) is contacted directly over the internet or through other direct line, and therefore any app that queries CNAM must infringe the '698 patent. Do I have this correct?