# EXHIBIT 13



555 CALIFORNIA STREET, 12TH FLOOR   SAN FRANCISCO, CA 94104
TEL 415.875.2300   FAX 415.281.1350   WWW.FENWICK.COM

January 11, 2016

BRYAN A. KOHM

EMAIL BKOHM@FENWICK.COM
Direct Dial (415) 875-2404

**VIA E-MAIL**

Jeffrey Isaacs
Greenflight Venture Corporation
10312 Orchid Reserve Drive
West Palm Beach, Florida 33412

    Re: Complaint re Whitepages ID (Apple Reference No. APP50291)

Dear Jeff:

    Thank you for taking the time to explain Greenflight Venture Corporation's ("Greenflight") basis for asserting that Whitepages, Inc. ("Whitepages") infringes U.S. Patent No. 8,861,698 ("the '698 patent"). However, as explained below, it is evident that Greenflight lacks any basis whatsoever to allege that Whitepages infringes the '698 patent. Not only has Greenflight failed to conduct a reasonable investigation into the operation of the Whitepages ID app, Greenflight advances an interpretation of the claims of the '698 patent that is barred as a matter of law. But Greenflight nevertheless has made false and misleading statements to Apple regarding the Whitepages ID app and Greenflight's intellectual property rights for the purpose of interfering with Whitepages' business and relationship with Apple, all in an effort to solicit either an unwarranted license or business relationship with Whitepages.

    Please be advised that this conduct constitutes at least trade libel, libel, and unfair competition. In the event that Apple removes the Whitepages ID app from the App Store, this conduct would also support claims of intentional interference with contractual relations and intentional interference with prospective economic advantage. In addition to Greenflight's liability, your and Ms. Petrea's personal involvement in this conduct renders both of you personally liable for these tortious acts. Whitepages demands that you provide notice to Apple no later than **5 p.m. Pacific Time on January 14, 2016** that Greenflight has withdrawn its claim against Whitepages. Provided that Greenflight does so, and covenants to not again assert its meritless claims against Whitepages, Whitepages will not proceed further with its claims against Greenflight, Ms. Petrea or you.

Jeffrey Isaacs
January 11, 2016
Page 2

### Greenflight's False Statements and Bad Faith Assertion of Objectively Baseless Claims of Infringement

In the submission to Apple dated August 22, 2015, Greenflight stated that "Whitepages substantially duplicates [Greenflight's] CNAM based query system." Greenflight subsequently elaborated, in an email dated August 28, 2015, that Whitepages ID "infringes on United States Patent 8,861,698 claim 1(c) by offering an app with a 'function serving as an interface between the query and the carrier's respective CNAM database.'" In the same email, Greenflight asserted that it maintains intellectual property rights, which are alleged to be infringed by Whitepages, in a "privacy control" system with opt-out controls.

In a letter dated September 11, 2015 to Ianina Petrea, I requested, among other things, identification of Greenflight's intellectual property rights in a "privacy control" system. In response, you emailed me on October 9 and stated that the intellectual property rights did not relate to a patent. During our call on October 23, you confirmed that Greenflight does not possess any patents or any other intellectual property rights in a "privacy control" system. Instead, you stated that Greenflight merely believes that there is a public interest in privacy and Greenflight requires is partners to implement certain privacy controls. As such, no dispute exists that Greenflight's statement to Apple that it possesses intellectual property rights in a "privacy control" system was false. Likewise, the statement that Whitepages infringed on such intellectual property rights was false. Greenflight's false statements to Apple for the purpose of interfering with Whitepages' relationship and business with Apple, as well as to tarnish Whitepages' goodwill, give rise to various tort claims.

Beyond its admitted false statements to Apple, Greenflight's patent assertion is objectively baseless and made in bad faith. The bad faith nature of Greenflight's claim is highlighted by its admission that it failed to conduct a reasonable investigation into the operation of the Whitepages ID app. In the email to Apple dated August 28, Greenflight asserts that the Whitepages ID app infringes limitation 1(c) of the '698 patent. In response to my request regarding clarification of Greenflight's position, you stated by email dated October 9 that the "remainder of Claim #1's elements were also implemented" by the Whitepages ID app, but that you "viewed the other elements...as trivial."

