# EXHIBIT 16

**From:**          Bryan Kohm
**Sent:**          Wednesday, January 13, 2016 4:58 PM
**To:**            Jeffrey D. Isaacs
**Subject:**       Re: Whitepages

Jeffrey,

As you know, I represent Whitepages with respect to this matter.  Accordingly, please direct all future communications concerning this matter to me.  I assure you that copying Whitepages' executives on emails is not a productive exercise.

Whitepages is agreeable to your requested extension to respond my letter dated January 11, 2016, assuming you still request such an extension, which is a bit unclear given the email traffic of yesterday and today.  If you desire the extension, Whitepages will refrain from further pursuing its claims during this time provided that you and Greenflight move forward in good faith to respond to my letter.

I am confused by your statement that Whitepages refuses to speak to Greenflight.  You have raised a legal issue and I am the attorney for Whitepages handling the matter.  You and I have had both written and telephonic discussions.

I am also confused by your statements regarding the recording of a telephone conversation.  Nothing in my letter suggests that any conversation was recorded.  Further, I do not understand what you mean by an "off-record" conversation.  You and I had a conversation and I responded to portions of it in my letter.  It is not clear to me what aspect of this you find to be objectionable.

With respect to your statement that Whitepages has not provided any evidence that your patent is not infringed, you appear to have a misunderstanding of the law.  Before a party accuses another of infringement, that party must have a reasonable and good faith belief that infringement exists.  Accordingly, before you and Greenflight accused Whitepages of infringement, you were required to possess a reasonable basis to believe that Whitepages practices each and every limitation of any asserted claim.  As I set forth in my letter dated January 11, you and Greenflight lacked such a reasonable basis to assert infringement.  Nevertheless, Whitepages has explained to you why it does not infringe the '698 patent.  To the extent that you have a response to Whitepages' position, we will gladly consider it.  But the ball is your court.

I do not believe it would be productive to respond to the other issues raised by the recent email traffic, but please note that Whitepages reserves all rights.

Best,
Bryan

**From:** <jeffreydi@gmail.com> on behalf of "Jeffrey D. Isaacs" <jeffrey.isaacs.wg03@wharton.upenn.edu>
**Date:** Tuesday, January 12, 2016 at 1:19 AM
**To:** Bryan Kohm <BKohm@Fenwick.com>
**Subject:** Re: Whitepages

Bryan,

First, you reference a conversation that we had agreed was verbal off-record and informal, and I never gave you permission to record it in anyway. Please issue a statement rescinding any reliance on our informal discussions, or I will have to report this matter to the California bar. Obviously a seasoned patent law firm could obfuscate issues, such as "interfacing node" by claiming various different contexts used in verbal conversation . I expect better of Fenwick and , again, request your confirmation that you did not illegally record our telephone call.

I'm travelling in Singapore for an old classmate's wedding, so I would like to know if you and your client agree to extend your deadline by an extra 14 days for me to look into your claims (minus the claims pertaining to our telephone call).

As I did mention on the telephone call, we thought Whitepages would be interested in obtaining rights to the patent to 1) protect the careers of its 100+ employees, and 2) continue its 20 year industry dominance. Basically, we saw it as an opportunity for your client to 'clean up' their product offering and contribute to the public interest in terms of the privacy opt-out rights. Again, your letter seems to misconstrue our opt-out 'claims' , and we request a conference call with your client before your deadline to discuss this matter and avoid unnecessary litigation and costs to the federal legal system.

Please let me know regarding 1) the deadline extension I requested, and 2) whether your client accepts or requests our third request for a discussion . Please be reminded that a direct discussions is required by Apple's terms and conditions, and to date your client has refused to speak to us and has refused to provide any evidence that the patent is not infringed. As you know, patents are presumed valid and we have given Whitepages 4 months to respond with evidence supporting their belief.


Best regards,
Jeffrey Isaacs

On Tue, Jan 12, 2016 at 9:52 AM, Bryan Kohm <BKohm@fenwick.com> wrote:
Jeffrey,

 Please see the attached letter.

 Best,
 Bryan

Bryan Kohm
Fenwick & West LLP
Tel. 415.875.2404
Fax. 415.281.1350