# EXHIBIT 23

| | |
|---|---|
| **From:** | Ianina Petrea |
| **To:** | appstorenotices@apple.com; kschmitt@whitepages.com; mayur@whitepages.com; bmoore@whitepages.com; algard@whitepages.com |
| **Cc:** | Jeffrey Isaacs; Bryan Kohm; george.f.baker@greenflightvc.com |
| **Subject:** | Re: Apple Inc. (our ref# APP50291) |
| **Date:** | Wednesday, January 20, 2016 11:11:32 AM |
| **Attachments:** | AppStoreJanGFVC.pdf<br>ATT00001.txt<br>2016 01 11 Kohm Ltr to Isaacs.pdf<br>CAND.pdf<br>SDFL.PDF |

Dear Apple,

Please see attached, regarding APP50291 which unfortunately has not been resolved.

Regards,

Ianina

# Greenflight Venture Corporation

10312 Orchid Reserve Drive
West Palm Beach, FL 33412
+1 212 257 0737

January 21, 2016

To: Apple Legal – Apple Reference APP50291
1 Infinite Loop
Cupertino, CA 95014

Dear Apple Legal,

On August 22, 2015, Greenflight Venture Corp, which operates Caller-ID on the App Store, filed a patent infringement complaint against "ID by Whitepages". Greenflight stated we would be filing for injunctive relief and damages if the app was not taken down immediately. Apple promptly followed up with notice to Whitepages, Inc, requesting it produce "evidence acceptable to Apple," and "documentation wherever possible." Whitepages was notified that failure to take steps toward resolving the dispute constitutes a violation of the App Store Review Guidelines and/or the iOS Developer Program License Agreement. Apple requested that Whitepages "keep Apple apprised of [its] progress."

Whitepages last sent an update to Apple five months ago, September 1, 2015, when their General Counsel indicated they were in the process of retaining IP counsel. Apple Legal diligently requested updates on September 25, October 8, November 16, December 4, and finally, December 12, 2015. During these five months, Greenflight had one telephone call with Whitepages IP Counsel, Mr. Bryan Kohm. Greenflight requested a meeting with Whitepages to discuss patent licensing, to which Kohm replied that he would relay the request to his client. At no point did Kohm, or Whitepages, provide evidence or documentation of non-infringement. After Apple Legal's sixth status update request, Greenflight transmitted a note to Whitepages mentioning surprise that Whitepages ignored correspondence from Apple Legal. Greenflight again offered to meet with Whitepages in the Seattle area.

On January 11, 2016, Whitepages filed a federal lawsuit against Greenflight, Ianina Petrea, and patent inventor Jeffrey Isaacs, claiming that we caused "damage to [Whitepages] relationship with Apple" in excess of $75,000. Whitepages asserts that should Apple pull "ID by Whitepages" from the App Store, Greenflight would be liable for intentional interference with contractual relations.

We are proud to be part of the Apple Developer Program community, and are fortunate for the opportunity to participate in the great success of the App Store. We deferred litigation in August, with full faith and confidence that a fellow Developer Program member would strive towards a fair resolution. Whitepages' claim that we never sought evidence of infringement could not be further

from the truth; we have patiently been waiting for Whitepages to produce documentation and "evidence acceptable to Apple."

We believe Whitepages now attempts to mislead regarding infringement of the second element of the first '698 patent claim, specifically, an "SS7 interfacing node." As we mentioned back in August, SS7 CNAM is a 1970s technology which has a characteristic 15-character limit. We have conducted tests of "ID by Whitepages" which show it frequently returns the exact same result as SS7 CNAM, and is indeed limited to 15-characters. We are not aware of any other technology that covers five hundred million phone numbers with 15-character identifiers, and certainly Whitepages has not provided any evidence of such.

It is believed ID by Whitepages outsources the SS7 interfacing node, as does Caller-ID. Hence, we believe it is misleading in suggest that "ID by Whitepages" does not employ an SS7 interfacing node. An app doesn't have a node; it is outsourced via API. It is worth noting that if "ID by Whitepages" did not use SS7, it would be the third reverse lookup app offered by Whitepages, Inc, under three different App Store categories, which in and of itself might violate App Store policies. Common sense dictates that Whitepages introduced an SS7 CNAM product to compete with Caller-ID, which had quite different underlying data than their other two apps, "Reverse Phone Search" and "Whitepages". Through the App Review process, we respectfully submit that Apple could settle this controversy and save the courts/taxpayer considerable resources by simply requesting Whitepages produce its SS7 CNAM licensing agreement.

Greenflight was founded to develop triple-bottom-line sustainable products; it was only by chance we realized a technology that could disrupt the excessive profits the telephone directory industry had previously earned. This dispute concerns how hundreds of millions of Americans go about a routine task of looking up a phone number. We stand by our August letter which states that the presence of Whitepages' app harms the customer privacy opt-out ability. For all the foregoing reasons, the signers below request that, upon verification and review of Whitepages' documentation, Apple promptly remove "ID by Whitepages" from the App Store.

Sincerely,
Ianina Petrea,
Jeffrey Isaacs, on behalf of
Greenflight Venture Corporation


Attachments:
Whitepages Demand Letter dated January 11,2016
Whitepages v. Isaacs et al, United States District Court Northern California
Greenflight v. Whitepages, United States District Court Southern Florida