# EXHIBIT 27

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of Jeffrey D. Isaacs |
| **To:** | Bryan Kohm |
| **Subject:** | Re: Withdrawal of CAND claim |
| **Date:** | Thursday, January 21, 2016 12:39:26 PM |

Bryan,

On further notice, Greenflight and my position is that you and your firm are now committing a crime by threatening us not to enven ask Apple to investigate a patent matter.

I hereby instruct you to cease and desist all communication to me or Greenflight from this point forward, or the matter will be referred to appropriate authorities.

Again - CEASE AND DESIST - no further contact from you personally. We will seek escalation with Fenwick's compliance department.


On Fri, Jan 22, 2016 at 4:33 AM, Jeffrey D. Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu> wrote:
> Bryan,
>
> Are you suggesting that we tell Apple that the '698 patent doesn't exist, or moreover, that Apple Computer doesn't have the right to investigate trademark and IP violations on its own accord? Clearly, we used terminology three times in our letter yesterday asking Apple NOT to rely on our own beliefs, but rather, "documentation and evidence acceptable to Apple."
>
> Again, our letter yesterday clarified that we do not wish Apple to rely on our statements and beliefs, but to verify infringement through the App Review process. Apple has every right to do this, and in fact, Greenflight is in no position to tell Apple how to investigate App Store IP concerns.
>
> Your offer was accepted, and you must retract the libel claims, or Greenflight will take action against you personally, and Fenwick for breach of contract amongst other claims. Frankly, what you are suggesting - that Greenflight interfere with Apple's own internal investgation, smells of racketeering and I will be reporting this to the California Bar if you don't honor the contract.
>
> Please provide official confirmation that of you and Fenwick are dishonoring the contract no later than 48 hours from now. For Fenwick, I hereby request an agent other than yourself to indicate their position , or I will seek injunctive action against the firm. You've been a partner for a few months now, and my best understanding is that you're simply not used to operating such an important case independently .
>
>
> Jeffrey
>
> On Fri, Jan 22, 2016 at 4:25 AM, Bryan Kohm <BKohm@fenwick.com> wrote:
>> Jeffrey,

You have not complied with the spirit of my January 11th letter. In that letter, Whitepages offered to dismiss the California action if "you provide notice to Apple…that Greenflight has withdrawn its claim against Whitepages…and covenants to not again assert its meritless claims against Whitepages." You have done neither. In fact, your letter to Apple yesterday does precisely the opposite. You again suggest that Whitepages infringes the '698 patent and ask that Apple remove the Whitepages ID app from the App Store. Your unlawful conduct has caused Whitepages significant harm, and it will proceed with its claims against you, Ms. Petrea and Greenflight to recover its damages and to obtain a court injunction barring this unlawful conduct from continuing.

Best,
Bryan

From: <jeffreydi@gmail.com jeffreydi@gmail.com>> on behalf of "Jeffrey D. Isaacs" <jeffrey.isaacs.wg03@wharton.upenn.edu jeffrey.isaacs.wg03@wharton.upenn.edu>>
Date: Thursday, January 21, 2016 at 11:30 AM
To: Bryan Kohm BKohm@Fenwick.com>>
Subject: Withdrawal of CAND claim

Hi Bryan,

Yesterday we requested that Apple Legal obtain documentation of infringement from your client and verify , themselves, whether or not infringement of the '698 patent has occurred.

As such, we believe we have complied with the spirit of your January 11th offer to dismiss the CAND libel / trade libel claims in exchange for retraction of our demand to pull the app. We appreciate you extending the offer by a week, and deem it accepted. To clarify, we do not (and never did) seek any action adverse to your client by Apple that their own legal department did not investigate and verify.

Please provide notice that you have completed your end of the agreement, and have filed a motion to withdrawal the case without prejudice.

On a separate note, my letter yesterday merely pointed out that ;the '698 patent may be amended until October. At this point, we are not aware of any necessity to do so. Your client outsources the SS7 node, and this is covered by the claims.

Regards,

Jeffrey Isaacs