# EXHIBIT 38

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:16-CV-80079-RLR

GREENFLIGHT VENTURE CORPORATION,

          Plaintiff,

v.

WHITEPAGES, INC.,
TRUE SOFTWARE SCANDINAVIA A.B.,
and ALEX ALGARD,

          Defendants.

**NOTICE REGARDING EXTENSION TO RESPOND TO COMPLAINT**

Defendants Whitepages, Inc. and Alex Algard (together, "Whitepages Defendants") file this notice to advise the Court of certain matters related to the unopposed motion requesting a one-week extension of time to respond to the complaint (Dkt. No. 9) filed on February 4, 2016, which the Court granted this morning, February 5, 2016 (Dkt. No. 10).

As stated in the motion, Greenflight Venture Corporation's ("Greenflight") counsel, James Doroshow of Fox Rothschild, granted the Whitepages Defendants the requested extension. On January 28, 2016, Bryan Kohm of Fenwick & West, counsel for the Whitepages Defendants, and James Doroshow of Fox Rothschild, counsel for Greenflight, held a teleconference to discuss this action, as well as a first-filed action currently pending in the United States District Court for the Northern District of California. Among other things, counsel discussed the parties' anticipated responses to the complaints in each action and possible ways to avoid what may be unnecessary motion practice. To allow time for the parties to explore this possibility, and because the Whitepages Defendants were in the process of retaining Florida counsel, Greenflight's counsel

1

granted the Whitepages Defendants the courtesy of a one-week extension to respond to the complaint. Counsel held a follow up teleconference on February 2 to further discuss the actions, during which Greenflight's counsel confirmed the grant of a one-week extension. A true and correct copy of an email from Bryan Kohm to James Doroshow confirming the grant of an extension is attached hereto as **Attachment A**.

Yesterday, at approximately 10 p.m. eastern time, counsel for the Whitepages Defendants received an email from an individual, Jeffrey Isaacs, purporting to be Greenflight's CEO, stating that he had not authorized an extension of time for Whitepages to respond to the complaint. A true and correct copy of the email from Mr. Isaacs is attached hereto as **Attachment B**. Jeffrey Isaacs is not an attorney and has not appeared for Greenflight in this action.

Today, during a teleconference between the parties' counsel, Greenflight's counsel confirmed that he had granted the extension but advised that counsel's agreement to the extension resulted from a misunderstanding between Greenflight's counsel and Mr. Isaacs. Greenflight's counsel further advised that Mr. Isaacs desired the extension vacated.

The Whitepages Defendants submit that an extension would have been appropriate even if Greenflight had opposed the motion. However, if the Court advises the parties that it desires briefing on the issue of whether to vacate the granted extension, Whitepages will gladly provide any such requested briefing.

Dated: Feburary 5, 2016                                   Respectfully submitted,


                                                    By: /s/ Joshua Spector
                                                        Joshua Spector, Esq. (0584142)
                                                        jspector@pbyalaw.com
                                                        Paul Turner, Esq. (72750)
                                                        pturner@pbyalaw.com

Joey M. Lampert, Esq. (72570)
jlampert@pbyalaw.com
PERLMAN, BAJANDAS, YEVOLI &
ALBRIGHT, P.L.
283 Catalonia Avenue, Suite 200
Coral Gables, FL 33134
Telephone: (305) 377-0086
Facsimile: (305) 377-0781
*Attorneys for Defendants Whitepages, Inc.*
*and Alex Algard*

## CERTIFICATE OF SERVICE

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on February 5, 2016, per Local Rule 5.2(a).

/s/ Joshua Spector

Joshua Spector, Esq. (0584142)
jspector@pbyalaw.com
Paul Turner, Esq. (72750)
pturner@pbyalaw.com
Joey M. Lampert, Esq. (72570)
jlampert@pbyalaw.com
PERLMAN, BAJANDAS, YEVOLI &
ALBRIGHT, P.L.
283 Catalonia Avenue, Suite 200
Coral Gables, FL 33134
Telephone: (305) 377-0086
Facsimile: (305) 377-0781
*Attorneys for Defendants Whitepages, Inc.*
*and Alex Algard*

# ATTACHMENT A

Case 9:16-cv-80079-RLR Document 11-1 Entered on FLSD Docket 02/09/2016 Page 2 of 3
Case 3:16-cv-00175-RS Document 64-39 Filed 08/31/16 Page 6 of 9

Friday, February 5, 2016 at 1:07:22 PM Pacific Standard Time

**Subject:** Whitepages
**Date:** Tuesday, February 2, 2016 at 11:59:20 AM Pacific Standard Time
**From:** Bryan Kohm
**To:** Doroshow, James E.

Jim:

This will confirm that Greenflight agrees to a 1-week extension for the Whitepages defendants to respond to the complaint in Florida. We will of course grant the same courtesy to Greenflight et al. in California.

Let me know when you're ready to talk about how to handle the responses to the complaints in the two actions. In the event that Greenflight does not stipulate to proceeding in California, I suggest the following approach:

(1) Greenflight et al. file whatever motions they intend to file in the California action and we ask the Florida court to stay the Florida case as to Whitepages/Algard until the California court rules on those motions.
(2) If the California court grants Greenflight's motion(s), Whitepages would evaluate whether the ruling(s) moots any motion it would have filed in Florida. If not, Whitepages then files whatever it intends to file Florida.

The goal of this approach is avoid motion practice that may otherwise be avoided. For example, if the California court denies whatever motions Greenflight et al. file, then that case will proceed and any briefing in the Florida action is effectively mooted because the Florida court will not proceed with a duplicative action. On the other hand, if the California court grants a 1404(a) motion (as you indicated Greenflight may file), then I expect the parties could work out a resolution to Whitepages' challenge to the Florida action given that we would be litigating there anyway as a result of the transferred California action. I also don't think it makes sense to proceed with motion practice in Florida before or simultaneously with the California action because the Florida court almost certainly will refrain from ruling on at least part of Whitepages' motion until the California case decides whether that case should go forward.

I'm happy to consider another proposal, but this seems like the most orderly approach to moving forward.

Best,
Bryan


**Bryan Kohm**
Fenwick & West LLP
Tel. 415.875.2404
Fax. 415.281.1350

# ATTACHMENT B

**Friday, February 5, 2016 at 1:07:55 PM Pacific Standard Time**

**Subject:** NOTICE

**Date:** Thursday, February 4, 2016 at 6:51:32 PM Pacific Standard Time

**From:** Jeffrey D. Isaacs (sent by jeffreydi@gmail.com <jeffreydi@gmail.com>)

**To:** Bryan Kohm, Doroshow, James E., Ashley Isaacs Ganz

Fenwick:

Greenflight Venture Coporation's counsel has been changed to Winton & Strawn.

Greenflight NEVER AUTHORIZED an extension of time for Whitepages to serve a responsive pleading. Please retract or correct your USDC filing IMMEDIATELY.

Whitepages' Response is DUE February 9 2016.

Jeff Isaacs
CEO
Greenflight