# EXHIBIT 40

| | |
|---|---|
| **From:** | Bryan Kohm |
| **To:** | |
| **Subject:** | Fwd: Apple Inc. (our ref# APP50291) |
| **Date:** | Tuesday, May 10, 2016 12:25:35 PM |

Begin forwarded message:

> **From:** Bryan Kohm <BKohm@Fenwick.com>
> **Date:** May 10, 2016 at 12:10:59 PM PDT
> **To:** Alexandra McTague <AMcTague@winston.com>
> **Subject: Fwd: Apple Inc. (our ref# APP50291)**
>
> Alex - Please see below.  Whitepages spun off the ID business unit last week as Hiya.  We need to discuss how to get into into the case.  I've been out of the office nursing the flu, but I hope to be in tomorrow.  Are you available to discuss then?
>
> Also, I do see this email from Jeffrey as technically violating the agreement.  Please get him to retract the email to Apple.
>
> Thanks,
> Bryan
>
>> **From:** jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] **On Behalf Of** Jeffrey D. Isaacs
>> **Sent:** Tuesday, May 10, 2016 2:14 AM
>> **To:** Alex Algard <aalgard@whitepages.com>
>> **Subject:** Fwd: Apple Inc. (our ref# APP50291)
>>
>> Dear Apple,
>>
>> This complaint now should be registered against "Hiya, Inc", which appears to be a spin-off of Whitepages.
>>
>> Whitepages, and Hiya, together operate five(5) phone lookup apps on the App Store, and Whitepages is listed as a top gross revenue product for Apple.
>>
>> The Hiya app remains in violation of US patent law by infringing upon our '698 Patent.
>>
>> We await response from Apple as to what their final determination/action will be regarding our complaint. Our position is

that Apple is willfully infringing the patent by failing to fully execute their Apple Developer Agreement vis-a-vis IP infringement.

Regards,

Jeffrey Isaacs
CEO
Greenflight Venture Corporation

On Thu, Oct 8, 2015 at 2:52 PM, <appstorenotices@apple.com> wrote:
> Hello,
>
> **Please include APP50291 in the subject line of any future correspondence on this matter.**
>
> Thank you for confirming that you are communicating directly with each other to resolve this matter.  Please keep us apprised of your progress.
>
> Sincerely,
>
> James
>
>   iTunes Legal  Apple  1 Infinite Loop  Cupertino  CA  95014
>  mailto:AppStoreNotices@apple.com
> The information in this e-mail and any attachment(s) is intended solely for the personal and confidential use of the designated recipients.  This message may be an attorney-client communication protected by privilege.  If you are not the intended recipient, you may not review, use, copy, forward, or otherwise disseminate this message.  Please notify us of the transmission error by reply e-mail and delete all copies of the message and any attachment(s) from your systems.  The use of the sender's name in this message is not intended as an electronic signature under any applicable law.  Thank you.
>
>
>
>
> >
> >
> _____
> >
> > On Oct 1, 2015 at 5:20 PM, ivp@greenflightvc.com wrote:
> >

> Thank you for checking in, Nicole.
>
> We've recently started discussion with Whitepages' IP counsel. We will update you in 3-4 weeks, or as soon as any resolution is reached.
>
> Sincerely,
>
> Ianina Petrea
>
>
>
 _____

>
> On Sep 25, 2015 at 3:11 PM, appstorenotices@apple.com wrote:
>
> Hello,
>
> **Please include APP50291 in the subject line of any future correspondence on this matter.**
>
> According to our records, this matter is unresolved at this time. Please update us on the status of your communications regarding the following app:
>
> Developer: WhitePages.com
> Provider: WhitePages.com
> Title: Whitepages ID
> Apple ID: 986999874
> -
>
> Sincerely,
>
> Nicole
>
>    Apple Legal | Apple | 1 Infinite Loop | Cupertino | CA | 95014 | AppStoreNotices@apple.com
> The information in this e-mail and any attachment(s) is intended solely for the personal and confidential use of the designated recipients.  This message may be an attorney-client communication protected by privilege.  If you are not the intended recipient, you may not review, use, copy, forward, or otherwise disseminate this message.  Please notify us of the transmission error by reply e-mail and delete all copies of the message and any attachment(s) from your systems.  The use of the sender's name in this message is not intended as an electronic signature under any applicable law.  Thank you.
>
>

