# EXHIBIT 43

| | |
|---|---|
| **From:** | Liz Hagan |
| **To:** | Badini, Aldo A.; Lin, James C.; "cframos@winston.com" |
| **Cc:** | Bryan Kohm; Ravi Ranganath |
| **Subject:** | Whitepages v. Greenflight Meet and Confer |
| **Date:** | Wednesday, September 21, 2016 1:29:34 PM |

Dear Mr. Badini,

I write to confirm that on Friday morning, September 16, Mr. Ranganath and I met with you, Mr. Lin, and Ms. Ramos to confer with respect to Whitepages' intent to file a motion for attorneys' fees. At Ms. Ramos's request, we had sent a few of the authorities on which we intended to rely for the motion in advance of the call.

At the beginning of the conference, you indicated that you did not understand the basis for Whitepages' motion, and asked us to explain. Mr. Ranganath replied that most of the motion is going to be directed at the actions of Mr. Isaacs before Winston & Strawn became involved in the case, and mentioned a few of these actions. As examples, he said that after Greenflight's former counsel had given Whitepages an extension, Mr. Isaacs directly contacted Bryan Kohm and told him he did not agree to the extension, and Mr. Isaacs also accused Mr. Kohm of racketeering. Mr. Ranganath went on to say that Whitepages intended to include 28 U.S.C. § 1927 as a basis for the motion to the extent that Mr. Isaacs relied on Winston & Strawn for Greenflight's validity position. You then informed us that you believed a fees motion would be frivolous, and that you intended to seek sanctions against Whitepages and Fenwick & West if we filed one. You listed a number of reasons why you believed a fees motion would be frivolous, including:

- In none of the cases that we provided to you in advance of the call was a declaratory judgment plaintiff awarded attorneys' fees. You started to raise your voice as you expressed your disbelief and outrage that Whitepages would have the audacity to seek attorneys' fees for a lawsuit that Whitepages itself filed.
- You said we could not rely on any activity that occurred before suit was filed, and directed us to *Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254 (Fed. Cir. 2008) as your authority. You mentioned that *Dominant Semiconductors* was cited in one of the cases we had provided to you in advance of the call: *eDekka LLC v. 3balls.com, Inc.*, 2015 WL 9225038 (E.D. Tex. Dec. 17, 2015). I have copied the reference from *eDekka* to *Dominant Semiconductors* below:

> The Court did not need the benefit of claim construction to find that the claims were directed to an abstract idea. The '674 Patent claims were clearly directed toward unpatentable subject matter, and no reasonable litigant could have reasonably expected success on the merits when defending against the numerous § 101 motions filed in this case. *See, e.g.*, *Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008) (in the context of infringement allegations, finding that, to be objectively baseless, "the infringement allegations must be such that 'no reasonable litigant could reasonably expect success on the merits.' +" (citation omitted)).

- You asserted that per *Dominant Semiconductor*, Greenflight's communications with Apple cannot be a basis for an exceptional case finding unless those communications were both objectively baseless and made in bad faith. You disagree that Greenflight's allegations to Apple were objectively baseless, and say that we cannot show bad faith.
    - Please note that *Dominant Semiconductor* discussed whether summary judgment was appropriate for claims of unfair competition, trade libel, and interference with contractual relations and prospective economic advantage, where the basis of those claims were false and misleading infringement allegations. Nowhere does *Dominant Semiconductor* address the basis for finding a case exceptional under 35 U.S.C. §

285, and the Supreme Court made it clear in *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), that an exceptional case finding does not require both objective baselessness and subjective bad faith. Moreover, Greenflight's statements to Apple included allegations that Whitepages infringed non-existent "privacy control" intellectual property rights that Mr. Isaacs later admitted did not exist.