During our teleconference on October 23, I asked you to explain Greenflight's basis for asserting that Whitepages meets limitation 1(b), which requires "an SS7 interfacing node permitting real-time access to the SS7 network." '698 patent, 4:48-49. You explained that the "SS7 interfacing node" is any node that employs SS7 protocols to call data from a CNAM database and that any means of retrieving data from a CNAM database through SS7 calls would meet this limitation. You stated that Greenflight assumed the Whitepages ID app must operate in this manner. You contrasted this approach from one where a system is connected to a CNAM database (you gave the example of AT&T) through a direct connection.

In your email dated December 17, Greenflight expanded its interpretation of limitation 1(b). Specifically, Greenflight now asserts that SS7 protocols need not even be used, and that

Jeffrey Isaacs
January 11, 2016
Page 3

any form of connection to a CNAM database meets limitation 1(b) under the doctrine of equivalents. But this position is legally precluded on numerous grounds. For example, Greenflight's position is barred because it would vitiate the claim limitation. *See Asyst Techs., Inc. v. Emtrak, Inc.,* 402 F.3d 1188, 1195 (Fed. Cir. 2005) ("[T]he 'all elements rule' provides that the doctrine of equivalents does not apply if applying the doctrine would vitiate an entire claim limitation."). Greenflight now asserts that limitation 1(b) only requires some means of interfacing between the app and CNAM database, but limitation 1(c) covers a function serving as an interface between the called party's query (which would originate from the app) and the CNAM database. '698 patent at 4:50-52. As such, Greenflight's attempt to use the doctrine of equivalents to argue that limitation 1(b) does not require an SS7 node, which as you previously admitted employs SS7 protocols, would vitiate the limitation, and therefore is precluded as a matter of law.

      Greenflight's theory is similarly barred under the doctrine of prosecution history estoppel. In response to an office action rejecting the claims of the '698 patent, Greenflight distinguished the prior art on the ground that it lacked disclosure of directly interfacing with the SS7 network.[1] Applicant's Response dated August 17, 2014, p. 7. The Examiner subsequently allowed the claims. In light of this distinction, the doctrine of prosecution history estoppel bars Greenflight from using the doctrine of equivalents to assert that limitation 1(b) is not limited to an SS7 node.

      The Whitepages ID app does not include an SS7 interface node, nor does it even employ SS7 protocols in any manner to call data from a CNAM database. Therefore, there is no conceivable basis for Greenflight to assert that the Whitepages ID app infringes the '698 patent.[2] Indeed, Greenflight's failure to conduct a reasonable investigation and attempt to advance legally barred interpretations of the patent in order to accommodate its inadequate investigation demonstrates the bad faith nature of Greenflight's conduct.

      Given that Greenflight's claims are objectively baseless and asserted in bad faith, Greenflight's false and misleading statements to Apple in an attempt to have the Whitepages ID app removed from iTunes gives rise at least to claims of trade libel, libel, and unfair competition. As noted above, if Apple removes the Whitepages ID app from the App Store, this conduct would also support claims of intentional interference with contractual relations and intentional interference with prospective economic advantage.

********

      Again, please provide notice to Apple, copying me, no later than **5 p.m. Pacific Time on January 14, 2016** that Greenflight has withdrawn its claim against Whitepages. If Greenflight instead continues its unlawful campaign, Whitepages will proceed with its claims and pursue all

---

[1] The grounds provided in this letter demonstrating that Greenflight's interpretation is precluded as a matter of law are not intended to be exhaustive.

[2] The grounds for non-infringement listed in this letter are not exhaustive.

Jeffrey Isaacs
January 11, 2016
Page 4

remedies available to it.

        Sincerely,

        FENWICK & WEST LLP

        Bryan A. Kohm