\>
_____

\>
\> \> On Sep 1, 2015 at 9:24 AM, kschmitt@whitepages.com wrote:
\> \>
\> \> Hello Justin,
\> \>
\> \> My name is Kelly Schmitt and I am General Counsel at Whitepages.  We were a bit surprised by this email from Greenflight Ventures, which we do not believe is entirely accurate.  Our patent counsel is preparing a direct response to Greenflight Ventures (Ianina Petrea and Jeffrey Isaacs) and we will be proceeding via the proper legal channels as soon as possible.
\> \>
\> \> Regards,
\> \>
\> \> Kelly
\> \>
\> \> Kelly Schmitt, General Counsel | Whitepages, Inc. | p: 206.812.9234 | f: 206.436.5652
\> \>
\> \> From: Ianina Petrea [mailto:ivp@greenflightvc.com]
\> \> Sent: Friday, August 28, 2015 12:56 PM
\> \> To: appstorenotices@apple.com; Kelly Schmitt <kschmitt@whitepages.com>; Mayur Kamat <mayur@whitepages.com>; jdi@greenflightvc.com
\> \> Subject: Re: Apple Inc. (our ref# APP50291)
\> \>
\> \>
\> \> Dear Justin,
\> \>
\> \> We are writing to update you regarding this matter, Apple reference APP50291. We appreciate how Apple promptly addressed our concerns by reaching out to all parties involved.
\> \>
\> \> Justin, we understood your email as a request for Whitepages to open dialogue with us, in lieu of escalating the issue. Alternatively, you requested that the company provide "evidence acceptable to Apple, and … documentation wherever possible" of non-infringement. Unfortunately, we have neither been contacted by Whitepages, nor have we been provided with any documentation to explain how they offer caller ID/CNAM without infringing on United States Patent 8,861,698 (the "Caller-ID app patent").
\> \>
\> \> By way of background, Caller ID CNAM service has been around for at least thirty years on landline devices, and our app and patent brought this service to iPhone users as a free, carrier-independent service.  CNAMs are distinct, fifteen letter name identifiers that often must truncate a caller's first or last name to fit

within the protocol's fifteen-character limit. There are only a few CNAM providers nationwide that outsource availability of this data. As such, it is quite easy to recognize CNAM-sourced data with its distinct 15-character limitation. When Whitepages ID launched several weeks ago, we spotted what readily appears to be CNAM data and subsequently filed notice with iTunes.
> >
> > Whitepages' response claims their caller ID uses technology "significantly different in several ways" and which follows a "different data retrieval process" than outlined in our Caller-ID app patent. Our patent references industry standard CNAM retrieval; Whitepages offers no supporting evidence of how they retrieve CNAM without using industry standards. Among the handful of CNAM outsourcing firms, all of them initially query carrier CNAM data exactly as described in our patent. Afterwards, one well-known CNAM provider does post-processing enhancement, augmenting data from other sources. Another CNAM provider caches the carrier CNAM database in its own database for cost-effectiveness. Regardless, our patent claim covers any and all CNAM protocol originated data. Put simply, our claim language broadly covers any app that offers a "function serving as an interface between the query and the carrier's respective CNAM database." Whitepages has not provided any evidence, nor have they specifically declared to Apple, that their new app does not offer such a function.
> >
> > Whitepages' also states "Whitepages technology has been implemented in its products years before the patent was even filed." Despite this vague reference to "Whitepages technology," we nonetheless believe Whitepages cannot make a good faith representation to Apple that their prior apps substantially offered a CNAM interface to iPhone users. Common sense, moreover an analysis of more than eight thousand iTunes Store user reviews, dictates that our app works fundamentally different than Whitepages' offerings prior to July 29, 2015.
> >
> > We are particularly concerned how this infringement potentially affects the safety and privacy rights of iTunes users and the greater public. Our patent describes a new service that effectively operates as a public directory assistance utility. We take self-regulation of this new technology with utmost importance, and describe an opt-out privacy control system within the patent description. All licensees of our technology are required to adhere to our opt-out controls. Hence, we can offer a single opt-out point to the public from this directory assistance utility. By failing to acknowledge our intellectual property rights, specifically this privacy control, Whitepages potentially harms all users of this system and the Public Switched Telephone Network (PSTN). We have put much effort into responsibly offering our new technology, and are disappointed that Whitepages appears to be careless in its