- You referred to the March 4, 2016 stipulation between Greenflight, Mr. Isaacs, Ms. Petrea, and Whitepages, in which Whitepages agreed to dismiss its trade libel, libel, and unfair competition tort claims without prejudice, and not again assert those claims "or additional tort claims based on the same nucleus of facts, in California or another jurisdiction provided that the Greenflight Defendants have not breached this Stipulation." You alleged that Whitepages cannot now assert bad faith based on the activities at issue in those claims, and that as each party agreed to bear its own costs and fees in the Florida Action, Whitepages cannot rely on any behavior or activity that occurred prior to March 4, 2016 for its fees motion here. You said you would enforce the stipulation in this district if Whitepages attempted to rely on events before March 4.
    - Please note that a motion for attorneys' fees based on an exceptional case finding under 35 U.S.C. § 285 is *not* asserting a dismissed tort claim, nor is it asserting an additional tort claim.
    - Moreover, Whitepages' agreement was conditional upon Greenflight, Mr. Isaacs, and Ms. Petrea not breaching the agreement. Mr. Isaacs breached the agreement on May 10, 2016. Numbered paragraph 2 of the Stipulation states that Whitepages agreed not to assert the dismissed tort claims "provided that the Greenflight Defendants have not breached this Stipulation." Mr. Isaacs is one of the Greenflight Defendants, as defined by the first paragraph of the Stipulation. Numbered paragraph 4 states that "During the pendency of the California Action, the Parties will not pursue their dispute with any App Store provider, including Apple, Google, or Microsoft; provided however that the Parties may respond to any reasonable requests for information from any such App Store Provider, except that a Party may pursue its dispute with an App Store provider if the opposing Party has breached this Stipulation." On May 10, 2016, Mr. Isaacs emailed Apple to pursue its infringement complaint against Whitepages. Mr. Isaacs' May 10, 2016 email was sent as a reply to an October 8, 2015 email from Apple stating merely "Thank you for confirming that you are communicating directly with each other to resolve this matter. Please keep us apprised of your progress," and accordingly was not a response to a request for information from an App Store provider during the pendency of the California Action.
- You noted that none of the cases that we provided you in advance of the call regarded an award of fees under 28 U.S.C. § 1927.
- You asserted that Greenflight's infringement allegation could not be objectively baseless because the claims were amended after *Alice*, and the examiner wordsmithed the amendment with the intent that the claims would be valid under *Alice*. You said that you would submit a declaration to that effect.

While you were listing the reasons you believed a fees motion would be frivolous, you continually raised your voice. At the end of your list, you welcomed our filing of a motion, and said that you

would "hit us hard" with a motion for sanctions for our "frivolous" motion. Mr. Ranganath thanked you for threatening to "hit us hard," at which point you began to yell quite loudly at my colleague regarding what you believe constitutes a threat.

As Whitepages and Greenflight clearly did not come to an agreement regarding the fees motion during this conference, and in light of the escalatingly unprofessional behavior, the call was concluded.

Following the conference call, you accused Mr. Kohm of violating Rule 2-100 of the California Rules of Professional Conduct. You admitted that you were not at the time aware of the communication upon which you based your accusation, and found it just now. Because of this, I assume that you are also not aware of the earlier communication between Mr. Kohm and Mr. Isaacs' prior counsel. As you will read in our motion for attorneys' fees, as soon as Mr. Kohm learned that Greenflight had representation in the Florida Action, he reached out to Greenflight's counsel. However, Mr. Isaacs forbade his counsel from communicating with Mr. Kohm regarding the California Action or Apple, stating that the representation extended "exclusively" to the Florida Action, and that Mr. Kohm could only communicate directly with Mr. Isaacs regarding anything but the Florida Action.

As Whitepages believes that an exceptional case finding is warranted, we will proceed with the motion for attorneys' fees. We are aware that you plan to move for sanctions, but do not believe that there is any basis for sanctions.

Best regards,

Liz

**Fenwick**
FENWICK & WEST LLP

**LIZ HAGAN**
Fenwick & West LLP
Associate, Litigation Group
☎ (206) 389-4587
📠 (206) 389-4511
✉ ehagan@fenwick.com