> > unauthorized implementation of our intellectual property.
> >
> > In summary, Whitepages:
> >
> > 1)      thus far has not communicated with Greenflight regarding this matter,
> >
> > 2)      infringes on United States Patent 8,861,698 claim 1(c) by offering an app with a "function serving as an interface between the query and the carrier's respective CNAM database,"
> >
> > 3)      seemingly misrepresented to Apple that such functionality was previously offered in its iTunes apps, and
> >
> > 4)      carelessly limits our ability to self-regulate this public directory offering by rendering consumer opt-out/privacy controls ineffective.
> >
> > Greenflight remains willing to work to resolve these concerns with Whitepages and is optimistic a solution exists which best serves iTunes users and the greater public. Please let us know if you need any further information, and we will keep you updated on our end.
> >
> > Sincerely,
> >
> > Ianina Petrea for
> > Greenflight Venture Corporation
> >
> >
> > On Aug 24, 2015 at 11:15 PM, mayur@whitepages.com wrote:
> >
> > Justin,
> >
> > Thanks for reaching out. We have reviewed the complaint and the related patent and we believe  that our technology is significantly different in several ways from the patent referenced here. For example, Whitepages ID app follows a distinctly different data retrieval process than that outlined in the patent. Whitepages technology has been implemented in its products years before the patent was even filed. As a result, we believe that the complaint below is without merit.
> >
> >
> > Mayur Kamat
> > Whitepages/Caller ID â€ mayur@whitepages.com
> >
> >
> >
> >

\> >
\> > On 8/24/15, 11:28 AM, "App Store Notices"
 <appstorenotices@apple.com> wrote:
\> >
\> > >Dear Bret and Mayur,
\> > >
\> > >**Please include APP50291 in the subject line of any future
 correspondence on this matter.**
\> > >
\> > >On 8/22/2015, we received a notice from Greenflight Venture
 Corp ("Complainant") that Complainant believes the app listed
 below infringes its intellectual property rights.  In particular,
 Complainant believes you are infringing its patent.  Please see their
 comments below.
\> > >
\> > >Developer: WhitePages.com
\> > >Provider: WhitePages.com
\> > >App Title: Whitepages ID
\> > >Apple ID: 986999874
\> > >
\> > >Comments from Complainant: Patent infringement, USPTO
 issued patent.
\> > >
\> > >Based on success of our Caller ID app, on  July 28 2015
 WhitePages substantially duplicates our CNAM based reverse
 query system, without obtaining any licensing rights. We will be
 filling for injunctive relief and damages in USDC if this is app is
 not taken down immediately. USPTO #8861698
\> > >-
\> > >
\> > >You can reach Complainant through Ianina Petrea (email:
 ivp@greenflightvc.com), or Jeffrey Isaacs (email:
 jdi@greenflightvc.com), copied on this email.  Please exchange
 correspondence directly with Complainant.
\> > >
\> > >We look forward to receiving written assurance that your
 application does not infringe Complainant's rights, or that the
 parties are taking steps to promptly resolve the matter.  Please keep
 us apprised of your progress.
\> > >
\> > >Please note that during the course of this matter:
\> > >
\> > >1.  Correspondence to Apple must include the reference
 number noted above in the subject line and copy the other party.
 All correspondence sent to Apple may be shared with the other
 party.
\> > >
\> > >2.  Written assurance of rights may include confirmation that
 your application does not infringe Complainant's rights, an express
 authorization from Complainant, or other evidence acceptable to

> > > Apple, and should include documentation wherever possible.
> > >
> > > 3. Should you choose to remove your application (for example, while you make any necessary changes), visit iTunes Connect at http://itunesconnect.apple.com and access your app in the Manage Your Application module.
> > >
> > >         > Click on the "Rights and Pricing" button from the App Summary Page,
> > >         > Click on the "Deselect All" button to uncheck all App Store territories, and
> > >         > Click on the "Save Changes" button
> > >
> > > 4. Developers with a history of allegations of repeat infringement, or those who misrepresent facts to Apple and/or the Complainant are at risk of termination from the Developer Program.
> > >
> > > 5. Failure to respond to the Complainant or to take steps toward resolving a dispute may lead to removal of the app(s) at issue as in violation of the App Store Review Guidelines and/or the iOS Developer Program License Agreement.  Please keep Apple apprised of your progress.
> > >
> > > Thank you for your immediate attention.
> > >
> > > Sincerely,
> > >
> > > Justin
> > >
> > > dLz iTunes Legal  Apple  1 Infinite Loop  Cupertino  CA 95014  mailto:AppStoreNotices@apple.com
> > > The information in this e-mail and any attachment(s) is intended solely for the personal and confidential use of the designated recipients.  This message may be an attorney-client communication protected by privilege.  If you are not the intended recipient, you may not review, use, copy, forward, or otherwise disseminate this message.  Please notify us of the transmission error by reply e-mail and delete all copies of the message and any attachment(s) from your systems.  The use of the sender's name in this message is not intended as an electronic signature under any applicable law.  Thank you.