# EXHIBIT 1

Doc Code: TRACK1.REQ
**Document Description**: TrackOne Request

PTO/SB/424 (12-11)

# CERTIFICATION AND REQUEST FOR PRIORITIZED EXAMINATION
## UNDER 37 CFR 1.102(e) (Page 1 of 1)

| First Named Inventor: | Jeffrey D. Isaacs | Nonprovisional Application Number (if known): | |
|---|---|---|---|
| Title of Invention: | Post-page Caller Name Identification System | | |

**APPLICANT HEREBY CERTIFIES THE FOLLOWING AND REQUESTS PRIORITIZED EXAMINATION FOR THE ABOVE-IDENTIFIED APPLICATION.**

1. The processing fee set forth in 37 CFR 1.17(i), the prioritized examination fee set forth in 37 CFR 1.17(c), and if not already paid, the publication fee set forth in 37 CFR 1.18(d) have been filed with the request. The basic filing fee, search fee, examination fee, and any required excess claims and application size fees are filed with the request or have been already been paid.

2. The application contains or is amended to contain no more than four independent claims and no more than thirty total claims, and no multiple dependent claims.

3. The applicable box is checked below:

### I.  ◉  Original Application (Track One) - Prioritized Examination under § 1.102(e)(1)

i.   (a) The application is an original nonprovisional utility application filed under 35 U.S.C. 111(a). This certification and request is being filed with the utility application via EFS-Web.
---OR---
(b) The application is an original nonprovisional plant application filed under 35 U.S.C. 111(a). This certification and request is being filed with the plant application in paper.

ii.   An executed oath or declaration under 37 CFR 1.63 is filed with the application.

### II.  ○  Request for Continued Examination - Prioritized Examination under § 1.102(e)(2)

i.   A request for continued examination has been filed with, or prior to, this form.
ii.   If the application is a utility application, this certification and request is being filed via EFS-Web.
iii.   The application is an original nonprovisional utility application filed under 35 U.S.C. 111(a), or is a national stage entry under 35 U.S.C. 371.
iv.   This certification and request is being filed prior to the mailing of a first Office action responsive to the request for continued examination.
v.   No prior request for continued examination has been granted prioritized examination status under 37 CFR 1.102(e)(2).

| Signature | *Jeffrey D. Isaacs* | Date | 2/6/2014 |
|---|---|---|---|
| Name (Print/Typed) | Jeffrey D. Isaacs | Practitioner Registration Number | |

**Note:** *Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required in accordance with 37 CFR 1.33 and 11.18. Please see 37 CFR 1.4(d) for the form of the signature. If necessary, submit multiple forms for more than one signature, see below\*.*

☑  *Total of _____ forms are submitted.

1

## Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent.  Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent.  If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.  The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a).  Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2.  A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3.  A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4.  A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract.  Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5.  A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6.  A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7.  A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906.  Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive.  Such disclosure shall not be used to make determinations about individuals.
8.  A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151.  Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9.  A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

PTO/AIA/01 (06-12)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## DECLARATION (37 CFR 1.63) FOR UTILITY OR DESIGN APPLICATION USING AN APPLICATION DATA SHEET (37 CFR 1.76)

| **Title of Invention** | POst-page Caller Name Identification System |
|---|---|

As the below named inventor, I hereby declare that:

This declaration is directed to:

☒ The attached application, or

☐ United States application or PCT international application number _____

filed on _____.

The above-identified application was made or authorized to be made by me.

I believe that I am the original inventor or an original joint inventor of a claimed invention in the application.

I hereby acknowledge that any willful false statement made in this declaration is punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or both.

## WARNING:

Petitioner/applicant is cautioned to avoid submitting personal information in documents filed in a patent application that may contribute to identity theft. Personal information such as social security numbers, bank account numbers, or credit card numbers (other than a check or credit card authorization form PTO-2038 submitted for payment purposes) is never required by the USPTO to support a petition or an application. If this type of personal information is included in documents submitted to the USPTO, petitioners/applicants should consider redacting such personal information from the documents before submitting them to the USPTO. Petitioner/applicant is advised that the record of a patent application is available to the public after publication of the application (unless a non-publication request in compliance with 37 CFR 1.213(a) is made in the application) or issuance of a patent. Furthermore, the record from an abandoned application may also be available to the public if the application is referenced in a published application or an issued patent (see 37 CFR 1.14). Checks and credit card authorization forms PTO-2038 submitted for payment purposes are not retained in the application file and therefore are not publicly available.

LEGAL NAME OF INVENTOR

Inventor: Jeffrey D. Isaacs _____    Date (Optional) : 2/6/2014 _____

Signature: *Jeffrey D. Isaacs* _____

Note: An application data sheet (PTO/SB/14 or equivalent), including naming the entire inventive entity, must accompany this form or must have been previously filed. Use an additional PTO/AIA/01 form for each additional inventor.

This collection of information is required by 35 U.S.C. 115 and 37 CFR 1.63. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 1 minute to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

## Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant ( *i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

**Patent Application of**

**Jeffrey D. Isaacs**

**for**

**Post-page Caller Name Identification System**

ABSTRACT

Caller Name Identification, or CNAM Caller ID, is a telecommunication end-user feature that appeared for PSTN landline customers in the late 1980s.  The rapid development of cellular mobile and VOIP telephony systems lead to the frequent omission of the CNAM Caller ID feature. Described is an independent end-user system that obtains the CNAM Caller ID after the call page transmission.   The system operates on the user's smartphone or on a TCP/IP connected computer.  A user with multiple telephone devices (i.e. a smartphone, landline, and VOIP line) may share use of this system between all devices.

**Patent Application of**

**Jeffrey D. Isaacs**

**for**

**Post-page Caller Name Identification System**

BACKGROUND OF THE INVENTION

1. Field of the Invention

The present invention relates generally to caller identification systems.  More specifically, it relates to a post-page caller name identification system that bridges SS7 retrievable caller data with a user-accessible IP interface.  Carrier implementation of caller name identification has become increasingly complicated due to the fragmentation of service providers on the North American Public-Switched Telephone Network (PSTN). The present invention restores functionality of this important SS7/PSTN capability, caller name identification, to the increasing number of telecommunications end-users left without this feature.

2. Description of the Prior Art

To place a call using the earliest long-distance telephone systems, a calling party initiated a request with the local switchboard operator. The calling party's local operator would connect to the inward operator, and specify the called party. The inward operator would identify the calling party to the called party, then coordinate the completed telephone circuit with the originating local operator.

Direct dial systems using automated protocols over the Public Switched Telephone Network eventually phased out the operator switchboard system by the 1960's. Unlike the system utilizing human operators, the direct dial networks did not readily identify the calling party to the called party. The relative anonymity of automated PSTN systems created both inconvenience and the potential for abuse. The invention of what became known as caller identification addressed these shortfalls. Between 1969 and 1975, Mr. Theodore Paraskevakos successfully claimed twenty separate patents related to automatic telephone line identification. By 1989, Bell Atlantic, BellSouth, and U.S. West Communications had implemented caller identification in their consumer service offerings.

Caller identification, or Caller ID, may colloquially refer to the presentation of either the calling party's telephone number, or name, to the called party. The initial caller identification systems transmitted only the calling party's phone number to the called party.  By their rollout in the late 1980's, or shortly thereafter, the "Baby Bell" Caller ID service offerings typically included both CID and CNAM functionality. These services grew in popularity, with tens of millions of subscribers by the late 1990's.  For this specification, caller identification, or CID, refers to the presentation of the calling party's phone number to the called party. Caller name identification, or CNAM Caller ID, shall refer to the presentation of the calling party's name to the called party.

The technical protocols for Caller ID evolved since Mr. Paraskevakos' invention, to what is now industry-standard implementation over the PSTN SS7 network. Despite the standardization of the protocol, telephone line portability deregulation significantly increased the complexity and cost of a CNAM Caller ID query.  CNAM information previously held in a few databases of the Baby Bells increased to hundreds, if not thousands, of databases operated by the emerging telephone companies.

At the time of filing, a complete CID & CNAM Caller ID query typically involved the following steps: 1) the CID is transmitted from the calling party to the called party during SS7 call circuit provisioning (the network "page"), 2) a Global Title Translation (GTT) is initiated from the called party's SS7 signaling transfer point (STP) to determine which CNAM database and telephone carrier represents the calling party CID, 3) a GR-1188 CNAM query is relayed via SS7 to the service control point (SCP) for the respective CNAM database, and 4) the GR-1188 CNAM query result is presented to the called party. The exact sequence of events may vary depending upon the called and calling party's inter-carrier agreements and SS7 implementation. Characteristic of the prior art implementations, the entire sequence of events takes place during the ringing or network page, and prior to the call completion.

As mobile phones and voice-over-IP telephony (VOIP) proliferated over the past decade, many providers never implemented full CNAM Caller ID to their mobile or VOIP end-users. Those that did implement CNAM Caller ID usually charge a monthly fee for CNAM Caller ID. For example, a major American wireless carrier recently began offering "Caller Name ID" as a premium monthly feature. Furthermore, individuals now may own several phone numbers, including a home land-line, a personal cellular mobile, and a VOIP line at work. Subscribing to a monthly CNAM service on multiple lines, if the feature is even available, is costly. As a result, CNAM Caller ID prevalence is trending backwards.

SUMMARY OF THE INVENTION

In view of the foregoing limitations inherent in the known types of caller identification systems present in the prior art, the present invention provides a post-page caller name identification system. This standalone system may function for multiple telephone devices owned or operated by the end-user. The system is independent of the end-user's carrier implementation (or lack thereof) of CNAM Caller ID.

The utility of the present invention, which shall be described subsequently in greater detail, is to identify the calling party's name when only the CID is known. This is typically the case with most modern cellular mobile and VOIP systems. The present invention's post-page functionality complements the prior art. In an ideal telephony network, CNAM Caller ID would be transmitted during the page, or ring. As described above, CNAM implementation has been declining for a decade due to increasing complexity of carriers. This necessitates the present invention as the next-best solution for an end-user wishing to identify a calling party.

To attain this, the present invention comprises a system that interfaces the user directly with the calling party's SS7 SCP-connected CNAM database. After a call or page terminates, the user accesses the present invention via the user terminal, which may operate on a mobile phone application or via direct HTML web access. The user inputs the CID information relayed from the calling party to the end-user. The system then performs a Global Title Translation (GTT) query using its SS7 node. The GTT lookup returns the respective phone carrier and CNAM database applicable to the CID. The system then performs a GR-1188 CNAM query via SS7 to the service control point (SCP) for the respective CNAM database. Finally, the CNAM query result is presented on the user-interface.

By utilizing the present invention, the end-user consolidates CNAM services and enjoys significant cost savings. At time of filing, a commercial implementation of the present invention was offered free-of-charge to the user via either a smartphone applications or direct web access. As stated above, the CNAM functionality offered by the present invention is often unavailable, even as a premium service, on many VOIP and cellular carriers.

The calling party may opt-out from this process at three points. First, the calling party may opt-out from CID transmission on a per-call basis, which is typically known as "*67 Caller ID Block." Second, the calling party may inform his/her carrier to remove his information from their CNAM database. Third, the calling party may

opt-out using a form implemented on the privacy policy page of the present invention.

BRIEF DESCRIPTION OF THE DRAWINGS

Features of the exemplary implementations of the invention will become apparent from the description, the claims, and the drawings in which:

FIG. 1 identified as subparts 1A, 1B , & 1C, represents three typical variations of the caller identification prior art;

FIG. 2 is a graphical depiction of the core system components and their interactions;

FIG. 3 is a flow diagram enumerating each possible step the system performs to process a user query for caller name identification; and

FIG. 4 depicts two additional embodiments of the user interface.

DETAILED DESCRIPTION

From FIG. 1, three scenarios are identified which represent the current prior art of caller identification systems. Scenario 1A represents the ideal provisioning of a call where the called party receives both the name and phone number of the calling. In this case, the CID and CNAM are 617-555-1212 and "Smith, Robert," respectively. Scenario 1B, the middle illustration, only provides the calling party phone number. This scenario is typical of most cellular mobile carriers. In lieu of the CNAM, the cellular carrier will approximate the location of the calling party, although this is frequently subject to error. Scenario 1C, illustrated at the bottom of FIG. 1, depicts a typical VOIP caller identification presentation, which only includes the calling party number (CID).

Having understood the possible combinations of CID and/or CNAM presentations possible on a caller identification system, FIG 2 embodies the components of the present invention utilized in the context of the scenario depicted in FIG. 1B. The calling party has placed a call **(1)** over the PSTN, and the carrier has provisioned for the CID and estimated location to be presented on the end-user's telephone screen **(2)** during the network page.

The end-user initiates use of the system by accessing the user terminal. The user enters the CID from **(2)** into the CID entry field **(3)** of the user terminal. After entering a valid CID, the user **(4)** submits the query to the system. The system then initiates the "CNAM database query"**(5)** via the SS7 network.

There exist several methodologies to obtain a CNAM database result via SS7, and the exact implementation depends upon the calling party's carrier, the system's carrier, and any contractual relationships between the two carriers. Exemplified in FIG. 2, and most typical, the system performs a Global Title Translation **(6)** using various Line Information Databases (LIDBs) to determine the calling party's carrier.  In some cases, the system will already know the calling party's carrier (e.g. if they are the same as the called party), and this step will be unnecessary. Once the carrier is known, the system is able to route a CNAM query using GR-1188 **(7)** to the appropriate SS7 signal control point (SCP). The SCP controls CNAM database access for a given phone carrier. For the purposes of this invention, the entire process is referred to as "CNAM Database Query"**(5)**  and refers to any of the proper SS7 methods to retrieve CNAM information.

Upon successful CNAM database query, the CNAM Caller ID is relayed back to the user terminal.  The caller name identification is displayed on the appropriate user interface element, thereby completing the process.

FIG 3 serves as a flow diagram enumerating all possible steps for the system, as embodied, to carry out its function. The utilization of this system commences upon end-user receipt of a CID page **(100).**  The user then activates the system by entering the page CID into the CID entry interface **(101).**  Before the system proceeds, it first validates that the CID is not listed within the system's opt-out privacy database **(102).**  At this stage, the system may also ask the user to confirm the CID had been transmitted to a telephone device they own or operate.

The system then instructs the SS7 interfacing node to initiate an SS7 session, if one is not already active **(103).** The exact state or instructions relayed to the SS7 switch/node varies depending upon carrier implementation. Once the SS7 session is active, a Global Title Translation (GTT) is performed using the CID from the CID entry interface. **(104).** The GTT returns the calling party carrier information necessary to locate the carrier's CNAM database on the SS7 network. A query is thereafter sent, usually via the GR-1188 protocol, to the signal control point (SCP) for the calling carrier CNAM database **(105).** Assuming the calling party didn't opt-out from its carrier CNAM database, the calling party's CNAM is returned to the system's SS7 node **(106).** Then, the CNAM database query result is displayed on the user interface **(107).**

FIG. 4 depicts additional embodiments of the system relating to its user interface. In this illustration, the system's SS7 interface **(200)** is physically separated from its user interface. The user interface is implemented on either another computer linked via the TCP/IP **(204),** or the end-user's telephone that received the initial call page **(203).** The SS7 interface communicates **(201 or 202)** with the user interface via an industry standard API protocol such as JSON.

FIG. 1A

FIG. 1B

FIG. 1C



**FIG. 2**



**FIG. 3**



Start

Called party receives calling party CID (phone number) on phone without CNAM Caller ID functionality — **100**

Called party enters CID into the CID entry interface — **101**

The CID is checked against the system opt-out database — **102**

An SS7 session is initated if not already open — **103**

A Global Title Translation is performed via SS7 to locate the calling party's carrier CNAM database, if not known — **104**

An SS7 query containing the CID is sent via GR-1188 or equivalent to the CNAM database — **105**

The calling party's CNAM is returned to the SS7 requesting session — **106**

The CNAM information is presented to the user — **107**

End

Fig. 4



**Patent Application of**

**Jeffrey D. Isaacs**

**for**

**Post-page Caller Name Identification System**

I Claim:

1. A system for providing post-page caller name identification service, comprising:

    (a) an SS7 interfacing switch or node;

    (b) a CID entry interface which permits the user to enter a post-page CID into the system;

    (c) a CNAM database query function regulated by the SS7 interface; and

    (d) a user interface element for displaying the successfully queried calling party CNAM.

2. The system of claim 1, wherein said CID entry and CNAM display user interface elements are located on a separate end-user smartphone or TCP/IP connected personal computer.

3. The system of claim 1, wherein said user CID entry and CNAM display functions are interfaced via JSON to the SS7 interfacing switch.

4. A method for providing post-page caller name identification service, consisting of the following steps:

    (a) the end-user receipt of a post page CID;

(b) user entry of the CID into the CID entry field;

(c) the SS7 interface issues instructions to perform a CNAM Database Query for the CID;

(d) the CNAM Database Query result is displayed on the user interface.

5. The method of claim 2, wherein step (c) performs a Global Title Translation prior to the said CNAM Database Query.

6. The method of claim 2, wherein step (b) additionally:

confirms that the CID is not subject to system opt-out privacy controls; and

confirms that the CID paged a telephonic device owned or operated by the end-user.

7. A system comprising a user-terminal and PSTN/SS7 interface permitting post-page caller name identification, which executes:

(a) the user submission of a post-page CID;

(b) the CNAM Database Query to retrieve the calling party name identification for the respective CID phone number; and

(c) the presentation of the calling party name identification , or CNAM Caller ID, upon the user terminal.

PTO/AIA/14

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | |
|---|---|---|
| | Application Number | |
| Title of Invention | Post-page Caller Name Identification System | |

The application data sheet is part of the provisional or nonprovisional application for which it is being submitted. The following form contains the bibliographic data arranged in a format specified by the United States Patent and Trademark Office as outlined in 37 CFR 1.76.
This document may be completed electronically and submitted to the Office in electronic format using the Electronic Filing System (EFS) or the document may be printed and included in a paper filed application.

## Secrecy Order 37 CFR 5.2

☐ Portions or all of the application associated with this Application Data Sheet may fall under a Secrecy Order pursuant to 37 CFR 5.2(Paper filers only. Applications that fall under Secrecy Order may not be filed electronically.)

## Inventor Information:

| Inventor        1 | | | Remove |
|---|---|---|---|
| Legal Name | | | |

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| Dr. | Jeffrey | D. | Isaacs | |

| Residence Information (Select One) | ● US Residency | ○ Non US Residency | ○ Active US Military Service |
|---|---|---|---|
| City | Fort Washington | State/Province | PA | Country of Residence | US |

**Mailing Address of Inventor:**

| Address 1 | 8 Chase Circle | | |
|---|---|---|---|
| Address 2 | | | |
| City | Fort Washington | State/Province | PA |
| Postal Code | 19034 | Country ⓘ | US |

All Inventors Must Be Listed - Additional Inventor Information blocks may be generated within this form by selecting the **Add** button.                    Add

## Correspondence Information:

Enter either Customer Number or complete the Correspondence Information section below.
For further information see 37 CFR 1.33(a).

☒  An Address is being provided for the correspondence Information of this application.

| Name 1 | Jeffrey Isaacs | Name 2 | |
|---|---|---|---|
| Address 1 | 8 Chase Circle | | |
| Address 2 | | | |
| City | Fort Washington | State/Province | PA |
| Country ⓘ | US | Postal Code | 19034 |
| Phone Number | 6102021460 | Fax Number | |
| Email Address | jeffrey.isaacs.wg03@wharton.upenn.edu | Add Email | Remove Email |

WEB ADS 1.0

PTO/AIA/14
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | |
| | Application Number | |
| Title of Invention | Post-page Caller Name Identification System | |

## Application Information:

| Title of the Invention | Post-page Caller Name Identification System | |
|---|---|---|
| Attorney Docket Number | | Small Entity Status Claimed ☒ |
| Application Type | Nonprovisional | |
| Subject Matter | Utility | |
| Total Number of Drawing Sheets (if any) | 4 | Suggested Figure for Publication (if any) |

### Filing By Reference

Only complete this section when filing an application by reference under 35 U.S.C. 111(c) and 37 CFR 1.57(a).  Do not complete this section if application papers including a specification and any drawings are being filed.  Any domestic benefit or foreign priority information must be provided in the appropriate section(s) below (i.e., "Domestic Benefit/National Stage Information" and "Foreign Priority Information").

For the purposes of a filing date under 37 CFR 1.53(b), the description and any drawings of the present application are replaced by this reference to the previously filed application, subject to conditions and requirements of 37 CFR 1.57(a).

| Application number of the previously filed application | Filing date (YYYY-MM-DD) | Intellectual Property Authority or Country i |
|---|---|---|
| | | |

## Publication Information:

| ☐ | Request Early Publication (Fee required at time of Request 37 CFR 1.219) |
|---|---|
| ☒ | **Request Not to Publish.**  I hereby request that the attached application not be published under   35 U.S.C. 122(b) and certify  that the invention disclosed in the attached application **has not and will not** be the subject of an application filed in another country, or under a  multilateral international agreement, that requires publication at eighteen months after filing. |

## Representative Information:

Representative information should be provided for all practitioners having a power of attorney in the application. Providing this information in the Application Data Sheet does not constitute a power of attorney in the application (see 37 CFR 1.32).
Either enter Customer Number or complete the Representative Name section below. If both sections are completed the customer Number will be used for the Representative Information during processing.

| | | | |
|---|---|---|---|
| Please Select One: | ⦿ Customer Number | ○ US Patent Practitioner | ○ Limited Recognition (37 CFR 11.9) |
| Customer Number | | | |

Additional Representative Information blocks may be generated within this form by selecting the **Add** button.

## Domestic Benefit/National Stage Information:

This section allows for the applicant to either claim benefit under 35 U.S.C. 119(e), 120, 121, or 365(c) or indicate National Stage entry from a PCT application.  Providing this information in the application data sheet constitutes the specific reference required by 35 U.S.C. 119(e) or 120, and 37 CFR 1.78.

WEB ADS 1.0

PTO/AIA/14
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | |
| | Application Number | |

| Title of Invention | Post-page Caller Name Identification System |
|---|---|

| Prior Application Status | | | Remove |
|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) |
| | | | |

Additional Domestic Benefit/National Stage Data may be generated within this form by selecting the **Add** button.

## Foreign Priority Information:

This section allows for the applicant to claim priority to a foreign application. Providing this information in the application data sheet constitutes the claim for priority as required by 35 U.S.C. 119(b) and 37 CFR 1.55(d). When priority is claimed to a foreign application that is eligible for retrieval under the priority document exchange program (PDX) the information will be used by the Office to automatically attempt retrieval pursuant to 37 CFR 1.55(h)(1) and (2). Under the PDX program, applicant bears the ultimate responsibility for ensuring that a copy of the foreign application is received by the Office from the participating foreign intellectual property office, or a certified copy of the foreign priority application is filed, within the time period specified in 37 CFR 1.55(g)(1).

| | | | Remove |
|---|---|---|---|
| Application Number | Country        i | Filing Date (YYYY-MM-DD) | Access Code (if applicable) |
| | | | |

Additional Foreign Priority Data may be generated within this form by selecting the **Add** button.

## Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications

☐ This application (1) claims priority to or the benefit of an application filed before March 16, 2013 and (2) also contains, or contained at any time, a claim to a claimed invention that has an effective filing date on or after March 16, 2013.
NOTE: By providing this statement under 37 CFR 1.55 or 1.78, this application, with a filing date on or after March 16, 2013, will be examined under the first inventor to file provisions of the AIA.

## Authorization to Permit Access:

☐ Authorization to Permit Access to the Instant Application by the Participating Offices

PTO/AIA/14
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | |
|---|---|---|
| | Application Number | |
| Title of Invention | Post-page Caller Name Identification System | |

If checked, the undersigned hereby grants the USPTO authority to provide the European Patent Office (EPO), the Japan Patent Office (JPO), the Korean Intellectual Property Office (KIPO), the World Intellectual Property Office (WIPO), and any other intellectual property offices in which a foreign application claiming priority to the instant patent application is filed access to the instant patent application. See 37 CFR 1.14(c) and (h). This box should not be checked if the applicant does not wish the EPO, JPO, KIPO, WIPO, or other intellectual property office in which a foreign application claiming priority to the instant patent application is filed to have access to the instant patent application.

In accordance with 37 CFR 1.14(h)(3), access will be provided to a copy of the instant patent application with respect to: 1) the instant patent application-as-filed; 2) any foreign application to which the instant patent application claims priority under 35 U.S.C. 119(a)-(d) if a copy of the foreign application that satisfies the certified copy requirement of 37 CFR 1.55 has been filed in the instant patent application; and 3) any U.S. application-as-filed from which benefit is sought in the instant patent application.

In accordance with 37 CFR 1.14(c), access may be provided to information concerning the date of filing this Authorization.

# Applicant Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

## Applicant     1

If the applicant is the inventor (or the remaining joint inventor or inventors under 37 CFR 1.45), this section should not be completed. The information to be provided in this section is the name and address of the legal representative who is the applicant under 37 CFR 1.43; or the name and address of the assignee, person to whom the inventor is under an obligation to assign the invention, or person who otherwise shows sufficient proprietary interest in the matter who is the applicant under 37 CFR 1.46. If the applicant is an applicant under 37 CFR 1.46 (assignee, person to whom the inventor is obligated to assign, or person who otherwise shows sufficient proprietary interest) together with one or more joint inventors, then the joint inventor or inventors who are also the applicant should be identified in this section.

| Clear |
|---|

| ◯ Assignee | ◯ Legal Representative under  35 U.S.C. 117 | ◯ Joint Inventor |
|---|---|---|

| ◯ Person to whom the inventor is obligated to assign. | ◯ Person who shows sufficient proprietary interest |
|---|---|

If applicant is the legal representative, indicate the authority to file the patent application, the inventor is:

Name of the Deceased or Legally Incapacitated Inventor :

If the Applicant is an Organization check here.     ☐

| Prefix | **Given Name** | Middle Name | **Family Name** | Suffix |
|---|---|---|---|---|
| | | | | |

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | |
| | Application Number | |

| Title of Invention | Post-page Caller Name Identification System |

**Mailing Address Information:**

| **Address 1** | |
| Address 2 | |
| **City** | | **State/Province** | |
| **Country** i | | Postal Code | |
| Phone Number | | Fax Number | |
| Email Address | |

Additional Applicant Data may be generated within this form by selecting the Add button.

## Assignee Information including Non-Applicant Assignee Information:

Providing assignment information in this section does not subsitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

| **Assignee** 1 |

Complete this section if assignee information, including non-applicant assignee information, is desired to be included on the patent application publication . An assignee-applicant identified in the "Applicant Information" section will appear on the patent application publication as an applicant. For an assignee-applicant, complete this section only if identification as an assignee is also desired on the patent application publication.

| If the Assignee or Non-Applicant Assignee is an Organization check here | ☐ |

| Prefix | **Given Name** | Middle Name | **Family Name** | Suffix |
|---|---|---|---|---|
| | | | | |

Mailing Address Information For Assignee including Non-Applicant Assignee:

| **Address 1** | |
| Address 2 | |
| **City** | | **State/Province** | |
| **Country** i | | Postal Code | |
| Phone Number | | Fax Number | |
| Email Address | |

Additional Assignee or Non-Applicant Assignee Data may be generated within this form by selecting the Add button.

PTO/AIA/14
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | |
| | Application Number | |

| Title of Invention | Post-page Caller Name Identification System |
|---|---|

## Signature:

| NOTE:  This form must be signed in accordance with 37 CFR 1.33.  See 37 CFR 1.4 for signature requirements and certifications |||||
|---|---|---|---|---|
| **Signature** | /Jeffrey D. Isaacs/ |||||
| First Name | Jeffrey | Last Name | Isaacs | Registration Number | |
| Additional Signature may be generated within this form by selecting the Add button. |||||

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | |
| **Filing Date:** | |
| **Title of Invention:** | Post-page Caller Name Identification System |
| **First Named Inventor/Applicant Name:** | Jeffrey D. Isaacs |
| **Filer:** | Jeffrey Isaacs |
| **Attorney Docket Number:** | |

Filed as Micro Entity

## Track I Prioritized Examination - Nonprovisional Application under 35 USC 111(a) Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| BASIC UTILITY PATENT FILING FEE-MCRO-ENT | 3011 | 1 | 70 | 70 |
| Utility Search Fee | 3111 | 1 | 150 | 150 |
| Utility Examination Fee | 3311 | 1 | 180 | 180 |
| Request for Prioritized Examination | 3817 | 1 | 1000 | 1000 |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| Publ. Fee- Early, Voluntary, or Normal | 1504 | 1 | 0 | 0 |
| PROCESSING FEE, EXCEPT PROV. APPLS | 3830 | 1 | 35 | 35 |

**Petition:**

**Patent-Appeals-and-Interference:**

**Post-Allowance-and-Post-Issuance:**

**Extension-of-Time:**

**Miscellaneous:**

| | |
|---|---|
| **Total in USD ($)** | **1435** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 18139650 |
| **Application Number:** | 14174724 |
| **International Application Number:** | |
| **Confirmation Number:** | 6493 |
| **Title of Invention:** | Post-page Caller Name Identification System |
| **First Named Inventor/Applicant Name:** | Jeffrey D. Isaacs |
| **Correspondence Address:** | Jeffrey Isaacs<br>-<br>8 Chase Circle<br>-<br>Fort Washington                 PA               19034<br>US          6102021460<br>jeffrey.isaacs.wg03@wharton.upenn.edu |
| **Filer:** | Jeffrey Isaacs |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | |
| **Receipt Date:** | 06-FEB-2014 |
| **Filing Date:** | |
| **Time Stamp:** | 19:16:34 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $1435 |

| RAM confirmation Number | 5719 |
|---|---|
| Deposit Account | |
| Authorized User | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Certification of Micro Entity (Gross Income Basis) | microfeeg.pdf | 99793 <br> 767c30038c7e8e197ec91fbecb59a74d6d7a8bf2 | no | 2 |

**Warnings:**

**Information:**

| 2 | TrackOne Request | priority.pdf | 116929 <br> 9c65fff0e7175b426ab7c3fd9d5254ba3e823c90 | no | 2 |

**Warnings:**

**Information:**

| 3 | Oath or Declaration filed | oath.pdf | 135890 <br> f6a7c285903207843181c4b18f07b676c4c99861 | no | 2 |

**Warnings:**

**Information:**

| 4 | Abstract | jdiAbstract.pdf | 30922 <br> 9ad915b3e946532b0eb1a73a796085bf8a91ebe8 | no | 1 |

**Warnings:**

**Information:**

| 5 | Specification | jdiSpecification.pdf | 71566 <br> 00d6a72f6b0a956cdaec81c0f561af3c07e61e72 | no | 7 |

**Warnings:**

**Information:**

| 6 | Drawings-only black and white line drawings | jdiDrawings.pdf | 1238564 <br> 422cd30134cdab247ab286b69a2c5c6555ed88c5 | no | 4 |

**Warnings:**

**Information:**

| 7 | Claims | jdiClaims.pdf | 35912 <br> 6338785a91102200c9ac3e29654e6faaf31a82b7 | no | 2 |

**Warnings:**

**Information:**

| 8 | Application Data Sheet | WebADS.pdf | 104791 <br> aa7ad87d1e3b4a6b7cf7cfda3960c1818b5a95c9 | no | 6 |

| Warnings: | | | | | | |
|---|---|---|---|---|---|---|
| **Information:** | | | | | | |
| 9 | Fee Worksheet (SB06) | fee-info.pdf | 39671 | | no | 2 |
| | | | 7f8f3734537c0455eb3ebafca820db9cf085095e | | | |

| Warnings: |
|---|
| **Information:** |

| | Total Files Size (in bytes): | 1874038 |
|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Doc Code: MES.GIB
Document Description: Certification of Micro Entity Status (Gross Income Basis)

PTO/SB/15A (03-13)

## CERTIFICATION OF MICRO ENTITY STATUS
### (GROSS INCOME BASIS)

| Application Number or Control Number (if applicable): | Patent Number (if applicable): |
|---|---|

| First Named Inventor:<br>Jeffrey D. Isaacs | Title of Invention:<br>Post-page Caller Name Identification System |
|---|---|

The applicant hereby certifies the following—

    (1) **SMALL ENTITY REQUIREMENT -** The applicant qualifies as a small entity as defined in 37 CFR 1.27.

    (2) **APPLICATION FILING LIMIT -** Neither the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed U.S. patent applications, excluding provisional applications and international applications under the Patent Cooperation Treaty (PCT) for which the basic national fee under 37 CFR 1.492(a) was not paid, and also excluding patent applications for which the applicant has assigned all ownership rights or is obligated to assign all ownership rights as a result of the applicant's previous employment.

    (3) **GROSS INCOME LIMIT ON APPLICANTS AND INVENTORS -** Neither the applicant nor the inventor nor a joint inventor, in the calendar year preceding the calendar year in which the applicable fee is being paid, had a gross income, as defined in section 61(a) of the Internal Revenue Code of 1986 (26 U.S.C. 61(a)), exceeding the "Maximum Qualifying Gross Income" reported on the USPTO website at http://www.uspto.gov/patents/law/micro_entity.jsp which is equal to three times the median household income for that preceding calendar year, as most recently reported by the Bureau of the Census.

    (4) **GROSS INCOME LIMIT ON PARTIES WITH AN "OWNERSHIP INTEREST" -** Neither the applicant nor the inventor nor a joint inventor has assigned, granted, or conveyed, nor is under an obligation by contract or law to assign, grant, or convey, a license or other ownership interest in the application concerned to an entity that, in the calendar year preceding the calendar year in which the applicable fee is being paid, had a gross income, as defined in section 61(a) of the Internal Revenue Code of 1986, exceeding the "Maximum Qualifying Gross Income" reported on the USPTO website at http://www.uspto.gov/patents/law/micro_entity.jsp which is equal to three times the median household income for that preceding calendar year, as most recently reported by the Bureau of the Census.

### SIGNATURE by a party set forth in 37 CFR 1.33(b)

| Signature | *Jeffrey D. Isaacs* | | | |
|---|---|---|---|---|
| Name | Jeffrey D. Isaacs | | | |
| Date | 2/6/2014 | Telephone | 610-202-1460 | Registration No. |

| ☐ | There is more than one inventor and I am one of the inventors who are jointly identified as the applicant. Additional certification form(s) signed by the other joint inventor(s) are included with this form. |
|---|---|

Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent.  Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent.  If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a).  Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.

2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract.  Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906.  Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive.  Such disclosure shall not be used to make determinations about individuals.

8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151.  Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.

9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

DocCode - SCORE

# SCORE Placeholder Sheet for IFW Content

**Application Number: 14174724**             **Document Date: 02/06/2014**

The presence of this form in the IFW record indicates that the following document type was received in electronic format on the date identified above. This content is stored in the SCORE database.

- Drawings – Other than Black and White Line Drawings

Since this was an electronic submission, there is no physical artifact folder, no artifact folder is recorded in PALM, and no paper documents or physical media exist. The TIFF images in the IFW record were created from the original documents that are stored in SCORE.

To access the documents in the SCORE database, refer to instructions below.

At the time of document entry (noted above):
- Examiners may access SCORE content via the eDAN interface.
- Other USPTO employees can bookmark the current SCORE URL (http://Score.uspto.gov/ScoreAccessWeb/).
- External customers may access SCORE content via the Public and Private PAIR interfaces.

Form Revision Date: September 30, 2013

## PATENT APPLICATION FEE DETERMINATION RECORD
### Substitute for Form PTO-875

| | |
|---|---|
| Application or Docket Number | 14/174,724 |

### APPLICATION AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | SMALL ENTITY RATE($) | FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | FEE($) |
|---|---|---|---|---|---|---|---|
| BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | 70 |
| SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | 150 |
| EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | 180 |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 7   minus 20 = | * | | | OR | x   20   = | 0.00 |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 3   minus 3 = | * | | | | x   105   = | 0.00 |
| APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | 0.00 |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | 0.00 |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | | TOTAL | 400 |

### APPLICATION AS AMENDED - PART II

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE($) | ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT A** | Total (37 CFR 1.16(i)) | * | Minus ** | = | x   = | | OR | x   = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x   = | | OR | x   = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE($) | ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT B** | Total (37 CFR 1.16(i)) | * | Minus ** | = | x   = | | OR | x   = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x   = | | OR | x   = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest found in the appropriate box in column 1.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia  22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 14/174,724 | 02/06/2014 | 2656 | 400 | | 7 | 3 |

**CONFIRMATION NO. 6493**

Jeffrey Isaacs
8 Chase Circle
Fort Washington, PA 19034

**FILING RECEIPT**

*OC000000066762326*

Date Mailed: 02/25/2014

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please submit a written request for a Filing Receipt Correction. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Inventor(s)**

Jeffrey D. Isaacs, Fort Washington, PA;

**Applicant(s)**

Jeffrey D. Isaacs, Fort Washington, PA;

**Power of Attorney:** None

**Domestic Applications for which benefit is claimed - None.**
*A proper domestic benefit claim must be provided in an Application Data Sheet in order to constitute a claim for domestic benefit. See 37 CFR 1.76 and 1.78.*

**Foreign Applications** for which priority is claimed (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.) - None.
*Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.*

**If Required, Foreign Filing License Granted:** 02/21/2014

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 14/174,724**

**Projected Publication Date:**  Request for Non-Publication Acknowledged

**Non-Publication Request:** Yes

**Early Publication Request:** No
**\*\* MICRO ENTITY \*\***

**Title**

      Post-page Caller Name Identification System

**Preliminary Class**

      379

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:** No

## PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4258).

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 14/174,724 | 02/06/2014 | Jeffrey D. Isaacs | |

Jeffrey Isaacs
8 Chase Circle
Fort Washington, PA 19034

**CONFIRMATION NO. 6493**

**FORMALITIES LETTER**


*OC000000066762327*

Date Mailed: 02/25/2014

# NOTICE TO FILE CORRECTED APPLICATION PAPERS

### *Filing Date Granted*

An application number and filing date have been accorded to this application. The application is informal since it does not comply with the regulations for the reason(s) indicated below. Applicant is given TWO MONTHS from the date of this Notice within which to correct the informalities indicated below. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

The required item(s) identified below must be timely submitted to avoid abandonment:

- Replacement drawings in compliance with 37 CFR 1.84 and 37 CFR 1.121(d) are required. The drawings submitted are not acceptable because:
  - Numbers, letters, and reference characters on the drawings must measure at least 0.32 cm (1/8 inch) in height. See Figure(s) 3.

Applicant is cautioned that correction of the above items may cause the specification and drawings page count to exceed 100 pages. If the specification and drawings exceed 100 pages, applicant will need to submit the required application size fee.

Replies must be received in the USPTO within the set time period or must include a proper Certificate of Mailing or Transmission under 37 CFR 1.8 with a mailing or transmission date within the set time period. For more information and a suggested format, see Form PTO/SB/92 and MPEP 512.

Replies should be mailed to:

Mail Stop Missing Parts
Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450

Registered users of EFS-Web may alternatively submit their reply to this notice via EFS-Web, including a copy of this Notice and selecting the document description "Applicant response to Pre-Exam Formalities Notice". https://sportal.uspto.gov/authenticate/AuthenticateUserLocalEPF.html

For more information about EFS-Web please call the USPTO Electronic Business Center at **1-866-217-9197** or visit our website at http://www.uspto.gov/ebc.

If you are not using EFS-Web to submit your reply, you must include a copy of this notice.

/mbelay/

_____

Office of Data Management, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

FIG. 1A



SS7 call provisioning to  CNAM Caller ID landline phone

617-555-1212
SMITH, ROB

FIG. 1B



SS7 call provisioning to non-CNAM Caller ID mobile phone

6175551212

BOSTON MA

FIG. 1C



SS7 call provisioning to non-CNAM Caller ID VOIP phone

INCOMING CALL FROM
617-555-1212

**FIG. 2**



**FIG. 3**



Start

Called party receives calling party CID (phone number) on phone without CNAM Caller ID functionality — 100

Called party enters CID into the CID entry interface — 101

The CID is checked against the system opt-out database — 102

An SS7 session is initated if not already open — 103

A Global Title Translation is performed via SS7 to locate the calling party's carrier CNAM database, if not known — 104

An SS7 query containing the CID is sent via GR-1188 or equivalent to the CNAM database — 105

The calling party's CNAM is returned to the SS7 requesting session — 106

The CNAM information is presented to the user — 107

End

Fig. 4



# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 18517810 |
| **Application Number:** | 14174724 |
| **International Application Number:** | |
| **Confirmation Number:** | 6493 |
| **Title of Invention:** | Post-page Caller Name Identification System |
| **First Named Inventor/Applicant Name:** | Jeffrey D. Isaacs |
| **Correspondence Address:** | Jeffrey Isaacs<br>-<br>8 Chase Circle<br>-<br>Fort Washington        PA        19034<br>US        6102021460<br>jeffrey.isaacs.wg03@wharton.upenn.edu |
| **Filer:** | Jeffrey D. Isaacs |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | |
| **Receipt Date:** | 19-MAR-2014 |
| **Filing Date:** | 06-FEB-2014 |
| **Time Stamp:** | 09:54:46 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Applicant Response to Pre-Exam Formalities Notice | jdidrawingsrv.pdf | 1142617<br>1b789c911766acb3c7cbbecf21e8f5a234a9c143 | no | 4 |

| Warnings: |
|---|
| **Information:** |

| | Total Files Size (in bytes): | 1142617 |
|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

To: EES   Page 1 of 1          2014-03-19 17:39:41 (GMT)          **RECEIVED**          3105640432   From: FAX :

**CENTRAL FAX CENTER**

**MAR 19 2014**

PTO/SB/122 (11-08)
Approved for use through 11/30/2011. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| CHANGE OF CORRESPONDENCE ADDRESS *Application* | Application Number | 14174724 |
|---|---|---|
| | Filing Date | 06-FEB-2014 |
| | First Named Inventor | Jeffrey D. Isaacs |
| Address to: Commissioner for Patents P.O. Box 1450 Alexandria, VA 22313-1450 | Art Unit | |
| | Examiner Name | |
| | Attorney Docket Number | |

Please change the Correspondence Address for the above-identified patent application to:

☑ The address associated with Customer Number:    121712

**OR**

☐ Firm or Individual Name

Address

| City | State | Zip |
|---|---|---|

Country

| Telephone | Email |
|---|---|

This form cannot be used to change the data associated with a Customer Number. To change the data associated with an existing Customer Number use "Request for Customer Number Data Change" (PTO/SB/124).

I am the:

☑ Applicant/Inventor

☐ Assignee of record of the entire interest. Statement under 37 CFR 3.73(b) is enclosed. (Form PTO/SB/96).

☐ Attorney or agent of record. Registration Number _____.

☐ Registered practitioner named in the application transmittal letter in an application without an executed oath or declaration. See 37 CFR 1.33(a)(1). Registration Number_____.

| Signature | *Jeffrey D. Isaacs* |
|---|---|
| Typed or Printed Name | Jeffrey D. Isaacs |
| Date  March 19, 2014 | Telephone 610-202-1460 |

NOTE: Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required. Submit multiple forms if more than one signature is required, see below*.

☑ *Total of _1_ forms are submitted.

This collection of information is required by 37 CFR 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete,

To: EBA   Page 1 of 1   2014-03-19 17:42:47 (GMT)   3105640432   From: PAX :

RECEIVED
CENTRAL FAX CENTER

MAR 19 2014

PTO/SB/122 (11-08)
Approved for use through 11/30/2011. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| CHANGE OF CORRESPONDENCE ADDRESS *Application* | Application Number | 14174724 |
| --- | --- | --- |
| | Filing Date | 06-FEB-2014 |
| | First Named Inventor | Jeffrey D. Isaacs |
| Address to:<br>Commissioner for Patents<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | Art Unit | |
| | Examiner Name | |
| | Attorney Docket Number | |

Please change the Correspondence Address for the above-identified patent application to:

☑ The address associated with Customer Number: | 121712

*OR*

☐ Firm or Individual Name

Address

| City | State | Zip |
| --- | --- | --- |

Country

| Telephone | Email |
| --- | --- |

This form cannot be used to change the data associated with a Customer Number. To change the data associated with an existing Customer Number use "Request for Customer Number Data Change" (PTO/SB/124).

I am the:

☑ Applicant/Inventor

☐ Assignee of record of the entire interest.
Statement under 37 CFR 3.73(b) is enclosed. (Form PTO/SB/96).

☐ Attorney or agent of record. Registration Number _____.

☐ Registered practitioner named in the application transmittal letter in an application without an executed oath or declaration. See 37 CFR 1.33(a)(1). Registration Number_____.

| Signature | *Jeffrey D. Isaacs* |
| --- | --- |
| Typed or Printed Name | Jeffrey D. Isaacs |
| Date  March 19, 2014 | Telephone  610-202-1460 |

NOTE: Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required. Submit multiple forms if more than one signature is required, see below*.

☑ *Total of  1  forms are submitted.

This collection of information is required by 37 CFR 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO

RECEIVED
CENTRAL FAX CENTER

MAR 19 2014

PTO/SB/122 (11-08)
Approved for use through 11/30/2011. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# CHANGE OF CORRESPONDENCE ADDRESS
## *Application*

Address to:
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

| | |
|---|---|
| Application Number | 14174724 |
| Filing Date | 06-FEB-2014 |
| First Named Inventor | Jeffrey D. Isaacs |
| Art Unit | |
| Examiner Name | |
| Attorney Docket Number | |

Please change the Correspondence Address for the above-identified patent application to:

☑ The address associated with Customer Number:      | 121712 |

**OR**

☐ Firm or Individual Name

Address

| City | State | Zip |
|---|---|---|
| | | |

Country

| Telephone | Email |
|---|---|
| | |

This form cannot be used to change the data associated with a Customer Number. To change the data associated with an existing Customer Number use "Request for Customer Number Data Change" (PTO/SB/124).

I am the:

☑ Applicant/Inventor

☐ Assignee of record of the entire interest.
Statement under 37 CFR 3.73(b) is enclosed. (Form PTO/SB/96).

☐ Attorney or agent of record. Registration Number _____

☐ Registered practitioner named in the application transmittal letter in an application without an executed oath or declaration. See 37 CFR 1.33(a)(1). Registration Number_____

| Signature | *Jeffrey D. Isaacs* |
|---|---|
| Typed or Printed Name | Jeffrey D. Isaacs |
| Date March 19, 2014 | Telephone 610-202-1460 |

NOTE: Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required. Submit multiple forms if more than one signature is required, see below*.

☑ *Total of 1 forms are submitted.

This collection of information is required by 37 CFR 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on

DocCode - SCORE

# SCORE Placeholder Sheet for IFW Content

Application Number: 14174724            Document Date: 03/19/2014

The presence of this form in the IFW record indicates that the following document type was received in electronic format on the date identified above. This content is stored in the SCORE database.

- Drawings – Other than Black and White Line Drawings

Since this was an electronic submission, there is no physical artifact folder, no artifact folder is recorded in PALM, and no paper documents or physical media exist. The TIFF images in the IFW record were created from the original documents that are stored in SCORE.

To access the documents in the SCORE database, refer to instructions below.

At the time of document entry (noted above):
- Examiners may access SCORE content via the eDAN interface.
- Other USPTO employees can bookmark the current SCORE URL (http://Score.uspto.gov/ScoreAccessWeb/).
- External customers may access SCORE content via the Public and Private PAIR interfaces.

Form Revision Date: September 30, 2013

## PATENT APPLICATION FEE DETERMINATION RECORD
### Substitute for Form PTO-875

Application or Docket Number
**14/174,724**

### APPLICATION AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY RATE($) | SMALL ENTITY FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY FEE($) |
|---|---|---|---|---|---|---|---|
| BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | 70 |
| SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | 150 |
| EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | 180 |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 7  minus 20 = | * | | | OR | x  20  = | 0.00 |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 3  minus 3 = | * | | | | x  105  = | 0.00 |
| APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | 0.00 |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | 0.00 |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | | TOTAL | 400 |

### APPLICATION AS AMENDED - PART II

| AMENDMENT A | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE($) | ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * | Minus ** | = | x  = | | OR | x  = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x  = | | OR | x  = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

| AMENDMENT B | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE($) | ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * | Minus ** | = | x  = | | OR | x  = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x  = | | OR | x  = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest found in the appropriate box in column 1.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 14/174,724 | 02/06/2014 | 2656 | 400 | | 7 | 3 |

**CONFIRMATION NO. 6493**

Jeffrey Isaacs
8 Chase Circle
Fort Washington, PA 19034

**UPDATED FILING RECEIPT**



*OC000000067273781*

Date Mailed: 03/21/2014

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please submit a written request for a Filing Receipt Correction. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Inventor(s)**

Jeffrey D. Isaacs, Fort Washington, PA;

**Applicant(s)**

Jeffrey D. Isaacs, Fort Washington, PA;

**Power of Attorney:** None

**Domestic Applications for which benefit is claimed - None.**
*A proper domestic benefit claim must be provided in an Application Data Sheet in order to constitute a claim for domestic benefit. See 37 CFR 1.76 and 1.78.*

**Foreign Applications** for which priority is claimed (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.) - None.
*Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.*

**If Required, Foreign Filing License Granted:** 02/21/2014

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 14/174,724**

**Projected Publication Date:** Request for Non-Publication Acknowledged

**Non-Publication Request:** Yes

**Early Publication Request:** No
**\*\* MICRO ENTITY \*\***

**Title**

      Post-page Caller Name Identification System

**Preliminary Class**

      379

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:** No

## PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4258).

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.

 UNITED STATES PATENT AND TRADEMARK OFFICE



Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

Jeffrey Isaacs
8 Chase Circle
Fort Washington PA 19034

Doc Code: TRACK1.GRANT

| **Decision Granting Request for Prioritized Examination (Track I or After RCE)** | Application No.: 14/174,724 |
| --- | --- |

1.     THE REQUEST FILED    February 6, 2014    IS **GRANTED**.

    The above-identified application has met the requirements for prioritized examination
    A.    ☒   for an original nonprovisional application (Track I).
    B.    ☐   for an application undergoing continued examination (RCE).

2.     **The above-identified application will undergo prioritized examination.** The application will be accorded special status throughout its entire course of prosecution until one of the following occurs:

    A.     filing a **petition for extension of time** to extend the time period for filing a reply;

    B.     filing an **amendment to amend the application to contain more than four independent claims, more than thirty total claims**, or a multiple dependent claim;

    C.     filing a **request for continued examination**;

    D.     filing a notice of appeal;

    E.     filing a request for suspension of action;

    F.     mailing of a notice of allowance;

    G.     mailing of a final Office action;

    H.     completion of examination as defined in 37 CFR 41.102; or

    I.     abandonment of the application.

Telephone inquiries with regard to this decision should be directed to Brian W. Brown at 571-272-5338.

/Brian W. Brown/                            Petitions Examiner, Office of Petitions
[*Signature*]                                    (Title)



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/174,724 | 02/06/2014 | Jeffrey D. Isaacs | | 6493 |

121712          7590          04/16/2014
Jeffrey D. Isaacs
8 Chase Circle
Fort Washington, PA 19034

| EXAMINER |
|---|
| TRAN, QUOC DUC |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2656 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 04/16/2014 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| **Office Action Summary** | **Application No.**<br>14/174,724 | **Applicant(s)**<br>ISAACS, JEFFREY D. |
|---|---|---|
| | **Examiner**<br>QUOC D. TRAN | **Art Unit**<br>2656 | **AIA (First Inventor to File)**<br>**Status**<br>Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on _2/6/2014_.
  ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL**.  2b) ☒ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims*

5) ☒ Claim(s) _1-7_ is/are pending in the application.
  5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☒ Claim(s) _1-7_ is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.
* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

## Application Papers

10) ☐ The specification is objected to by the Examiner.
11) ☒ The drawing(s) filed on _2/6/2014_ is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
  Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
  Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
  **Certified copies:**
  a) ☐ All  b) ☐ Some**  c) ☐ None of the:
  1. ☐ Certified copies of the priority documents have been received.
  2. ☐ Certified copies of the priority documents have been received in Application No. _____.
  3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**
1) ☒ Notice of References Cited (PTO-892)
2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date _____.
3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.
4) ☐ Other: _____.

Application/Control Number: 14/174,724                                    Page 2
Art Unit: 2656

1.      The present application, filed on or after March 16, 2013, is being examined under the

first inventor to file provisions of the AIA.

### *Drawings*

2.      Figure 1A-1C should be designated by a legend such as --Prior Art-- because only that

which is old is illustrated.  See MPEP § 608.02(g).  Corrected drawings in compliance with 37

CFR 1.121(d) are required in reply to the Office action to avoid abandonment of the application.

The replacement sheet(s) should be labeled "Replacement Sheet" in the page header (as per 37

CFR 1.84(c)) so as not to obstruct any portion of the drawing figures. If the changes are not

accepted by the examiner, the applicant will be notified and informed of any required corrective

action in the next Office action. The objection to the drawings will not be held in abeyance.

### *Notice*

3.      In the event the determination of the status of the application as subject to AIA 35 U.S.C.

102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the

statutory basis for the rejection will not be considered a new ground of rejection if the prior art

relied upon, and the rationale supporting the rejection, would be the same under either status.

### *Claim Rejections - 35 USC § 101*

4.      35 U.S.C. 101 reads as follows:

> Whoever invents or discovers any new and useful process, machine, manufacture, or composition of
> matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the
> conditions and requirements of this title.

Claims 4-7 are rejected under 35 U.S.C. 101 as not falling within one of the four statutory

categories of invention. Supreme Court precedent[1] and recent Federal Circuit decisions[2] indicate

---

[1]   *Diamond v. Diehr*, 450 U.S. 175, 184 (1981); *Parker v. Flook*, 437 U.S. 584, 588 n.9 (1978); *Gottschalk v.
Benson*, 409 U.S. 63, 70 (1972); *Cochrane v. Deener*, 94 U.S. 780, 787-88 (1876).

[2]   *In re Bilski*, 88 USPQ2d 1385 (Fed. Cir. 2008).

Application/Control Number: 14/174,724                                             Page 3
Art Unit: 2656

that a statutory "process" under 35 U.S.C. 101 must (1) be tied to another statutory category (such as a particular apparatus), or (2) transform underlying subject matter (such as an article or material) to a different state or thing.  While the instant claim recites a series of steps or acts to be performed, the claim neither transforms underlying subject matter nor is positively tied to another statutory category that accomplishes the claimed method steps, and therefore does not qualify as a statutory process. For example the method including steps of receiving CID, entry of CID by user, perform CNAM database query and displaying result is of sufficient breadth that it would be reasonably interpreted as a series of steps completely performed mentally, verbally or without a machine.  **The claim language itself is sufficiently broad to read on as a user entering a telephone number search request on a computer to query a name and display thereof.**

## *Claim Rejections - 35 USC § 103*

5.      The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness

rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102 of this title, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains.  Patentability shall not be negated by the manner in which the invention was made.

6.      Claims 1-7 are rejected under 35 U.S.C. 103 as being unpatentable over Fronczak et al

(2008/0240383) in view of Zerillo (2013/0287196).

        Consider claims 1, 4 and 7, Fronczak et al teach a system and method for providing post-

page caller name identification service, comprising: (a) an SS7 interfacing switch or node (par.

0010-0011; 0017); (c) a CNAM database query function regulated by the SS7 interface (par.

0030-0032; 0036-0039); and (d) a user interface element for displaying the successfully queried

calling party CNAM (par. 0020; 0040; 0045).

        Fronczak et al disclose the calling party name system and method that automatically

query for the calling party name using the received caller telephone number. Fronczak et al lack

Application/Control Number: 14/174,724                                          Page 4
Art Unit: 2656

the manual step of requiring the user to enter the caller ID number into the system (*i.e., a CID entry interface which permits the user to enter a post-page CID into the system*).

In the same field of endeavor, Zerillo teaches a system and method for providing calling part name service to private branch telephone stations where the system alternative enable the user to selectively determine which incoming call will be query for calling party name (par. 0006; 0008; 0036). Therefore, it would have been obvious to one of the ordinary skill in the art before the effective filing date of the claimed invention to utilize the teaching Zerillo into view of Fronczak et al and the result would have been predictable and resulted in providing manual entry (i.e., user selectively determine) of the incoming call data for querying of the calling party name thereby reduce service cost.

Consider claim 2, as discussed above, Fronczak et al teach wherein said CID entry and CNAM display user interface elements are located on a separate end-user smartphone or TCP/IP connected personal computer (par. 0012).

Consider claim 3, the combination does not explicitly suggest wherein said user CID entry and CNAM display functions are interfaced via JSON (javascript object notation) to the SS7 interfacing switch. Fronczak et al utilize extensible markup language (XML) (see par. 0033). However, it is a design choice to utilize a different protocol such as JSON. Therefore, it would have been obvious to one of the ordinary skill in the art to utilize different protocols to obtain or arrives with the same or similar result.

Consider claim 5, Fronczak et al teach performs a Global Title Translation prior to the said CNAM Database Query (par. 0035; determine appropriate ISCP).

Application/Control Number: 14/174,724                                        Page 5
Art Unit: 2656

        Consider claim 6, Fronczak et al teach confirms that the CID is not subject to system opt-

out privacy controls; and confirms that the CID paged a telephonic device owned or operated by

the end-user (par. 0026; enabling or disabled).

***Conclusion***

7.      The prior art made of record and not relied upon is considered pertinent to applicant's

disclosure.

8.      Any response to this action should be mailed to:

                    Mail Stop _____(explanation, e.g., Amendment or After-final, etc.)
                    Commissioner for Patents
                    P.O. Box 1450
                    Alexandria, VA 22313-1450
             Facsimile responses should be faxed to:
                    **(571) 273-8300**
             Hand-delivered responses should be brought to:
                    Customer Service Window
                    Randolph Building
                    401 Dulany Street
                    Alexandria, VA 22314
        Any inquiry concerning this communication or earlier communications from the
examiner should be directed to **Quoc Tran** whose telephone number is **(571) 272-7511**.  The
examiner can normally be reached on Monday-Friday from 8:00 to 4:30 PM.
        If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, **Curtis Kuntz**, can be reached on **(571) 272-7499**.
        Any inquiry of a general nature or relating to the status of this application or proceeding
should be directed to the **Technology Center 2600** whose telephone number is **(571) 272-2600**.
        Information regarding the status of an application may be obtained from the Patent
Application Information Retrieval (PAIR) system.  Status information for published applications
may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished
applications is available through Private PAIR only.  For more information about the PAIR
system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR
system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).


/Quoc D Tran/
Primary Examiner, Art Unit 2656
April 15, 2014

| *Notice of References Cited* | Application/Control No.<br>14/174,724 | Applicant(s)/Patent Under Reexamination<br>ISAACS, JEFFREY D. | |
|---|---|---|---|
| | Examiner<br>QUOC D. TRAN | Art Unit<br>2656 | Page 1 of 1 |

### U.S. PATENT DOCUMENTS

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-8,625,762 | 01-2014 | White et al. | 379/142.06 |
| * | B | US-5,457,738 | 10-1995 | Sylvan, Loren M. | 379/93.23 |
| * | C | US-2013/0287196 | 10-2013 | Zerillo, Anthony | 379/142.06 |
| * | D | US-2009/0328118 | 12-2009 | Ravishankar et al. | 725/106 |
| * | E | US-2008/0240383 | 10-2008 | FRONCZAK et al. | 379/88.19 |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

### FOREIGN PATENT DOCUMENTS

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

### NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L2 | 29 | json adj protocol | US-PGPUB; USPAT | OR | ON | 2014/04/15 20:21 |
| L3 | 1 | "20130287196" | US-PGPUB; USPAT | OR | ON | 2014/04/15 20:25 |
| L4 | 1 | 3 and protocol | US-PGPUB; USPAT | OR | ON | 2014/04/15 20:25 |
| L5 | 2 | "20080240383" | US-PGPUB; USPAT | OR | ON | 2014/04/15 20:42 |
| L8 | 0 | 5 and privacy | US-PGPUB; USPAT | OR | ON | 2014/04/15 20:46 |
| S1 | 1 | Isaacs-jeff$9 | US-PGPUB; USPAT | OR | ON | 2014/04/15 11:03 |
| S2 | 118 | (SS7 same CNAM) | US-PGPUB; USPAT | OR | ON | 2014/04/15 11:03 |
| S3 | 110 | S2 and query$4 | US-PGPUB; USPAT | OR | ON | 2014/04/15 11:04 |
| S4 | 25 | S2 and (called near5 query$4) | US-PGPUB; USPAT | OR | ON | 2014/04/15 11:04 |
| S5 | 1 | S2 and gr-1188 | US-PGPUB; USPAT | OR | ON | 2014/04/15 11:05 |
| S6 | 634 | tran-quoc$.xp. | US-PGPUB; USPAT | OR | ON | 2014/04/15 11:08 |
| S7 | 18 | S6 and cnam | US-PGPUB; USPAT | OR | ON | 2014/04/15 11:08 |
| S8 | 27 | S2 and privacy | US-PGPUB; USPAT | OR | ON | 2014/04/15 11:14 |
| S9 | 827 | 379/142.$.ccls. | US-PGPUB | OR | ON | 2014/04/15 11:18 |
| S10 | 740 | S9 AND ( (H04M3/42042 OR H04M15/06 OR H04M3/42059 OR H04M1/57 OR H04M1/575 OR H04M3/436 OR H04M3/42068 OR H04M1/663 OR H04M2201/38 OR H04M2242/22 OR H04M3/42 OR H04M3/42102 OR H04M3/42365 OR H04M1/56 OR H04M1/72519 OR H04M3/42093 OR | US-PGPUB | OR | ON | 2014/04/15 11:19 |

H04M3/4211 OR H04M3/42153 OR
H04M3/42195 OR H04M3/42382 OR
H04M3/4365 OR H04M15/00 OR H04M1/2535
OR H04M2242/30 OR H04M3/38 OR
H04M3/42348 OR H04M3/42357 OR
H04M3/4931 OR H04M7/0033 OR H04M7/0069
OR H04M1/247 OR H04M1/665 OR H04M1/723
OR H04M1/72547 OR H04M1/72561 OR
H04M1/72566 OR H04M2201/40 OR
H04M2203/2072 OR H04M2203/654 OR
H04M2203/655 OR H04M2207/12 OR
H04M2250/60 OR H04M3/02 OR H04M3/2218
OR H04M3/42161 OR H04M3/42187 OR
H04M3/42221 OR H04M3/42263 OR
H04M3/4228 OR H04M3/42314 OR
H04M3/42323 OR H04M3/465 OR H04M3/48
OR H04M3/4872 OR H04M3/493 OR
H04M3/523 OR H04M3/533 OR H04M3/543 OR
H04M7/12 OR H04M11/00 OR H04M11/025 OR
H04M11/085 OR H04M15/08 OR H04M15/43
OR H04M15/44 OR H04M15/56 OR
H04M15/745 OR H04M15/8044 OR H04M15/88
OR H04M15/881 OR H04M15/882 OR
H04M15/888 OR H04M17/02 OR H04M19/04
OR H04M1/2478 OR H04M1/2745 OR
H04M1/274508 OR H04M1/274575 OR
H04M1/573 OR H04M1/578 OR H04M1/64 OR
H04M1/65 OR H04M1/656 OR H04M1/667 OR
H04M1/72569 OR H04M1/72572 OR
H04M1/72577 OR H04M1/72597 OR
H04M1/738 OR H04M1/82 OR H04M2201/12
OR H04M2201/18 OR H04M2201/42 OR
H04M2203/055 OR H04M2203/152 OR
H04M2203/158 OR H04M2203/2011 OR
H04M2203/2016 OR H04M2203/2094 OR
H04M2203/253 OR H04M2203/306 OR
H04M2203/4509 OR H04M2203/4536 OR
H04M2203/5063 OR H04M2203/551 OR
H04M2203/558 OR H04M2203/6009 OR
H04M2203/6027 OR H04M2203/6045 OR
H04M2203/6081 OR H04M2207/203 OR
H04M2215/0192 OR H04M2242/28 OR
H04M2250/10 OR H04M2250/22 OR
H04M2250/66 OR H04M3/10 OR H04M3/2254
OR H04M3/2281 OR H04M3/382 OR
H04M3/42008 OR H04M3/42017 OR
H04M3/42051 OR H04M3/42085 OR
H04M3/42229 OR H04M3/42272 OR
H04M3/42306 OR H04M3/42374 OR
H04M3/4285 OR H04M3/4288 OR H04M3/4878
OR H04M3/51 OR H04M3/5116 OR
H04M3/5191 OR H04M3/53308 OR
H04M3/53325 OR H04M3/537 OR H04M3/54
OR H04M3/545 OR H04M3/546 OR H04M3/56
OR H04M7/0009 OR H04M7/0012 OR
H04M7/003 OR H04M7/0036 OR H04M7/0057
OR H04M7/006 OR H04M7/0075 OR
H04M7/0081 OR H04M7/06 OR H04M7/1205
OR H04M7/125 OR H04M7/1275).CPC. )

| | | | US-PGPUB | | | |
|------|----|-------------------------------------------|----------|----|----|---------------------|
| S11 | 10 | national near5 CNAM | US-PGPUB | OR | ON | 2014/04/15 12:42 |
| S12 | 3 | calling adj2 name same (("not" or non) adj3 subscrib$9) | US-PGPUB | OR | ON | 2014/04/15 12:44 |

| S13 | 827 | 379/142.$.ccls. | US-PGPUB | OR | ON | 2014/04/15 12:49 |
|---|---|---|---|---|---|---|
| S14 | 740 | S13 AND ( (H04M3/42042 OR H04M15/06 OR H04M3/42059 OR H04M1/57 OR H04M1/575 OR H04M3/436 OR H04M3/42068 OR H04M1/663 OR H04M2201/38 OR H04M2242/22 OR H04M3/42 OR H04M3/42102 OR H04M3/42365 OR H04M1/56 OR H04M1/72519 OR H04M3/42093 OR H04M3/4211 OR H04M3/42153 OR H04M3/42195 OR H04M3/42382 OR H04M3/4365 OR H04M15/00 OR H04M1/2535 OR H04M2242/30 OR H04M3/38 OR H04M3/42348 OR H04M3/42357 OR H04M3/4931 OR H04M7/0033 OR H04M7/0069 OR H04M1/247 OR H04M1/665 OR H04M1/723 OR H04M1/72547 OR H04M1/72561 OR H04M1/72566 OR H04M2201/40 OR H04M2203/2072 OR H04M2203/654 OR H04M2203/655 OR H04M2207/12 OR H04M2250/60 OR H04M3/02 OR H04M3/2218 OR H04M3/42161 OR H04M3/42187 OR H04M3/42221 OR H04M3/42263 OR H04M3/4228 OR H04M3/42314 OR H04M3/42323 OR H04M3/465 OR H04M3/48 OR H04M3/4872 OR H04M3/493 OR H04M3/523 OR H04M3/533 OR H04M3/543 OR H04M7/12 OR H04M11/00 OR H04M11/025 OR H04M11/085 OR H04M15/08 OR H04M15/43 OR H04M15/44 OR H04M15/56 OR H04M15/745 OR H04M15/8044 OR H04M15/88 OR H04M15/881 OR H04M15/882 OR H04M15/888 OR H04M17/02 OR H04M19/04 OR H04M1/2478 OR H04M1/2745 OR H04M1/274508 OR H04M1/274575 OR H04M1/573 OR H04M1/578 OR H04M1/64 OR H04M1/65 OR H04M1/656 OR H04M1/667 OR H04M1/72569 OR H04M1/72572 OR H04M1/72577 OR H04M1/72597 OR H04M1/738 OR H04M1/82 OR H04M2201/12 OR H04M2201/18 OR H04M2201/42 OR H04M2203/055 OR H04M2203/152 OR H04M2203/158 OR H04M2203/2011 OR H04M2203/2016 OR H04M2203/2094 OR H04M2203/253 OR H04M2203/306 OR H04M2203/4509 OR H04M2203/4536 OR H04M2203/5063 OR H04M2203/551 OR H04M2203/558 OR H04M2203/6009 OR H04M2203/6027 OR H04M2203/6045 OR H04M2203/6081 OR H04M2207/203 OR H04M2215/0192 OR H04M2242/28 OR H04M2250/10 OR H04M2250/22 OR H04M2250/66 OR H04M3/10 OR H04M3/2254 OR H04M3/2281 OR H04M3/382 OR H04M3/42008 OR H04M3/42017 OR H04M3/42051 OR H04M3/42085 OR H04M3/42229 OR H04M3/42272 OR H04M3/42306 OR H04M3/42374 OR H04M3/4285 OR H04M3/4288 OR H04M3/4878 OR H04M3/51 OR H04M3/5116 OR H04M3/5191 OR H04M3/53308 OR H04M3/53325 OR H04M3/537 OR H04M3/54 OR H04M3/545 OR H04M3/546 OR H04M3/56 OR H04M7/0009 OR H04M7/0012 OR | US-PGPUB | OR | ON | 2014/04/15 13:24 |

| | | H04M7/003 OR H04M7/0036 OR H04M7/0057 OR H04M7/006 OR H04M7/0075 OR H04M7/0081 OR H04M7/06 OR H04M7/1205 OR H04M7/125 OR H04M7/1275).CPC. ) | | | | |
|---|---|---|---|---|---|---|
| S15 | 0 | S14 and (private near5 cnam) | US-PGPUB | OR | ON | 2014/04/15 13:24 |
| S16 | 0 | S14 and (internet near5 cnam) | US-PGPUB | OR | ON | 2014/04/15 13:24 |
| S17 | 28 | S14 and (localnear5 cnam) | US-PGPUB | OR | ON | 2014/04/15 13:25 |
| S18 | 0 | S14 and (local near5 cnam) | US-PGPUB | OR | ON | 2014/04/15 13:25 |
| S19 | 28 | S14 and (cnam) | US-PGPUB | OR | ON | 2014/04/15 13:25 |
| S23 | 167 | called same search same (caller adj3 name) | US-PGPUB; USPAT | OR | ON | 2014/04/15 16:24 |
| S24 | 39 | called near5 search same (caller adj3 name) | US-PGPUB; USPAT | OR | ON | 2014/04/15 16:24 |
| S25 | 41 | called near5 search$4 same (caller adj3 name) | US-PGPUB; USPAT | OR | ON | 2014/04/15 16:24 |
| S26 | 78 | called near5 (search$4 or query$4) same (caller adj3 name) | US-PGPUB; USPAT | OR | ON | 2014/04/15 16:24 |
| S27 | 1 | called near5 (search$4 or query$4) same (caller adj3 name) same interface | US-PGPUB; USPAT | OR | ON | 2014/04/15 16:24 |
| S28 | 8 | ("5457738" | "5940484" | "6298128" | "6353664" | "6449351" | "6459782" | "6496569" | "6539080").PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/04/15 16:31 |
| S29 | 2 | called near5 search near5 (caller adj3 name) | US-PGPUB; USPAT | OR | ON | 2014/04/15 16:36 |
| S30 | 1 | called near5 input$ same search same (caller adj3 name) | US-PGPUB; USPAT | OR | ON | 2014/04/15 16:36 |

**4/ 15/ 2014 8:55:45 PM**
**C:\ Users\ qtran\ Documents\ EAST\ Workspaces\ 14174724.wsp**

| **Search Notes** | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14174724 | ISAACS, JEFFREY  D. |
| | Examiner | Art Unit |
| | QUOC D TRAN | 2656 |

## CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| H04M1/26; H04M1/274508; H04M1/2745; H04M1/66; H04M1/663; H04M1/72519;  H04M1/72547 | 4/15/2014 | QT |

## CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 379 | 142.01, 142.04, 142.1, 142.11; 142.15 | 4/15/2014 | QT |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| inventor name search | 4/15/2014 | QT |
| EAST text search | 4/15/2014 | QT |

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

| | |
|---|---|
| | |



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## BIB DATA SHEET

**CONFIRMATION NO. 6493**

| SERIAL NUMBER | FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 14/174,724 | 02/06/2014 | 379 | 2656 | |
| | RULE | | | |

**APPLICANTS**

**INVENTORS**
   Jeffrey D. Isaacs, Fort Washington, PA;

**\*\* CONTINUING DATA \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**\*\* FOREIGN APPLICATIONS \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**\*\* IF REQUIRED, FOREIGN FILING LICENSE GRANTED \*\* \*\* MICRO ENTITY \*\***
   02/21/2014

| Foreign Priority claimed ☐ Yes ☑ No | ☐ Met after Allowance | STATE OR COUNTRY | SHEETS DRAWINGS | TOTAL CLAIMS | INDEPENDENT CLAIMS |
|---|---|---|---|---|---|
| 35 USC 119(a-d) conditions met ☐ Yes ☑ No | | | | | |
| Verified and Acknowledged   /QUOC DUC TRAN/   Examiner's Signature | QT  Initials | PA | 4 | 7 | 3 |

**ADDRESS**

   Jeffrey D. Isaacs
   8 Chase Circle
   Fort Washington, PA 19034
   UNITED STATES

**TITLE**

   Post-page Caller Name Identification System

| FILING FEE RECEIVED | FEES: Authority has been given in Paper No._____ to charge/credit DEPOSIT ACCOUNT No._____ for following: | |
|---|---|---|
| 400 | | ☐ All Fees |
| | | ☐ 1.16 Fees (Filing) |
| | | ☐ 1.17 Fees (Processing Ext. of time) |
| | | ☐ 1.18 Fees (Issue) |
| | | ☐ Other _____ |
| | | ☐ Credit |

BIB (Rev. 05/07).

| | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| ***Index of Claims*** | 14174724 | ISAACS, JEFFREY  D. |
| | **Examiner** | **Art Unit** |
| | QUOC D TRAN | 2656 |

| ✓ | **Rejected** | | - | **Cancelled** | | N | **Non-Elected** | | A | **Appeal** |
|---|---|---|---|---|---|---|---|---|---|---|
| = | **Allowed** | | ÷ | **Restricted** | | I | **Interference** | | O | **Objected** |

☐ **Claims renumbered in the same order as presented by applicant**    ☐ CPA    ☐ T.D.    ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 04/15/2014 | | | | | | | | |
| | 1 | ✓ | | | | | | | | |
| | 2 | ✓ | | | | | | | | |
| | 3 | ✓ | | | | | | | | |
| | 4 | ✓ | | | | | | | | |
| | 5 | ✓ | | | | | | | | |
| | 6 | ✓ | | | | | | | | |
| | 7 | ✓ | | | | | | | | |

**In The United States Patent and Trademark Office**

| | | | |
|---|---|---|---|
| Appl. No. | : | 14/174,724 | Confirmation No. 6493 |
| Applicant | : | Jeffrey D. Isaacs | |
| Filed | : | 02/06/2014 | |
| TC/A.U. | : | 2656 | |
| Examiner | : | Quoc Duc Tran | |
| Title | : | Post-page Caller Name Identification System | |
| Customer No. : | | 121712 | |

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## AMENDMENT

Sir:

        In response to the Office action mailed on April 16, 2014, please amend the above-captioned application as follows:

**Amendments to the Claims** are reflected in the listing of claims, which begin on page 2 of this document.

**Amendments to the Drawings** begin on page 4 of this document and include an attached replacement sheet.

**Remarks** begin of page 5 of this document.

An **Appendix** including amended drawing figures and evidence of commercial success follow the Remarks section.

Appl. No. 14/174,724
Amdt. dated Apr. 30, 2014
Reply to Office action mailed Apr. 16, 2014

**Amendments to the Claims**

This listing of claims shall replace all prior versions of claims in this application:

**Listing of Claims:**

*Claim #1 (original):*

A system for providing post-page caller name identification service, comprising:

    (a) an SS7 interfacing switch or node;

    (b) a CID entry interface which permits the user to enter a post-page CID into the system;

    (c) a CNAM database query function regulated by the SS7 interface; and

    (d) a user interface element for displaying the successfully queried calling party CNAM.

*Claim #2 (original):*

The system of claim 1, wherein said CID entry and CNAM display user interface elements are located on a separate end-user smartphone or TCP/IP connected personal computer.

*Claim #3 (original):*

The system of claim 1, wherein said user CID entry and CNAM display functions are interfaced via JSON to the SS7 interfacing switch.

*Claim #4 (withdrawn)*

*Claim #5 (withdrawn)*

*Claim #6 (withdrawn)*

Appl. No. 14/174,724
Amdt. dated Apr. 30, 2014
Reply to Office action mailed Apr. 16, 2014

*Claim #7 (withdrawn)*

*Claim #8 (new):*

A system for providing post-page caller name identification service, comprising

    (a) an SS7 interfacing switch or node;

    (b) a CID entry interface which permits the user to enter a telephone number from a missed or completed telephone call into the system;

    (c) a CNAM database query function regulated by the SS7 interface; and

    (d) a user interface element for displaying the successfully queried CNAM for the missed, or completed, telephone call's calling party.

*Claim #9 (new):*

The system of claim 8, wherein said missed/completed telephone call CID entry and CNAM display user interface elements are located on a separate end-user smartphone or TCP/IP connected personal computer.

*Claim #10 (new):*

The system of claim 8, wherein said missed/completed telephone call CID entry and CNAM display functions are interfaced via JSON to the SS7 interfacing switch.

Appl. No. 14/174,724
Amdt. dated Apr. 30, 2014
Reply to Office action mailed Apr. 16, 2014

## Amendments to the Drawings

The attached sheet of drawings includes FIG. 1A, FIG. 1B, and FIG. 1C. This sheet replaces the original sheet containing these figures. The original sheet was modified to include the legend text "-Prior Art-" in compliance with the Office action specifying this clarification.

Appl. No. 14/174,724
Amdt. dated Apr. 30, 2014
Reply to Office action mailed Apr. 16, 2014

**Remarks**

***Summary of References and Remarks***

The Applicant has amended the drawings and claims to place this application in full condition for allowance. Claims 4-7 have been withdrawn in acknowledgement of *Diamond v. Diehr*, 450 U.S. 175, 184 (1981), *In re Bilski*, 88 USPQ2d 1385 (Fed. Cir. 2008), and similar recent case law. Claims 1-3 had been rejected in the OA on the assertion of being unpatentable over Fronczak *et al* in view of Zerillo, but remain patentable novel inventions as discussed below. New claims 8 – 10 state narrower claims asserting the specific functionality of the present invention for missed and/or completed telephone calls; however, in light of the foregoing reasons, applicant respectfully requests allowance of Claims 1-3.

Briefly reviewed are the aforementioned references, followed by discussion of the general and specific novelty of the present invention and its unobviousness over the prior art.

Fronczak et al teach a system and method for providing caller name identification service after the initializing PSTN -> VoIP (SIP) call setup request, but still during the paging process. The system comprises: a) an SS7 interfacing switch or node, b) a CNAM database query function regulated by the SS7 interface, and c) a user interface element for displaying the successfully queried calling party CNAM. The OA (paragraph 6) characterizes this as "post-page caller name identification." However to be consistent with applicant's terminology, Fronczak is in fact PSTN/SS7 "page simultaneous." Fronzac teaches an SS7 to SIP interface that executes all of its functionality during the "ringing" or paging process. Unlike the present invention, no events in Fronzac's teachings take place entirely after the page, i.e. after the cessation of the SSP power ringing tone.

Appl. No. 14/174,724
Amdt. dated Apr. 30, 2014
Reply to Office action mailed Apr. 16, 2014

**Zerillo** teaches a cost-saving system and method for providing calling party name identification service to private IP branch telephone systems. Zerillo asserts

> "by having direct access or relationships with databases and database providers for CNAM and other information, they have the potential to acquire the CNAM information for a substantially less cost. *IP PBXs owners* may determine which incoming calls will be queried, thus providing a greater quality of service. Additionally, queries may be initially routed to an internal database, city/state database, or to an external database provider. "

Hence, Zerillo specifies that the PBX administrator ("IP PBXs owners") may specify alternative routing of the CNAM requests to internal databases, city/state databases, or selective determination of which calls will be queried. Zerillo's teachings, like Fronczak, are SS7 "page simultaneous." No events in Zerillo's teachings take place after the page/ringing tone has completely terminated, nor would such functionality be possible in an unmodified PBX system (see below). Zerillo makes no suggestion of extending the specification to include post-page missed telephone calls.

**Standards for Section 103 Obviousness Rejections**

Applicant submits that the rejection of claims 1-3 on Fronczak in view of Zerillo does not set forth a *prima facie* case of obviousness, as required by MPEP § 2142 and *KSR International Co. v. Teleflex Inc.*, 550 U.S. 39, 82USPQ2d 1385, 1396 (2007). This requires that *"there must be a clear articulation of the reason(s) why the claimed invention would have been obvious."* While the OA asserts that adding a manual entry step to Zerillo is obvious, in fact three modifications to Zerillo are required to achieve the present invention's functionality: 1) the PBX owner/operator must act as a proxy for the PBX end-user, 2) the manual CID entry step must be added, and 3) the system must query the CNAM database after a missed or completed telephone call. None of these three steps are suggested in Zerillo, which presents a system for the PBX owner to pre-select "page

Appl. No. 14/174,724
Amdt. dated Apr. 30, 2014
Reply to Office action mailed Apr. 16, 2014

simultaneous" CNAM queries destined for the PBX end-user *during* the ringing tone (paging) process.

As the Federal Circuit has stated,

> "rejections on obviousness cannot be sustained with mere conclusory statements; instead, there must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness. The teaching or suggestion to make the claimed combination and the reasonable expectation of success must both be found in the prior art, and in applicant's disclosure."

Because the prior art makes no reference or suggestion to post-page missed or completed call CNAM queries, nor manual entry of the CID, present invention's novelty is not obvious under current guidelines.

**Combining Fronczak and Zerillo Lacks Key Features of the Present Invention**

In Zerillo, the PBX owner/administrator may select calls for CNAM routing or relay them to other more cost-efficient databases. This represents business logic that is implemented in the supervisor configuration of the PBX system. The OA states the present invention is an obvious extension of Zerillo "in providing manual entry (i.e. user selectively determine) of the incoming call data." However, any user control or selectivity taught by Zerillo takes place well before a call page reaches the PBX end-user. Moreover, under Zerillo the selectivity must be specified by the PBX administrator. Zerillo teaches a system for cost saving at the PBX administrative level; there is no mechanism in Zerillo nor any suggestion of such a system for allowing the PBX end-user to manually enter a phone number after the call page. The present invention, a CNAM query tool for the called party end-user, operates in a different manner entirely than PBX administration. As such, it is asserted that Zerillo's manual configurability as suggested is an inapplicable reference.

**Combining Fronczak and Zerillo as Suggested Results in an Inoperable System**

Appl. No. 14/174,724
Amdt. dated Apr. 30, 2014
Reply to Office action mailed Apr. 16, 2014

Zerillo describes a system where the calling party name identification appears on the PBX end-user terminal during the page or ringing process. Even assuming Zerillo suggests a manual entry field, such would be impractical, and result in a system frequently rendered inoperable. To manually enter a ten-digit CID during the ringing process would usually not be possible, hence, the system would not work. Moreover, for the PBX owner to manually enter the CID, in consultation with the PBX end-user's request, would add an even greater time barrier. In sum, combining the elements in Fronczak and Zerillo creates a system that does not function reliably.

**Claimed Features are Lacking in any Fronczak and Zerillo Combination**

The present application teaches a system allowing the CNAM retrieval of a calling party's CID minutes, hours, or even days after the SS7 call page was transmitted. Neither Zerillo nor Fronczak, nor any combination thereof, provision said functionality. Additionally, the present application allows retrieval of CNAM information using an altogether different device than that which received the initial SS7 page. This is a specific feature of the present invention that allows substantial cost savings. For example, an end-user with four telephone devices may use the present invention to perform caller name identification, and thereby save on the costs of four independent CNAM subscriptions. Neither Zerillo nor Fronczak can offer, or even suggest, such cost-saving benefits. Their CNAM queries are directly tied, in time and in physical space, to the device receiving the incoming PSTN/SS7 page.

**Commercial Success of the Present Invention Suggest Unobvious Invention**

The present invention became commercially available in July 2013, and was immediately viable and profitable in the most competitive markets. Exhibit A shows 128,000 user installations of the Apple iTunes "Caller-ID" app since launch. Similarly, Exhibit B shows 1,731,385 users of the "caller-id.co" website, according to

Appl. No. 14/174,724
Amdt. dated Apr. 30, 2014
Reply to Office action mailed Apr. 16, 2014

Google Analytics. Within six months of launch, roughly 1% of the entire United States population had utilized the present invention.

**Lack of Implementation**

The technology for the present invention was generally available no later than 2007, but the present invention is the first known viable implementation. One might have expected to see implementation of the present invention by 2007, but such lack thereof is testament to its novelty and non-obviousness. As Exhibit B shows, immediately upon launch, the present invention had great demand because no other known similar service offering existed at the time.

**Rapid Emulation the Present Invention**

Exhibit B shows a decline in use of "caller-id.co" in late January 2014. It is believed this drop in traffic is substantially due to two websites that began emulating the present invention. Such rapid emulation itself suggests novelty and non-obviousness.

**Fronczak and Zerillo Do Not Contain Any Suggestion to Support Their Combination, Much Less in the Manner Proposed**

With regard to the proposed combination of Zerillo and Fronczak, it is well established that in order for any prior-art references themselves to be validly combined for use in a prior-art § 103 rejection, *the references* must suggest that they be combined. *In re Sernaker*, 217 U.S.P.Q. 1, 6 (CAFC 1983):

> "[P]rior art references in combination do not make an invention obvious unless something in the prior art references would suggest the advantages to be derived from combining their teachings."

That the suggestion to combine the references should not come from applicant was held in *Orthopedic Equipment Co. v. United States*, 217 USPQ 193, 199 (CAFC

Appl. No. 14/174,724
Amdt. dated Apr. 30, 2014
Reply to Office action mailed Apr. 16, 2014

1983).

Furthermore, *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 5 USPQ2d 1434 (CAFC 1988)
held:

> "[w]here prior-art references require selective combination by the court to
> render obvious a subsequent invention, there must be some reason for the
> combination other than the hindsight gleaned from the invention itself ...
> *Something in the prior art must suggest the desirability and thus the
> obviousness of making the combination*."

Likewise, *Ex parte Levengood*, 28 USPQ2d 1300 (PTOBA&I 1993):

> "In order to establish a *prima facie* case of obviousness, it is necessary for
> the examiner to present *evidence*, preferably in the form of some teaching,
> suggestion, incentive or inference in the applied prior art, or in the form of
> generally available knowledge, that one having ordinary skill in the art
> *would have been led* to combine the relevant teachings of the applied
> references in the proposed manner to arrive at the claimed invention. ...
> That which is within the capabilities of one skilled in the art is not
> synonymous with obviousness. ... That one can *reconstruct* and/or explain
> the theoretical mechanism of an invention by means of logic and sound
> scientific reasoning does not afford the basis for an obviousness conclusion
> unless that logic and reasoning also supplies sufficient impetus to have led
> one of ordinary skill in the art to combine the teachings of the references to
> make the claimed invention."

The OA supports the proposed combination by asserting that the selective routing
interface in Zerillo's PBX system suggests a manual-entry missed/completed
telephone call CNAM query. Such an assertion cannot meet the *prima facie*
requirement for obviousness, as the OA combines components a) without yielding
the functionality of the present invention, and b) without any suggestion in the
prior art of combining these elements.

Applicant respectfully requests, if the claims are again rejected upon this or
another combination of references, that the Examiner include an explanation, in

Page 10

Appl. No. 14/174,724
Amdt. dated Apr. 30, 2014
Reply to Office action mailed Apr. 16, 2014

accordance with MPEP § 706.02, *Ex parte Clapp*, 27 USPQ 972 (POBA 1985), and *Ex parte Levengood*, supra, a "factual basis to support his conclusion that would have been obvious" to make the combination.

**Conclusion**

Both Zerillo and Fronczak teach systems that provide a calling party's name identification to the called party during the ringing process. Zerillo specifies some degree of configurability for the "IP PBX owner," such as relaying the query to a city/state database, or even pre-selecting what number ranges should be queried in the CNAM database. Neither Zerillo nor Fronczak make any mention of querying the CNAM long after the page/ringing, i.e., a missed call CNAM research tool. The present invention has enjoyed commercial success by implementing such a tool.

For the aforementioned reasons, applicant submits that the specification and claims now define patentability over the prior art. Thus it is submitted that the application now stands in condition for allowance, which action the applicant respectfully solicits.

Applicant asserts that the claims cited in this Amendment are proper, definite, and define a novel Post-page Caller Name Identification System which is unobvious. If, for any reason this application is not in full condition for allowance, the applicant respectfully requests the constructive assistance and suggestions of the Examiner pursuant to MPEP § 2173.02 and 707.07(j) in order that the undersigned can place this application in allowable condition without need for further proceedings.

Respectfully submitted,

*Jeffrey D. Isaacs*

/Jeffrey D. Isaacs/

Appl. No. 14/174,724
Amdt. dated Apr. 30, 2014
Reply to Office action mailed Apr. 16, 2014


Jeffrey D. Isaacs
Applicant Pro Se
8 Chase Circle
Fort Washington, PA 19034
(610) 202-1460


Enc: Replacement drawing sheet (Drawing 1/4)
Exhibit A (Apple iTunes "Caller-ID" app installations)
Exhibit B (Google site analytics for caller-id.co)


**Certificate of Filing**

I hereby certify that this Amendment is being transmitted via EFS-Web for filing on
April 30, 2014.

**Replacement Sheet**

FIG. 1A   -Prior Art-



SS7 call provisioning to  CNAM Caller ID landline phone

617-555-1212
SMITH, ROB

FIG. 1B   -Prior Art-



SS7 call provisioning to non-CNAM Caller ID mobile phone

6175551212

BOSTON MA

FIG. 1C   -Prior Art-



SS7 call provisioning to non-CNAM Caller ID VOIP phone

INCOMING CALL FROM
617-555-1212

### Declaration of Jeffrey D. Isaacs

April 29, 2014

I am the inventor in the above patent application, "Post-page Caller Name Identification System." I developed the caller-id.co website and the iTunes Caller-ID app in or around June 2013. These applications utilize source code directly based upon the specifications detailed in the above application. The attached analytics from Google and Apple are true and correct representations of the commercial success of these applications.

I hereby declare under penalty of perjury that this declaration is true to the best of my knowledge and belief.

*Jeffrey D. Isaacs*

Jeffrey D. Isaacs





**Replacement Sheet**

FIG. 1A   -Prior Art-



SS7 call provisioning to  CNAM Caller ID landline phone

617-555-1212
SMITH, ROB

FIG. 1B   -Prior Art-



SS7 call provisioning to non-CNAM Caller ID mobile phone

6175551212

BOSTON MA

FIG. 1C   -Prior Art-



SS7 call provisioning to non-CNAM Caller ID VOIP phone

INCOMING CALL FROM
617-555-1212

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 18908045 |
| **Application Number:** | 14174724 |
| **International Application Number:** | |
| **Confirmation Number:** | 6493 |
| **Title of Invention:** | Post-page Caller Name Identification System |
| **First Named Inventor/Applicant Name:** | Jeffrey D. Isaacs |
| **Customer Number:** | 121712 |
| **Filer:** | Jeffrey D. Isaacs |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | |
| **Receipt Date:** | 30-APR-2014 |
| **Filing Date:** | 06-FEB-2014 |
| **Time Stamp:** | 16:40:35 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Amendment/Req. Reconsideration-After Non-Final Reject | Amendment.pdf | 1222942 a8d18ce4e0712bf1f1d2dc2c70566ca9a38ae0730 | no | 16 |

| |
|---|
| **Warnings:** |
| **Information:** |

| 2 | Drawings-only black and white line drawings | draw1.pdf | 414377<br><br>d252130f3f5c70c89515446488d50d498ce1321 | no | 1 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| | | | | Total Files Size (in bytes): | 1637319 |
|---|---|---|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>14/174,724 | Filing Date<br>02/06/2014 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☐ LARGE   ☐ SMALL   ☒ MICRO

## APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | | |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| AMENDMENT | **04/30/2014** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | · 10 | Minus | ·· 20 | = 0 | x $20 = | 0 |
| | Independent (37 CFR 1.16(h)) | · 2 | Minus | ···3 | = 0 | x $105 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| AMENDMENT | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | x $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.

** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".

*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".

The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
/CORALIA BETANCOURT/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**U.S. Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
          P.O. Box 1450
          Alexandria, Virginia 22313-1450
          www.uspto.gov

121712          e          2014-05-02

Jeffrey D. Isaacs
8 Chase Circle
Fort Washington, PA 19034

**Paper No.**

| Application No.: | 14/174,724 | Date Mailed: | 2014-05-02 |
|---|---|---|---|
| First Named Inventor: | Isaacs, Jeffrey, D. | Examiner: | TRAN, QUOC DUC |
| Attorney Docket No.: | | Art Unit: | 2656 |
| Confirmation No.: | 6493 | Filing Date: | 2014-02-06 |

**Please find attached an Office communication concerning this application or proceeding.**

**Commissioner for Patents**

PTO-90c  (Rev.08-06)

| **Notice of Non-Compliant Amendment**<br>**(37 CFR 1.121)** | Application No.<br>14/174,724 | Applicant(s)<br>ISAACS, JEFFREY  D. |
|---|---|---|
| | | Art Unit<br>3998 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

The amendment document filed on <u>30 April, 2014</u> is considered non-compliant because it has failed to meet the requirements of 37 CFR 1.121 or 1.4. In order for the amendment document to be compliant, correction of the following item(s) is required.

THE FOLLOWING MARKED (X) ITEM(S) CAUSE THE AMENDMENT DOCUMENT TO BE NON-COMPLIANT:

- ☐ 1. Amendments to the specification:
    - ☐ A. Amended paragraph(s) do not include markings.
    - ☐ B. New paragraph(s) should not be underlined.
    - ☐ C. Other _____.
- ☐ 2. Abstract:
    - ☐ A. Not presented on a separate sheet. 37 CFR 1.72.
    - ☐ B. Other _____.
- ☐ 3. Amendments to the drawings:
    - ☐ A. The drawings are not properly identified in the top margin as "Replacement Sheet," "New Sheet," or "Annotated Sheet" as required by 37 CFR 1.121(d).
    - ☐ B. The practice of submitting proposed drawing correction has been eliminated.  Replacement drawings showing amended figures, without markings, in compliance with 37 CFR 1.84 are required.
    - ☐ C. Other _____.
- ☒ 4. Amendments to the claims:
    - ☐ A. A complete listing of all of the claims is not present.
    - ☒ B. The listing of claims does not include the text of all pending claims (including withdrawn claims)
    - ☐ C. Each claim has not been provided with the proper status identifier, and as such, the individual status of each claim cannot be identified.  Note:  the status of every claim must be indicated after its claim number by using one of the following status identifiers: (Original), (Currently amended), (Canceled), (Previously presented), (New), (Not entered), (Withdrawn) and (Withdrawn-currently amended).
    - ☐ D. The claims of this amendment paper have not been presented in ascending numerical order.
    - ☐ E. Other: _____.
- ☐ 5. Other (e.g., the amendment is unsigned or not signed in accordance with 37 CFR 1.4): For further explanation of the amendment format required by 37 CFR 1.121, see MPEP § 714.

TIME PERIODS FOR FILING A REPLY TO THIS NOTICE:

1. Applicant is given **no new time period if the non-compliant amendment is an** after-final amendment or an amendment filed after allowance, or a drawing submission (only)  If applicant wishes to resubmit the non-compliant after-final amendment with corrections, the **entire corrected amendment** must be resubmitted.

2. Applicant is given **two months** from the mail date of this notice to supply the correction, if the non-compliant amendment is one of the following: a preliminary amendment, a non-final amendment (including a submission for a request for continued examination (RCE) under 37 CFR 1.114), a supplemental amendment filed within a suspension period under 37 CFR 1.103(a) or (c), and an amendment filed in response to a Quayle action. If any of above boxes 1 to 4 are checked, the correction required is only the corrected section of the  non-compliant amendment in compliance with 37 CFR 1.121.

>    <u>Extensions of time</u> are available under 37 CFR 1.136(a) *only* if the non-compliant amendment is a non-final amendment or an amendment filed in response to a *Quayle* action.
>    <u>Failure to timely respond</u> to this notice will result in:
>       **Abandonment** of the application if the non-compliant amendment is a non-final amendment or an amendment filed in response to a *Quayle* action; or
>       **Non-entry** of the amendment if the non-compliant amendment is a preliminary amendment or supplemental amendment.

Legal Instruments Examiner (LIE), if applicable /CORALIA BETANCOURT/          Telephone No: <u>(571)272-0509</u>

**In The United States Patent and Trademark Office**

| | | | |
|---|---|---|---|
| Appl. No. | : | 14/174,724 | Confirmation No. 6493 |
| Applicant | : | Jeffrey D. Isaacs | |
| Filed | : | 02/06/2014 | |
| TC/A.U. | : | 2656 | |
| Examiner | : | Quoc Duc Tran | |
| Title | : | Post-page Caller Name Identification System | |
| Customer No. : | | 121712 | |

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**AMENDMENT**

Sir:

   In response to the Office action mailed on April 16, 2014, please amend the above-captioned application as follows:

**Amendments to the Claims** are reflected in the listing of claims, which begin on page 2 of this document.

**Amendments to the Drawings** begin on page 5 of this document and include an attached replacement sheet.

**Remarks** begin of page 6 of this document.

An **Appendix** including amended drawing figures and evidence of commercial success follow the Remarks section.

Appl. No. 14/174,724
Amdt. dated May 5, 2014
Reply to Office action mailed Apr. 16, 2014

**Amendments to the Claims**

This listing of claims shall replace all prior versions of claims in this application:

**Listing of Claims:**

*Claim #1 (original):*

A system for providing post-page caller name identification service, comprising:

 (a) an SS7 interfacing switch or node;

 (b) a CID entry interface which permits the user to enter a post-page CID into the system;

 (c) a CNAM database query function regulated by the SS7 interface; and

 (d) a user interface element for displaying the successfully queried calling party CNAM.

*Claim #2 (original):*

The system of claim 1, wherein said CID entry and CNAM display user interface elements are located on a separate end-user smartphone or TCP/IP connected personal computer.

*Claim #3 (original):*

The system of claim 1, wherein said user CID entry and CNAM display functions are interfaced via JSON to the SS7 interfacing switch.

*Claim #4 (withdrawn):*

A method for providing post-page caller name identification service, consisting of the following steps:

 (a) the end-user receipt of a post page CID;

 (b) user entry of the CID into the CID entry field;

 (c) the SS7 interface issues instructions to perform a CNAM Database Query for the CID;

Appl. No. 14/174,724
Amdt. dated May 5, 2014
Reply to Office action mailed Apr. 16, 2014

> (d) the CNAM Database Query result is displayed on the user interface.

*Claim #5 (withdrawn):*

The method of claim 2, wherein step (c) performs a Global Title Translation prior to the said CNAM Database Query.

*Claim #6 (currently amended):*

The ~~method~~ system of claim 2, wherein ~~step~~ component (b) additionally:

> confirms that the CID is not subject to system opt-out privacy controls; and
>
> confirms that the CID paged a telephonic device owned or operated by the

end-user.

*Claim #7 (withdrawn):*

A system comprising a user-terminal and PSTN/SS7 interface permitting post-page caller name identification, which executes:

> (a)  the user submission of a post-page CID;
>
> (b)  the CNAM Database Query to retrieve the calling party name

identification for the respective CID phone number; and

> (c) the presentation of the calling party name identification , or CNAM Caller

ID, upon the user terminal.

*Claim #8 (new):*

A system for providing post-page caller name identification service, comprising

> (a) an SS7 interfacing switch or node;
>
> (b) a CID entry interface which permits the user to enter a telephone number
>
> from a missed or completed telephone call into the system;
>
> (c) a CNAM database query function regulated by the SS7 interface; and
>
> (d) a user interface element for displaying the successfully queried CNAM for

the missed, or completed, telephone call's calling party.

Appl. No. 14/174,724
Amdt. dated May 5, 2014
Reply to Office action mailed Apr. 16, 2014

*Claim #9 (new):*

The system of claim 8, wherein said missed/completed telephone call CID entry and CNAM display user interface elements are located on a separate end-user smartphone or TCP/IP connected personal computer.

*Claim #10 (new):*

The system of claim 8, wherein said missed/completed telephone call CID entry and CNAM display functions are interfaced via JSON to the SS7 interfacing switch.

Appl. No. 14/174,724
Amdt. dated May 5, 2014
Reply to Office action mailed Apr. 16, 2014

## Amendments to the Drawings

The attached sheet of drawings includes FIG. 1A, FIG. 1B, and FIG. 1C. This sheet replaces the original sheet containing these figures. The original sheet was modified to include the legend text "-Prior Art-" in compliance with the Office action specifying this clarification.

Appl. No. 14/174,724
Amdt. dated May 5, 2014
Reply to Office action mailed Apr. 16, 2014

**Remarks**

***Summary of References and Remarks***

The Applicant has amended the drawings and claims to place this application in full condition for allowance. Claims 4, 5, & 7 have been withdrawn in acknowledgement of *Diamond v. Diehr*, 450 U.S. 175, 184 (1981), *In re Bilski*, 88 USPQ2d 1385 (Fed. Cir. 2008), and similar recent case law. Claims 1-3 had been rejected in the OA on the assertion of being unpatentable over Fronczak *et al* in view of Zerillo, but remain patentable novel inventions as discussed below. New claims 8 – 10 state narrower claims asserting the specific functionality of the present invention for missed and/or completed telephone calls; however, in light of the foregoing reasons, applicant respectfully requests allowance of Claims 1-3.

Briefly reviewed are the aforementioned references, followed by discussion of the general and specific novelty of the present invention and its unobviousness over the prior art.

**Fronczak** et al teach a system and method for providing caller name identification service after the initializing PSTN -> VoIP (SIP) call setup request, but still during the paging process. The system comprises: a) an SS7 interfacing switch or node, b) a CNAM database query function regulated by the SS7 interface, and c) a user interface element for displaying the successfully queried calling party CNAM. The OA (paragraph 6) characterizes this as "post-page caller name identification." However to be consistent with applicant's terminology, Fronczak is in fact PSTN/SS7 "page simultaneous." Fronzac teaches an SS7 to SIP interface that executes all of its functionality during the "ringing" or paging process. Unlike the present invention, no events in Fronzac's teachings take place entirely after the page, i.e. after the cessation of the SSP power ringing tone.

Appl. No. 14/174,724
Amdt. dated May 5, 2014
Reply to Office action mailed Apr. 16, 2014

**Zerillo** teaches a cost-saving system and method for providing calling party name identification service to private IP branch telephone systems. Zerillo asserts

> "by having direct access or relationships with databases and database providers for CNAM and other information, they have the potential to acquire the CNAM information for a substantially less cost. **IP PBXs owners** may determine which incoming calls will be queried, thus providing a greater quality of service. Additionally, queries may be initially routed to an internal database, city/state database, or to an external database provider. "

Hence, Zerillo specifies that the PBX administrator ("IP PBXs owners") may specify alternative routing of the CNAM requests to internal databases, city/state databases, or selective determination of which calls will be queried. Zerillo's teachings, like Fronczak, are SS7 "page simultaneous." No events in Zerillo's teachings take place after the page/ringing tone has completely terminated, nor would such functionality be possible in an unmodified PBX system (see below). Zerillo makes no suggestion of extending the specification to include post-page missed telephone calls.

**Standards for Section 103 Obviousness Rejections**

Applicant submits that the rejection of claims 1-3 on Fronczak in view of Zerillo does not set forth a *prima facie* case of obviousness, as required by MPEP § 2142 and *KSR International Co. v. Teleflex Inc.*, 550 U.S. 39, 82USPQ2d 1385, 1396 (2007). This requires that *"there must be a clear articulation of the reason(s) why the claimed invention would have been obvious."* While the OA asserts that adding a manual entry step to Zerillo is obvious, in fact <u>three modifications to Zerillo are required to achieve the present invention's functionality</u>: 1) the PBX owner/operator must act as a proxy for the PBX end-user, 2) the manual CID entry step must be added, and 3) the system must query the CNAM database after a missed or completed telephone call. None of these three steps are suggested in Zerillo, which presents a system for the PBX owner to pre-select "page

Appl. No. 14/174,724
Amdt. dated May 5, 2014
Reply to Office action mailed Apr. 16, 2014

simultaneous" CNAM queries destined for the PBX end-user *during* the ringing tone (paging) process.

As the Federal Circuit has stated,

> "rejections on obviousness cannot be sustained with mere conclusory statements; instead, there must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness. The teaching or suggestion to make the claimed combination and the reasonable expectation of success must both be found in the prior art, and in applicant's disclosure."

Because the prior art makes no reference or suggestion to post-page missed or completed call CNAM queries, nor manual entry of the CID, present invention's novelty is not obvious under current guidelines.

**Combining Fronczak and Zerillo Lacks Key Features of the Present Invention**

In Zerillo, the PBX owner/administrator may select calls for CNAM routing or relay them to other more cost-efficient databases. This represents business logic that is implemented in the supervisor configuration of the PBX system. The OA states the present invention is an obvious extension of Zerillo "in providing manual entry (i.e. user selectively determine) of the incoming call data." However, any user control or selectivity taught by Zerillo takes place well before a call page reaches the PBX end-user. Moreover, under Zerillo the selectivity must be specified by the PBX administrator. Zerillo teaches a system for cost saving at the PBX administrative level; there is no mechanism in Zerillo nor any suggestion of such a system for allowing the PBX end-user to manually enter a phone number after the call page. The present invention, a CNAM query tool for the called party end-user, operates in a different manner entirely than PBX administration. As such, it is asserted that Zerillo's manual configurability as suggested is an inapplicable reference.

**Combining Fronczak and Zerillo as Suggested Results in an Inoperable System**

Appl. No. 14/174,724
Amdt. dated May 5, 2014
Reply to Office action mailed Apr. 16, 2014

Zerillo describes a system where the calling party name identification appears on the PBX end-user terminal during the page or ringing process. Even assuming Zerillo suggests a manual entry field, such would be impractical, and result in a system frequently rendered inoperable. To manually enter a ten-digit CID during the ringing process would usually not be possible, hence, the system would not work. Moreover, for the PBX owner to manually enter the CID, in consultation with the PBX end-user's request, would add an even greater time barrier. In sum, combining the elements in Fronczak and Zerillo creates a system that does not function reliably.

## Claimed Features are Lacking in any Fronczak and Zerillo Combination

The present application teaches a system allowing the CNAM retrieval of a calling party's CID minutes, hours, or even days after the SS7 call page was transmitted. Neither Zerillo nor Fronczak, nor any combination thereof, provision said functionality. Additionally, the present application allows retrieval of CNAM information using an altogether different device than that which received the initial SS7 page. This is a specific feature of the present invention that allows substantial cost savings. For example, an end-user with four telephone devices may use the present invention to perform caller name identification, and thereby save on the costs of four independent CNAM subscriptions. Neither Zerillo nor Fronczak can offer, or even suggest, such cost-saving benefits. Their CNAM queries are directly tied, in time and in physical space, to the device receiving the incoming PSTN/SS7 page.

## Commercial Success of the Present Invention Suggest Unobvious Invention

The present invention became commercially available in July 2013, and was immediately viable and profitable in the most competitive markets. Exhibit A shows 128,000 user installations of the Apple iTunes "Caller-ID" app since launch. Similarly, Exhibit B shows 1,731,385 users of the "caller-id.co" website, according to

Appl. No. 14/174,724
Amdt. dated May 5, 2014
Reply to Office action mailed Apr. 16, 2014

Google Analytics. Within six months of launch, roughly 1% of the entire United States population had utilized the present invention.

**Lack of Implementation**

The technology for the present invention was generally available no later than 2007, but the present invention is the first known viable implementation. One might have expected to see implementation of the present invention by 2007, but such lack thereof is testament to its novelty and non-obviousness. As Exhibit B shows, immediately upon launch, the present invention had great demand because no other known similar service offering existed at the time.

**Rapid Emulation the Present Invention**

Exhibit B shows a decline in use of "caller-id.co" in late January 2014. It is believed this drop in traffic is substantially due to two websites that began emulating the present invention. Such rapid emulation itself suggests novelty and non-obviousness.

**Fronczak and Zerillo Do Not Contain Any Suggestion to Support Their Combination, Much Less in the Manner Proposed**

With regard to the proposed combination of Zerillo and Fronczak, it is well established that in order for any prior-art references themselves to be validly combined for use in a prior-art § 103 rejection, *the references* must suggest that they be combined.  *In re Sernaker*, 217 U.S.P.Q. 1, 6 (CAFC 1983):

> "[P]rior art references in combination do not make an invention obvious unless something in the prior art references would suggest the advantages to be derived from combining their teachings."

That the suggestion to combine the references should not come from applicant was held in *Orthopedic Equipment Co. v. United States*, 217 USPQ 193, 199 (CAFC

Appl. No. 14/174,724
Amdt. dated May 5, 2014
Reply to Office action mailed Apr. 16, 2014

1983).

Furthermore, *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 5 USPQ2d 1434 (CAFC 1988)
held:

> "[w]here prior-art references require selective combination by the court to
> render obvious a subsequent invention, there must be some reason for the
> combination other than the hindsight gleaned from the invention itself ...
> *Something in the prior art must suggest the desirability and thus the
> obviousness of making the combination*."

Likewise, *Ex parte Levengood*, 28 USPQ2d 1300 (PTOBA&I 1993):

> "In order to establish a *prima facie* case of obviousness, it is necessary for
> the examiner to present *evidence*, preferably in the form of some teaching,
> suggestion, incentive or inference in the applied prior art, or in the form of
> generally available knowledge, that one having ordinary skill in the art
> *would have been led* to combine the relevant teachings of the applied
> references in the proposed manner to arrive at the claimed invention. ...
> That which is within the capabilities of one skilled in the art is not
> synonymous with obviousness. ... That one can *reconstruct* and/or explain
> the theoretical mechanism of an invention by means of logic and sound
> scientific reasoning does not afford the basis for an obviousness conclusion
> unless that logic and reasoning also supplies sufficient impetus to have led
> one of ordinary skill in the art to combine the teachings of the references to
> make the claimed invention."

The OA supports the proposed combination by asserting that the selective routing
interface in Zerillo's PBX system suggests a manual-entry missed/completed
telephone call CNAM query. Such an assertion cannot meet the *prima facie*
requirement for obviousness, as the OA combines components a) without yielding
the functionality of the present invention, and b) without any suggestion in the
prior art of combining these elements.

Applicant respectfully requests, if the claims are again rejected upon this or
another combination of references, that the Examiner include an explanation, in

Appl. No. 14/174,724
Amdt. dated May 5, 2014
Reply to Office action mailed Apr. 16, 2014

accordance with MPEP § 706.02, *Ex parte Clapp*, 27 USPQ 972 (POBA 1985), and *Ex parte Levengood*, supra, a "factual basis to support his conclusion that would have been obvious" to make the combination.

**Conclusion**

Both Zerillo and Fronczak teach systems that provide a calling party's name identification to the called party during the ringing process. Zerillo specifies some degree of configurability for the "IP PBX owner," such as relaying the query to a city/state database, or even pre-selecting what number ranges should be queried in the CNAM database. Neither Zerillo nor Fronczak make any mention of querying the CNAM long after the page/ringing, i.e., a missed call CNAM research tool. The present invention has enjoyed commercial success by implementing such a tool.

For the aforementioned reasons, applicant submits that the specification and claims now define patentability over the prior art. Thus it is submitted that the application now stands in condition for allowance, which action the applicant respectfully solicits.

Applicant asserts that the claims cited in this Amendment are proper, definite, and define a novel Post-page Caller Name Identification System which is unobvious. If, for any reason this application is not in full condition for allowance, the applicant respectfully requests the constructive assistance and suggestions of the Examiner pursuant to MPEP § 2173.02 and 707.07(j) in order that the undersigned can place this application in allowable condition without need for further proceedings.

Respectfully submitted,

*Jeffrey D. Isaacs*

/Jeffrey D. Isaacs/

Appl. No. 14/174,724
Amdt. dated May 5, 2014
Reply to Office action mailed Apr. 16, 2014


Jeffrey D. Isaacs
Applicant Pro Se
8 Chase Circle
Fort Washington, PA 19034
(610) 202-1460


Enc: Replacement drawing sheet (Drawing 1/4)
Exhibit A (Apple iTunes "Caller-ID" app installations)
Exhibit B (Google site analytics for caller-id.co)


**Certificate of Filing**

I hereby certify that this Amendment is being transmitted via EFS-Web for filing on
May 5, 2014.

FIG. 1A   -Prior Art-



SS7 call provisioning to  CNAM Caller ID landline phone

617-555-1212
SMITH, ROB

FIG. 1B   -Prior Art-



SS7 call provisioning to non-CNAM Caller ID mobile phone

6175551212
BOSTON MA

FIG. 1C   -Prior Art-



SS7 call provisioning to non-CNAM Caller ID VOIP phone

INCOMING CALL FROM
617-555-1212

**Declaration of Jeffrey D. Isaacs**

April 29, 2014

I am the inventor in the above patent application, "Post-page Caller Name Identification System." I developed the caller-id.co website and the iTunes Caller-ID app in or around June 2013. These applications utilize source code directly based upon the specifications detailed in the above application. The attached analytics from Google and Apple are true and correct representations of the commercial success of these applications.

I hereby declare under penalty of perjury that this declaration is true to the best of my knowledge and belief.

*Jeffrey D. Isaacs*

Jeffrey D. Isaacs

Exhibit A - Apple iTunes App Downloads





# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 18949460 |
| **Application Number:** | 14174724 |
| **International Application Number:** | |
| **Confirmation Number:** | 6493 |
| **Title of Invention:** | Post-page Caller Name Identification System |
| **First Named Inventor/Applicant Name:** | Jeffrey D. Isaacs |
| **Customer Number:** | 121712 |
| **Filer:** | Jeffrey D. Isaacs |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | |
| **Receipt Date:** | 05-MAY-2014 |
| **Filing Date:** | 06-FEB-2014 |
| **Time Stamp:** | 21:44:11 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Amendment/Req. Reconsideration-After Non-Final Reject | jdiAmendment.pdf | 1228196<br>c32c01f9c242a579fcb353de51ee4edaf3dd30a1 | no | 17 |

| **Warnings:** |
|---|
| **Information:** |

Total Files Size (in bytes):                    1228196

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/174,724 | 02/06/2014 | Jeffrey D. Isaacs | | 6493 |

121712          7590          07/21/2014
Jeffrey D. Isaacs
8 Chase Circle
Fort Washington, PA 19034

| EXAMINER |
|---|
| TRAN, QUOC DUC |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2656 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 07/21/2014 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

| **Office Action Summary** | **Application No.** 14/174,724 | **Applicant(s)** ISAACS, JEFFREY D. |
|---|---|---|
| | **Examiner** QUOC D. TRAN | **Art Unit** 2656 | **AIA (First Inventor to File) Status** Yes |

| -- The MAILING DATE of this communication appears on the cover sheet with the correspondence address -- |
|---|

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>5/5/2014</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☐ This action is **FINAL.**   2b) ☒ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☒ Claim(s) <u>1-10</u> is/are pending in the application.
   5a) Of the above claim(s) <u>4,5 and 7</u> is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☒ Claim(s) <u>1,3,6 and 8-10</u> is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10) ☐ The specification is objected to by the Examiner.

11) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    **Certified copies:**
    a) ☐ All  b) ☐ Some**  c) ☐ None of the:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date _____.

3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____ .

4) ☐ Other: _____.

Application/Control Number: 14/174,724                                          Page 2
Art Unit: 2656

1.      The present application, filed on or after March 16, 2013, is being examined under the

first inventor to file provisions of the AIA.

### *Response to Amendment*

### *Notice*

2.      In the event the determination of the status of the application as subject to AIA 35 U.S.C.

102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the

statutory basis for the rejection will not be considered a new ground of rejection if the prior art

relied upon, and the rationale supporting the rejection, would be the same under either status.

### *Status of Claims*

3.      Claims 4-5 and 7 are withdrawn from further consideration. However, these claims

should be "canceled" rather than "withdrawn". Claims that are restricted as being of different

inventions may be "withdrawn" and later rejoined. In this case, claims 4-5 and 7 were rejected

under 35 U.S.C. 101.

### *Claim Rejections - 35 USC § 103*

4.      The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness

rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not
> identically disclosed as set forth in section 102 of this title, if the differences between the claimed
> invention and the prior art are such that the claimed invention as a whole would have been obvious
> before the effective filing date of the claimed invention to a person having ordinary skill in the art to
> which the claimed invention pertains.  Patentability shall not be negated by the manner in which the
> invention was made.

5.      Claims 1-3, 6 and 8-10 are rejected under 35 U.S.C. 103 as being unpatentable over

Fronczak et al (2008/0240383) in view of Bertolino (2008/0147771) OR Bansal (2002/0099720).

Application/Control Number: 14/174,724                                          Page 3
Art Unit: 2656

Consider claims 1 and 8, Fronczak et al teach a system and method for providing post-page caller name identification service, comprising: (a) an SS7 interfacing switch or node (par. 0010-0011; 0017); (c) a CNAM database query function regulated by the SS7 interface (par. 0030-0032; 0036-0039); and (d) a user interface element for displaying the successfully queried calling party CNAM (par. 0020; 0040; 0045).

Fronczak et al disclose the calling party name system and method that automatically query for the calling party name using the received caller telephone number. Fronczak et al lack the manual step of requiring the user to enter the post-page or missed caller ID number into the system (*i.e., a CID entry interface which permits the user to enter a post-page or missed CID into the system*).

Bertolino teaches a mobile device and method that enable the user to initiate reverse lookup using the received unidentified telephone number (par. 0033-0034; 0037).

Bansal teaches a method and system that provide the user to perform a reverse lookup search over the world wide web using a telephone number or email address (par. 0045; 0048). It should be noted that the telephone is on the received call list and thus the searching of the telephone number take place after ringing.

Therefore, it would have been obvious to one of the ordinary skill in the art before the effective filing date of the claimed invention to utilize the teaching Bertolino or Bansal into view of Fronczak et al and the result would have been predictable and resulted in enabling user to search the telephone number of the incoming in order to obtain additional information regarding the telephone number.

Application/Control Number: 14/174,724                                      Page 4
Art Unit: 2656

Consider claims 2 and 9, the combination teach wherein said CID entry and CNAM display user interface elements are located on a separate end-user smartphone or TCP/IP connected personal computer (par. 0012 of Fronczak et al; par. 0045-0048 of Bansal).

Consider claims 3 and 10, the combination does not explicitly suggest wherein said user CID entry and CNAM display functions are interfaced via JSON (javascript object notation) to the SS7 interfacing switch. Fronczak et al utilize extensible markup language (XML) (see par. 0033). However, it is a design choice to utilize a different protocol such as JSON. Therefore, it would have been obvious to one of the ordinary skill in the art to utilize different protocols to obtain or arrives with the same or similar result.

Consider claim 5, Fronczak et al teach performs a Global Title Translation prior to the said CNAM Database Query (par. 0035; determine appropriate ISCP).

Consider claim 6, Fronczak et al teach confirms that the CID is not subject to system opt-out privacy controls; and confirms that the CID paged a telephonic device owned or operated by the end-user (par. 0026; enabling or disabled).

### *Response to Arguments*

6.      Applicant's arguments with respect to claims 1-3, 6, 8-10 have been considered but are moot because the arguments do not apply to any of the references being used in the current rejection.

### *Conclusion*

7.      Any response to this action should be mailed to:

        Mail Stop _____(explanation, e.g., Amendment or After-final, etc.)
        Commissioner for Patents
        P.O. Box 1450
        Alexandria, VA 22313-1450

Application/Control Number: 14/174,724                                                    Page 5
Art Unit: 2656

        Facsimile responses should be faxed to:
            **(571) 273-8300**
        Hand-delivered responses should be brought to:
            Customer Service Window
            Randolph Building
            401 Dulany Street
            Alexandria, VA 22314

Any inquiry concerning this communication or earlier communications from the examiner should be directed to **Quoc Tran** whose telephone number is **(571) 272-7511**. The examiner can normally be reached on Monday-Friday from 8:00 to 4:30 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, **Curtis Kuntz**, can be reached on **(571) 272-7499**.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the **Technology Center 2600** whose telephone number is **(571) 272-2600**.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

/Quoc D Tran/
Primary Examiner, Art Unit 2656
July 17, 2014

| *Notice of References Cited* | Application/Control No.<br>14/174,724 | Applicant(s)/Patent Under Reexamination<br>ISAACS, JEFFREY  D. | |
|---|---|---|---|
| | Examiner<br>QUOC D. TRAN | Art Unit<br>2656 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-2008/0222144 | 09-2008 | Backer et al. | 707/5 |
| * | B | US-2008/0147771 | 06-2008 | Bertolino, Robert | 709/201 |
| * | C | US-2002/0099720 | 07-2002 | Bansal, Pradeep | 707/104.1 |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN  PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14174724 | ISAACS, JEFFREY D. |
| | **Examiner** | **Art Unit** |
| | QUOC D TRAN | 2656 |

| CPC- SEARCHED | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| H04M1/26; H04M1/274508; H04M1/2745; H04M1/66; H04M1/663; H04M1/72519;  H04M1/72547 | 4/15/2014 | QT |
| update above | 7/15/2014 | QT |

| CPC COMBINATION SETS  - SEARCHED | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| US CLASSIFICATION SEARCHED | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| 379 | 142.01, 142.04, 142.1, 142.11; 142.15 | 4/15/2014 | QT |
| update above | | 7/15/2014 | QT |

| SEARCH NOTES | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| inventor name search | 4/15/2014 | QT |
| EAST text search | 4/15/2014 | QT |
| update EAST | 7/15/2014 | QT |
| Consulted Binh Tieu | 7/16/2014 | QT |

| INTERFERENCE SEARCH | | | |
|---|---|---|---|
| **US Class/ CPC Symbol** | **US Subclass / CPC Group** | **Date** | **Examiner** |
| | | | |

| | |
|---|---|
| | |

| *Index of Claims* | Application/Control No. 14174724 | Applicant(s)/Patent Under Reexamination ISAACS, JEFFREY D. |
|---|---|---|
| | Examiner QUOC D TRAN | Art Unit 2656 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☐ Claims renumbered in the same order as presented by applicant    ☐ CPA    ☐ T.D.    ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 04/15/2014 | 07/17/2014 | | | | | | | |
| | 1 | ✓ | ✓ | | | | | | | |
| | 2 | ✓ | ✓ | | | | | | | |
| | 3 | ✓ | ✓ | | | | | | | |
| | 4 | ✓ | N | | | | | | | |
| | 5 | ✓ | N | | | | | | | |
| | 6 | ✓ | ✓ | | | | | | | |
| | 7 | ✓ | N | | | | | | | |
| | 8 | | ✓ | | | | | | | |
| | 9 | | ✓ | | | | | | | |
| | 10 | | ✓ | | | | | | | |

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| S1 | 1 | Isaacs-jeff$9 | US-PGPUB; USPAT | OR | ON | 2014/04/15 11:03 |
| S2 | 118 | (SS7 same CNAM) | US-PGPUB; USPAT | OR | ON | 2014/04/15 11:03 |
| S3 | 110 | S2 and query$4 | US-PGPUB; USPAT | OR | ON | 2014/04/15 11:04 |
| S4 | 25 | S2 and (called near5 query$4) | US-PGPUB; USPAT | OR | ON | 2014/04/15 11:04 |
| S5 | 1 | S2 and gr-1188 | US-PGPUB; USPAT | OR | ON | 2014/04/15 11:05 |
| S6 | 634 | tran-quoc$.xp. | US-PGPUB; USPAT | OR | ON | 2014/04/15 11:08 |
| S7 | 18 | S6 and cnam | US-PGPUB; USPAT | OR | ON | 2014/04/15 11:08 |
| S8 | 27 | S2 and privacy | US-PGPUB; USPAT | OR | ON | 2014/04/15 11:14 |
| S9 | 827 | 379/142.$.ccls. | US-PGPUB | OR | ON | 2014/04/15 11:18 |
| S10 | 740 | S9 AND ( (H04M3/42042 OR H04M15/06 OR H04M3/42059 OR H04M1/57 OR H04M1/575 OR H04M3/436 OR H04M3/42068 OR H04M1/663 OR H04M2201/38 OR H04M2242/22 OR H04M3/42 OR H04M3/42102 OR H04M3/42365 OR H04M1/56 OR H04M1/72519 OR H04M3/42093 OR H04M3/4211 OR H04M3/42153 OR H04M3/42195 OR H04M3/42382 OR H04M3/4365 OR H04M15/00 OR H04M1/2535 OR H04M2242/30 OR H04M3/38 OR H04M3/42348 OR H04M3/42357 OR H04M3/4931 OR H04M7/0033 OR H04M7/0069 OR H04M1/247 OR H04M1/665 OR H04M1/723 OR H04M1/72547 OR H04M1/72561 OR H04M1/72566 OR H04M2201/40 OR H04M2203/2072 OR H04M2203/654 OR H04M2203/655 OR H04M2207/12 OR H04M2250/60 OR H04M3/02 OR H04M3/2218 OR H04M3/42161 OR H04M3/42187 OR H04M3/42221 OR H04M3/42263 OR H04M3/4228 OR | US-PGPUB | OR | ON | 2014/04/15 11:19 |

H04M3/42314 OR H04M3/42323 OR
H04M3/465 OR H04M3/48 OR H04M3/4872
OR H04M3/493 OR H04M3/523 OR
H04M3/533 OR H04M3/543 OR H04M7/12
OR H04M11/00 OR H04M11/025 OR
H04M11/085 OR H04M15/08 OR
H04M15/43 OR H04M15/44 OR H04M15/56
OR H04M15/745 OR H04M15/8044 OR
H04M15/88 OR H04M15/881 OR
H04M15/882 OR H04M15/888 OR
H04M17/02 OR H04M19/04 OR
H04M1/2478 OR H04M1/2745 OR
H04M1/274508 OR H04M1/274575 OR
H04M1/573 OR H04M1/578 OR H04M1/64
OR H04M1/65 OR H04M1/656 OR
H04M1/667 OR H04M1/72569 OR
H04M1/72572 OR H04M1/72577 OR
H04M1/72597 OR H04M1/738 OR
H04M1/82 OR H04M2201/12 OR
H04M2201/18 OR H04M2201/42 OR
H04M2203/055 OR H04M2203/152 OR
H04M2203/158 OR H04M2203/2011 OR
H04M2203/2016 OR H04M2203/2094 OR
H04M2203/253 OR H04M2203/306 OR
H04M2203/4509 OR H04M2203/4536 OR
H04M2203/5063 OR H04M2203/551 OR
H04M2203/558 OR H04M2203/6009 OR
H04M2203/6027 OR H04M2203/6045 OR
H04M2203/6081 OR H04M2207/203 OR
H04M2215/0192 OR H04M2242/28 OR
H04M2250/10 OR H04M2250/22 OR
H04M2250/66 OR H04M3/10 OR
H04M3/2254 OR H04M3/2281 OR
H04M3/382 OR H04M3/42008 OR
H04M3/42017 OR H04M3/42051 OR
H04M3/42085 OR H04M3/42229 OR
H04M3/42272 OR H04M3/42306 OR
H04M3/42374 OR H04M3/4285 OR
H04M3/4288 OR H04M3/4878 OR
H04M3/51 OR H04M3/5116 OR
H04M3/5191 OR H04M3/53308 OR
H04M3/53325 OR H04M3/537 OR
H04M3/54 OR H04M3/545 OR H04M3/546
OR H04M3/56 OR H04M7/0009 OR
H04M7/0012 OR H04M7/003 OR
H04M7/0036 OR H04M7/0057 OR
H04M7/006 OR H04M7/0075 OR
H04M7/0081 OR H04M7/06 OR
H04M7/1205 OR H04M7/125 OR
H04M7/1275).CPC. )

| | | | | | | |
|----|-----|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------------|----|----|---------------------|
| S11 | 10 | national near5 CNAM | US-PGPUB | OR | ON | 2014/04/15 12:42 |
| S12 | 3 | calling adj2 name same (("not" or non) adj3 subscrib$9) | US-PGPUB | OR | ON | 2014/04/15 12:44 |
| S13 | 827 | 379/142.$.ccls. | US-PGPUB | OR | ON | 2014/04/15 12:49 |
| S14 | 740 | S13 AND ( (H04M3/42042 OR H04M15/06 OR H04M3/42059 OR H04M1/57 OR H04M1/575 OR H04M3/436 OR H04M3/42068 OR H04M1/663 OR H04M2201/38 OR H04M2242/22 OR H04M3/42 OR H04M3/42102 OR H04M3/42365 OR H04M1/56 OR | US-PGPUB | OR | ON | 2014/04/15 13:24 |

H04M1/72519 OR H04M3/42093 OR
H04M3/4211 OR H04M3/42153 OR
H04M3/42195 OR H04M3/42382 OR
H04M3/4365 OR H04M15/00 OR
H04M1/2535 OR H04M2242/30 OR
H04M3/38 OR H04M3/42348 OR
H04M3/42357 OR H04M3/4931 OR
H04M7/0033 OR H04M7/0069 OR
H04M1/247 OR H04M1/665 OR H04M1/723
OR H04M1/72547 OR H04M1/72561 OR
H04M1/72566 OR H04M2201/40 OR
H04M2203/2072 OR H04M2203/654 OR
H04M2203/655 OR H04M2207/12 OR
H04M2250/60 OR H04M3/02 OR
H04M3/2218 OR H04M3/42161 OR
H04M3/42187 OR H04M3/42221 OR
H04M3/42263 OR H04M3/4228 OR
H04M3/42314 OR H04M3/42323 OR
H04M3/465 OR H04M3/48 OR H04M3/4872
OR H04M3/493 OR H04M3/523 OR
H04M3/533 OR H04M3/543 OR H04M7/12
OR H04M11/00 OR H04M11/025 OR
H04M11/085 OR H04M15/08 OR
H04M15/43 OR H04M15/44 OR H04M15/56
OR H04M15/745 OR H04M15/8044 OR
H04M15/88 OR H04M15/881 OR
H04M15/882 OR H04M15/888 OR
H04M17/02 OR H04M19/04 OR
H04M1/2478 OR H04M1/2745 OR
H04M1/274508 OR H04M1/274575 OR
H04M1/573 OR H04M1/578 OR H04M1/64
OR H04M1/65 OR H04M1/656 OR
H04M1/667 OR H04M1/72569 OR
H04M1/72572 OR H04M1/72577 OR
H04M1/72597 OR H04M1/738 OR
H04M1/82 OR H04M2201/12 OR
H04M2201/18 OR H04M2201/42 OR
H04M2203/055 OR H04M2203/152 OR
H04M2203/158 OR H04M2203/2011 OR
H04M2203/2016 OR H04M2203/2094 OR
H04M2203/253 OR H04M2203/306 OR
H04M2203/4509 OR H04M2203/4536 OR
H04M2203/5063 OR H04M2203/551 OR
H04M2203/558 OR H04M2203/6009 OR
H04M2203/6027 OR H04M2203/6045 OR
H04M2203/6081 OR H04M2207/203 OR
H04M2215/0192 OR H04M2242/28 OR
H04M2250/10 OR H04M2250/22 OR
H04M2250/66 OR H04M3/10 OR
H04M3/2254 OR H04M3/2281 OR
H04M3/382 OR H04M3/42008 OR
H04M3/42017 OR H04M3/42051 OR
H04M3/42085 OR H04M3/42229 OR
H04M3/42272 OR H04M3/42306 OR
H04M3/42374 OR H04M3/4285 OR
H04M3/4288 OR H04M3/4878 OR
H04M3/51 OR H04M3/5116 OR
H04M3/5191 OR H04M3/53308 OR
H04M3/53325 OR H04M3/537 OR
H04M3/54 OR H04M3/545 OR H04M3/546
OR H04M3/56 OR H04M7/0009 OR
H04M7/0012 OR H04M7/003 OR
H04M7/0036 OR H04M7/0057 OR
H04M7/006 OR H04M7/0075 OR

| | | H04M7/0081 OR H04M7/06 OR H04M7/1205 OR H04M7/125 OR H04M7/1275).CPC. ) | | | | |
|---|---|---|---|---|---|---|
| S15 | 0 | S14 and (private near5 cnam) | US-PGPUB | OR | ON | 2014/04/15 13:24 |
| S16 | 0 | S14 and (internet near5 cnam) | US-PGPUB | OR | ON | 2014/04/15 13:24 |
| S17 | 28 | S14 and (localnear5 cnam) | US-PGPUB | OR | ON | 2014/04/15 13:25 |
| S18 | 0 | S14 and (local near5 cnam) | US-PGPUB | OR | ON | 2014/04/15 13:25 |
| S19 | 28 | S14 and (cnam) | US-PGPUB | OR | ON | 2014/04/15 13:25 |
| S23 | 167 | called same search same (caller adj3 name) | US-PGPUB; USPAT | OR | ON | 2014/04/15 16:24 |
| S24 | 39 | called near5 search same (caller adj3 name) | US-PGPUB; USPAT | OR | ON | 2014/04/15 16:24 |
| S25 | 41 | called near5 search$4 same (caller adj3 name) | US-PGPUB; USPAT | OR | ON | 2014/04/15 16:24 |
| S26 | 78 | called near5 (search$4 or query$4) same (caller adj3 name) | US-PGPUB; USPAT | OR | ON | 2014/04/15 16:24 |
| S27 | 1 | called near5 (search$4 or query$4) same (caller adj3 name) same interface | US-PGPUB; USPAT | OR | ON | 2014/04/15 16:24 |
| S28 | 8 | ("5457738" \| "5940484" \| "6298128" \| "6353664" \| "6449351" \| "6459782" \| "6496569" \| "6539080").PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/04/15 16:31 |
| S29 | 2 | called near5 search near5 (caller adj3 name) | US-PGPUB; USPAT | OR | ON | 2014/04/15 16:36 |
| S30 | 1 | called near5 input$ same search same (caller adj3 name) | US-PGPUB; USPAT | OR | ON | 2014/04/15 16:36 |
| S32 | 29 | json adj protocol | US-PGPUB; USPAT | OR | ON | 2014/04/15 20:21 |
| S33 | 1 | "20130287196" | US-PGPUB; USPAT | OR | ON | 2014/04/15 20:25 |
| S34 | 1 | S33 and protocol | US-PGPUB; USPAT | OR | ON | 2014/04/15 20:25 |
| S35 | 2 | "20080240383" | US-PGPUB; USPAT | OR | ON | 2014/04/15 20:42 |
| S38 | 0 | S35 and privacy | US-PGPUB; USPAT | OR | ON | 2014/04/15 20:46 |
| S41 | 295 | 379/142.01.ccls. | US-PGPUB | OR | ON | 2014/04/15 21:02 |
| S42 | 52 | 379/142.1.ccls. | US- | OR | ON | 2014/04/15 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | PGPUB | | | | 21:02 |
| S43 | 145 | 379/142.1.ccls. | US-PGPUB; USPAT | OR | ON | 2014/04/15 21:02 |
| S44 | 145 | 379/142.1.ccls. | US-PGPUB; USPAT | OR | ON | 2014/04/15 21:02 |
| S45 | 927 | 379/142.01.ccls. | US-PGPUB; USPAT | OR | ON | 2014/04/15 21:03 |
| S46 | 1044 | S44 or S45 | US-PGPUB; USPAT | OR | ON | 2014/04/15 21:03 |
| S47 | 910 | S46 AND ( (H04M15/06 OR H04M3/42042 OR H04M1/575 OR H04M3/42059 OR H04M1/57 OR H04M3/42017 OR H04M3/436 OR H04M1/56 OR H04M2242/30 OR H04M2201/38 OR H04M3/42348 OR H04M1/72572 OR H04M2242/22 OR H04M3/42357 OR H04M1/2535 OR H04M1/578 OR H04M2207/12 OR H04M7/006 OR H04M15/00 OR H04M15/56 OR H04M19/04 OR H04M1/72552 OR H04M2203/2072 OR H04M2203/551 OR H04M2250/60 OR H04M3/02 OR H04M3/2218 OR H04M3/38 OR H04M3/42 OR H04M3/42068 OR H04M3/42093 OR H04M3/42102 OR H04M3/42365 OR H04M3/4931 OR H04M3/533 OR H04M3/537 OR H04M1/2745 OR H04M1/66 OR H04M1/663 OR H04M1/72519 OR H04M1/72547 OR H04M2203/654 OR H04M2203/655 OR H04M2207/18 OR H04M2215/202 OR H04M2242/14 OR H04M2250/22 OR H04M2250/58 OR H04M3/42051 OR H04M3/42187 OR H04M3/4228 OR H04M3/42374 OR H04M3/42382 OR H04M3/465 OR H04M3/56 OR H04M7/0027 OR H04M7/0075 OR H04M11/04 OR H04M11/066 OR H04M15/58 OR H04M15/721 OR H04M15/745 OR H04M15/7655 OR H04M15/88 OR H04M15/881 OR H04M15/882 OR H04M15/888 OR H04M17/02 OR H04M19/041 OR H04M1/006 OR H04M1/21 OR H04M1/247 OR H04M1/274516 OR H04M1/274566 OR H04M1/576 OR H04M1/6041 OR H04M1/6058 OR H04M1/658 OR H04M1/667 OR H04M1/673 OR H04M1/72527 OR H04M1/7253 OR H04M1/72536 OR H04M1/7255 OR H04M1/72561 OR H04M1/72566 OR H04M1/72569 OR H04M1/738 OR H04M2201/14 OR H04M2201/18 OR H04M2201/60 OR H04M2203/152 OR H04M2203/2005 OR H04M2203/2061 OR H04M2203/2094 OR H04M2203/256 OR H04M2203/306 OR H04M2203/4563 OR H04M2203/5063 OR H04M2203/5072 OR H04M2203/5081 OR H04M2203/558 OR H04M2203/6045 OR H04M2203/652 OR | US-PGPUB; USPAT | OR | ON | 2014/04/15 21:03 |

|  |  | H04M2207/203 OR H04M2215/0108 OR H04M2215/0188 OR H04M2215/7045 OR H04M2215/725 OR H04M2242/04 OR H04M2242/15 OR H04M2250/02 OR H04M3/20 OR H04M3/2281 OR H04M3/307 OR H04M3/382 OR H04M3/42076 OR H04M3/4211 OR H04M3/42153 OR H04M3/42221 OR H04M3/42229 OR H04M3/42263 OR H04M3/42272 OR H04M3/42306 OR H04M3/42323 OR H04M3/4365 OR H04M3/46 OR H04M3/48 OR H04M3/4872 OR H04M3/4878 OR H04M3/4936 OR H04M3/51 OR H04M3/5116 OR H04M3/5191 OR H04M3/523 OR H04M3/5238 OR H04M3/5322 OR H04M3/53308 OR H04M3/53383 OR H04M3/54 OR H04M3/543 OR H04M3/545 OR H04M3/567 OR H04M3/64 OR H04M7/0039 OR H04M7/0042 OR H04M7/06 OR H04M7/12 OR H04M7/1235 OR H04L67/18 OR H04L65/1069 OR H04L65/1006 OR H04L65/1096 OR H04L65/403 OR H04L67/24 OR H04L12/66 OR H04L29/1216 OR H04L61/106 OR H04L61/157 OR H04L61/609 OR H04L65/1016 OR H04L12/10 OR H04L12/14 OR H04L12/1822 OR H04L12/585 OR H04L12/5865 OR H04L12/588 OR H04L2463/121 OR H04L29/06027 OR H04L29/12122 OR H04L29/12792 OR H04L29/12896 OR H04L51/32 OR H04L61/1547 OR H04L61/60 OR H04L61/605 OR H04L63/00 OR H04L63/0823 OR H04L63/101 OR H04L63/102 OR H04L63/107 OR H04L63/108 OR H04L63/12 OR H04L63/30 OR H04L65/1066 OR H04L65/1083 OR H04L65/1089 OR H04L65/4015 OR H04L67/04 OR H04L67/306 OR H04L67/34 OR H04L69/08 OR H04W4/02 OR H04W4/20 OR H04W76/02 OR H04W12/08 OR H04W4/028 OR H04W64/00 OR H04W12/06 OR H04W4/001 OR H04W4/021 OR H04W4/023 OR H04W4/026 OR H04W4/22 OR H04W4/24 OR H04W76/007 OR H04W8/18 OR H04W8/26).CPC. ) |  |  |  |  |
| S48 | 1 | called near5 input$ same search same (caller adj3 name) | US-PGPUB; USPAT | OR | ON | 2014/07/16 14:47 |
| S49 | 838 | 379/142.$.ccls. | US-PGPUB | OR | ON | 2014/07/16 14:48 |
| S50 | 751 | S49 AND ( (H04M3/42042 OR H04M15/06 OR H04M3/42059 OR H04M1/57 OR H04M1/575 OR H04M3/436 OR H04M3/42068 OR H04M1/663 OR H04M2201/38 OR H04M2242/22 OR H04M3/42 OR H04M3/42102 OR H04M3/42365 OR H04M1/56 OR H04M1/72519 OR H04M3/42093 OR H04M3/4211 OR H04M3/42153 OR H04M3/42195 OR H04M3/42382 OR H04M3/4365 OR H04M15/00 OR | US-PGPUB | OR | ON | 2014/07/16 14:48 |

H04M1/2535 OR H04M2242/30 OR
H04M3/38 OR H04M3/42348 OR
H04M3/42357 OR H04M3/4931 OR
H04M7/0033 OR H04M7/0069 OR
H04M1/247 OR H04M1/665 OR H04M1/723
OR H04M1/72547 OR H04M1/72561 OR
H04M1/72566 OR H04M2201/40 OR
H04M2203/2072 OR H04M2203/654 OR
H04M2203/655 OR H04M2207/12 OR
H04M2250/60 OR H04M3/02 OR
H04M3/2218 OR H04M3/42161 OR
H04M3/42187 OR H04M3/42221 OR
H04M3/42263 OR H04M3/4228 OR
H04M3/42314 OR H04M3/42323 OR
H04M3/465 OR H04M3/48 OR H04M3/4872
OR H04M3/493 OR H04M3/523 OR
H04M3/533 OR H04M3/543 OR H04M7/12
OR H04M11/00 OR H04M11/025 OR
H04M11/085 OR H04M15/08 OR
H04M15/43 OR H04M15/44 OR H04M15/56
OR H04M15/745 OR H04M15/8044 OR
H04M15/88 OR H04M15/881 OR
H04M15/882 OR H04M15/888 OR
H04M17/02 OR H04M19/04 OR
H04M1/2478 OR H04M1/2745 OR
H04M1/274508 OR H04M1/274575 OR
H04M1/573 OR H04M1/578 OR H04M1/64
OR H04M1/65 OR H04M1/656 OR
H04M1/667 OR H04M1/72569 OR
H04M1/72572 OR H04M1/72577 OR
H04M1/72597 OR H04M1/738 OR
H04M1/82 OR H04M2201/12 OR
H04M2201/18 OR H04M2201/42 OR
H04M2203/055 OR H04M2203/152 OR
H04M2203/158 OR H04M2203/2011 OR
H04M2203/2016 OR H04M2203/2094 OR
H04M2203/253 OR H04M2203/306 OR
H04M2203/4509 OR H04M2203/4536 OR
H04M2203/5063 OR H04M2203/551 OR
H04M2203/558 OR H04M2203/6009 OR
H04M2203/6027 OR H04M2203/6045 OR
H04M2203/6081 OR H04M2207/203 OR
H04M2215/0192 OR H04M2242/28 OR
H04M2250/10 OR H04M2250/22 OR
H04M2250/66 OR H04M3/10 OR
H04M3/2254 OR H04M3/2281 OR
H04M3/382 OR H04M3/42008 OR
H04M3/42017 OR H04M3/42051 OR
H04M3/42085 OR H04M3/42229 OR
H04M3/42272 OR H04M3/42306 OR
H04M3/42374 OR H04M3/4285 OR
H04M3/4288 OR H04M3/4878 OR
H04M3/51 OR H04M3/5116 OR
H04M3/5191 OR H04M3/53308 OR
H04M3/53325 OR H04M3/537 OR
H04M3/54 OR H04M3/545 OR H04M3/546
OR H04M3/56 OR H04M7/0009 OR
H04M7/0012 OR H04M7/003 OR
H04M7/0036 OR H04M7/0057 OR
H04M7/006 OR H04M7/0075 OR
H04M7/0081 OR H04M7/06 OR
H04M7/1205 OR H04M7/125 OR
H04M7/1275).CPC. )

| S51 | 30868 | ( ( H04M3/42042 OR H04M15/06 OR | US- | OR | ON | 2014/07/16 |

H04M3/42059 OR H04M1/57 OR
H04M1/575 OR H04M3/436 OR
H04M3/42068 OR H04M1/663 OR
H04M2201/38 OR H04M2242/22 OR
H04M3/42 OR H04M3/42102 OR
H04M3/42365 OR H04M1/56 OR
H04M1/72519 OR H04M3/42093 OR
H04M3/4211 OR H04M3/42153 OR
H04M3/42195 OR H04M3/42382 OR
H04M3/4365 OR H04M15/00 OR
H04M1/2535 OR H04M2242/30 OR
H04M3/38 OR H04M3/42348 OR
H04M3/42357 OR H04M3/4931 OR
H04M7/0033 OR H04M7/0069 OR
H04M1/247 OR H04M1/665 OR H04M1/723
OR H04M1/72547 OR H04M1/72561 OR
H04M1/72566 OR H04M2201/40 OR
H04M2203/2072 OR H04M2203/654 OR
H04M2203/655 OR H04M2207/12 OR
H04M2250/60 OR H04M3/02 OR
H04M3/2218 OR H04M3/42161 OR
H04M3/42187 OR H04M3/42221 OR
H04M3/42263 OR H04M3/4228 OR
H04M3/42314 OR H04M3/42323 OR
H04M3/465 OR H04M3/48 OR H04M3/4872
OR H04M3/493 OR H04M3/523 OR
H04M3/533 OR H04M3/543 OR H04M7/12
OR H04M11/00 OR H04M11/025 OR
H04M11/085 OR H04M15/08 OR
H04M15/43 OR H04M15/44 OR H04M15/56
OR H04M15/745 OR H04M15/8044 OR
H04M15/88 OR H04M15/881 OR
H04M15/882 OR H04M15/888 OR
H04M17/02 OR H04M19/04 OR
H04M1/2478 OR H04M1/2745 OR
H04M1/274508 OR H04M1/274575 OR
H04M1/573 OR H04M1/578 OR H04M1/64
OR H04M1/65 OR H04M1/656 OR
H04M1/667 OR H04M1/72569 OR
H04M1/72572 OR H04M1/72577 OR
H04M1/72597 OR H04M1/738 OR
H04M1/82 OR H04M2201/12 OR
H04M2201/18 OR H04M2201/42 OR
H04M2203/055 OR H04M2203/152 OR
H04M2203/158 OR H04M2203/2011 OR
H04M2203/2016 OR H04M2203/2094 OR
H04M2203/253 OR H04M2203/306 OR
H04M2203/4509 OR H04M2203/4536 OR
H04M2203/5063 OR H04M2203/551 OR
H04M2203/558 OR H04M2203/6009 OR
H04M2203/6027 OR H04M2203/6045 OR
H04M2203/6081 OR H04M2207/203 OR
H04M2215/0192 OR H04M2242/28 OR
H04M2250/10 OR H04M2250/22 OR
H04M2250/66 OR H04M3/10 OR
H04M3/2254 OR H04M3/2281 OR
H04M3/382 OR H04M3/42008 OR
H04M3/42017 OR H04M3/42051 OR
H04M3/42085 OR H04M3/42229 OR
H04M3/42272 OR H04M3/42306 OR
H04M3/42374 OR H04M3/4285 OR
H04M3/4288 OR H04M3/4878 OR
H04M3/51 OR H04M3/5116 OR
H04M3/5191 OR H04M3/53308 OR

PGPUB

14:48

| | | H04M3/53325 OR H04M3/537 OR H04M3/54 OR H04M3/545 OR H04M3/546 OR H04M3/56 OR H04M7/0009 OR H04M7/0012 OR H04M7/003 OR H04M7/0036 OR H04M7/0057 OR H04M7/006 OR H04M7/0075 OR H04M7/0081 OR H04M7/06 OR H04M7/1205 OR H04M7/125 OR H04M7/1275).CPC. ) | | | | |
|---|---|---|---|---|---|---|
| S52 | 59 | S51 and (search$4 or quer$6) near5 telephone adj3 number same (answered or ring) | US-PGPUB | OR | ON | 2014/07/16 14:50 |
| S53 | 31046 | (( (H04M3/42042 OR H04M15/06 OR H04M3/42059 OR H04M1/57 OR H04M1/575 OR H04M3/436 OR H04M3/42068 OR H04M1/663 OR H04M2201/38 OR H04M2242/22 OR H04M3/42 OR H04M3/42102 OR H04M3/42365 OR H04M1/56 OR H04M1/72519 OR H04M3/42093 OR H04M3/4211 OR H04M3/42153 OR H04M3/42195 OR H04M3/42382 OR H04M3/4365 OR H04M15/00 OR H04M1/2535 OR H04M2242/30 OR H04M3/38 OR H04M3/42348 OR H04M3/42357 OR H04M3/4931 OR H04M7/0033 OR H04M7/0069 OR H04M1/247 OR H04M1/665 OR H04M1/723 OR H04M1/72547 OR H04M1/72561 OR H04M1/72566 OR H04M2201/40 OR H04M2203/2072 OR H04M2203/654 OR H04M2203/655 OR H04M2207/12 OR H04M2250/60 OR H04M3/02 OR H04M3/2218 OR H04M3/42161 OR H04M3/42187 OR H04M3/42221 OR H04M3/42263 OR H04M3/4228 OR H04M3/42314 OR H04M3/42323 OR H04M3/465 OR H04M3/48 OR H04M3/4872 OR H04M3/493 OR H04M3/523 OR H04M3/533 OR H04M3/543 OR H04M7/12 OR H04M11/00 OR H04M11/025 OR H04M11/085 OR H04M15/08 OR H04M15/43 OR H04M15/44 OR H04M15/56 OR H04M15/745 OR H04M15/8044 OR H04M15/88 OR H04M15/881 OR H04M15/882 OR H04M15/888 OR H04M17/02 OR H04M19/04 OR H04M1/2478 OR H04M1/2745 OR H04M1/274508 OR H04M1/274575 OR H04M1/573 OR H04M1/578 OR H04M1/64 OR H04M1/65 OR H04M1/656 OR H04M1/667 OR H04M1/72569 OR H04M1/72572 OR H04M1/72577 OR H04M1/72597 OR H04M1/738 OR H04M1/82 OR H04M2201/12 OR H04M2201/18 OR H04M2201/42 OR H04M2203/055 OR H04M2203/152 OR H04M2203/158 OR H04M2203/2011 OR H04M2203/2016 OR H04M2203/2094 OR H04M2203/253 OR H04M2203/306 OR H04M2203/4509 OR H04M2203/4536 OR H04M2203/5063 OR H04M2203/551 OR H04M2203/558 OR H04M2203/6009 OR H04M2203/6027 OR H04M2203/6045 OR | USPAT | OR | ON | 2014/07/16 15:22 |

|  |  | H04M2203/6081 OR H04M2207/203 OR<br>H04M2215/0192 OR H04M2242/28 OR<br>H04M2250/10 OR H04M2250/22 OR<br>H04M2250/66 OR H04M3/10 OR<br>H04M3/2254 OR H04M3/2281 OR<br>H04M3/382 OR H04M3/42008 OR<br>H04M3/42017 OR H04M3/42051 OR<br>H04M3/42085 OR H04M3/42229 OR<br>H04M3/42272 OR H04M3/42306 OR<br>H04M3/42374 OR H04M3/4285 OR<br>H04M3/4288 OR H04M3/4878 OR<br>H04M3/51 OR H04M3/5116 OR<br>H04M3/5191 OR H04M3/53308 OR<br>H04M3/53325 OR H04M3/537 OR<br>H04M3/54 OR H04M3/545 OR H04M3/546<br>OR H04M3/56 OR H04M7/0009 OR<br>H04M7/0012 OR H04M7/003 OR<br>H04M7/0036 OR H04M7/0057 OR<br>H04M7/006 OR H04M7/0075 OR<br>H04M7/0081 OR H04M7/06 OR<br>H04M7/1205 OR H04M7/125 OR<br>H04M7/1275).CPC. ) |  |  |  |  |
|------|------|------|------|------|------|------|
| S54 | 52 | S53 and (search$4 or quer$6) near5<br>telephone adj3 number same (answered or<br>ring) | US-<br>PGPUB;<br>USPAT | OR | ON | 2014/07/16<br>15:22 |
| S55 | 1347 | tieu-binh$.xa,xp. | US-<br>PGPUB;<br>USPAT | OR | ON | 2014/07/16<br>15:28 |
| S56 | 0 | S55 and S49 | US-<br>PGPUB;<br>USPAT | OR | ON | 2014/07/16<br>15:28 |
| S57 | 2843 | 379/142.$.ccls. | US-<br>PGPUB;<br>USPAT | OR | ON | 2014/07/16<br>15:28 |
| S58 | 119 | S55 and S57 | US-<br>PGPUB;<br>USPAT | OR | ON | 2014/07/16<br>15:29 |
| S59 | 13 | S58 and manually | US-<br>PGPUB;<br>USPAT | OR | ON | 2014/07/16<br>15:29 |
| S60 | 1 | S59 and secretary | US-<br>PGPUB;<br>USPAT | OR | ON | 2014/07/16<br>15:29 |
| S61 | 9 | S58 and disposition | US-<br>PGPUB;<br>USPAT | OR | ON | 2014/07/16<br>15:30 |
| S62 | 3 | S58 and (quer$4 or search$4) near5<br>internet | US-<br>PGPUB;<br>USPAT | OR | ON | 2014/07/16<br>15:30 |
| S63 | 9 | ("5784444" \| "5864612" \| "6192116" \|<br>"6310944" \| "6343120" \| "6397059" \|<br>"6449351" \| "6662006" \| "6771755").PN. | US-<br>PGPUB;<br>USPAT;<br>USOCR | OR | OFF | 2014/07/16<br>15:31 |
| S64 | 92 | "6459782" | US-<br>PGPUB;<br>USPAT;<br>USOCR | OR | OFF | 2014/07/16<br>15:35 |
| S65 | 27 | S57 and (manual$4 near5 (search or<br>quer$4)) | US-<br>PGPUB;<br>USPAT | OR | ON | 2014/07/16<br>15:42 |

| S66 | 6 | ("20030147518" \| "20040063445" \| "5546447" \| "5754636" \| "5930700" \| "6728355").PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/07/16 15:48 |
|---|---|---|---|---|---|---|
| S67 | 68 | S57 and secretary | US-PGPUB; USPAT | OR | ON | 2014/07/16 15:50 |
| S68 | 3 | S57 and secretary same (search$4) | US-PGPUB; USPAT | OR | ON | 2014/07/16 15:51 |
| S69 | 61914 | S51 or S53 | US-PGPUB; USPAT | OR | ON | 2014/07/16 15:53 |
| S70 | 0 | S69 and (manuall4 near5 (query$4 or search$4)) near name | US-PGPUB; USPAT | OR | ON | 2014/07/16 15:54 |
| S71 | 0 | S69 and (manuall4 near5 (query$4 or search$4)) same name | US-PGPUB; USPAT | OR | ON | 2014/07/16 15:54 |
| S72 | 0 | S69 and (manuall4 near5 (query$4 or search$4)) | US-PGPUB; USPAT | OR | ON | 2014/07/16 15:54 |
| S73 | 339 | S69 and (manuall$ near5 (query$4 or search$4)) | US-PGPUB; USPAT | OR | ON | 2014/07/16 15:54 |
| S74 | 2 | S69 and (manuall$ near5 (query$4 or search$4)) near5 name | US-PGPUB; USPAT | OR | ON | 2014/07/16 15:54 |
| S75 | 305 | S69 and (manuall$ near5 (query$4 or search$4)) and name | US-PGPUB; USPAT | OR | ON | 2014/07/16 15:55 |
| S76 | 0 | S69 and (manuall$ near5 (query$4 or search$4)) same (caler adj3 ID) | US-PGPUB; USPAT | OR | ON | 2014/07/16 15:56 |
| S77 | 1 | S69 and (manuall$ near5 (query$4 or search$4)) same (caller adj3 ID) | US-PGPUB; USPAT | OR | ON | 2014/07/16 15:56 |
| S78 | 88 | S69 and (manuall$ near5 (query$4 or search$4)) and (caller adj3 ID) | US-PGPUB; USPAT | OR | ON | 2014/07/16 15:58 |
| S79 | 210 | (manuall$ near5 (query$4 or search$4)) and (caller adj3 ID) | US-PGPUB; USPAT | OR | ON | 2014/07/16 16:19 |
| S80 | 2 | (manuall$ near5 (query$4 or search$4)) same (caller adj3 ID) | US-PGPUB; USPAT | OR | ON | 2014/07/16 16:19 |
| S81 | 57 | ((called adj3 party) near5 (query$4 or search$4)) same (caller adj3 name) | US-PGPUB; USPAT | OR | ON | 2014/07/16 16:21 |
| S82 | 11 | reversed ADJ2 (lookup or look-up) | US-PGPUB; USPAT | OR | ON | 2014/07/16 16:29 |
| S83 | 1062 | search$4 near5 (call$4 near5 name) | US-PGPUB; USPAT | OR | ON | 2014/07/16 16:44 |
| S84 | 88 | S83 and 379/142.$.ccls. | US-PGPUB; | OR | ON | 2014/07/16 16:45 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | USPAT | | | |
| S85 | 62 | (user adj3 search$4) near5 (call$4 near5 name) | US-PGPUB; USPAT | OR | ON | 2014/07/16 16:50 |
| S86 | 955 | enter adj3 $phone adj3 number same (search$4 or quer$6) | US-PGPUB; USPAT | OR | ON | 2014/07/16 17:06 |
| S87 | 0 | S76 and (calling adj3 name) | US-PGPUB; USPAT | OR | ON | 2014/07/16 17:07 |
| S88 | 0 | S76 and (name) | US-PGPUB; USPAT | OR | ON | 2014/07/16 17:07 |
| S89 | 40 | S86 and (calling adj3 name) | US-PGPUB; USPAT | OR | ON | 2014/07/16 17:07 |
| S90 | 0 | (manual$4 adj3 search) same (calling adj3 name) | US-PGPUB; USPAT | OR | ON | 2014/07/16 17:12 |
| S91 | 10 | (manual$4 adj3 quer$4) same (calling adj3 name) | US-PGPUB; USPAT | OR | ON | 2014/07/16 17:12 |
| S92 | 154 | reversed adj3 search$4 | US-PGPUB; USPAT | OR | ON | 2014/07/16 17:13 |
| S93 | 0 | S92 and (calling adj3 name) | US-PGPUB; USPAT | OR | ON | 2014/07/16 17:13 |
| S94 | 7 | S92 and (call$4 adj3 name) | US-PGPUB; USPAT | OR | ON | 2014/07/16 17:13 |
| S95 | 42 | S58 and automatically | US-PGPUB; USPAT | OR | ON | 2014/07/16 17:29 |
| S96 | 13 | S58 and automatically same name | US-PGPUB; USPAT | OR | ON | 2014/07/16 17:29 |
| S97 | 33 | ("20020098831" \| "20020191596" \| "20030017824" \| "20030088427" \| "20030220898" \| "20040029568" \| "20040167877" \| "20040209677" \| "20040249650" \| "20040254823" \| "20050008135" \| "20050010656" \| "20050117736" \| "20050138177" \| "20060034434" \| "20060056599" \| "20060146998" \| "5581599" \| "5999525" \| "6005927" \| "6427064" \| "6529724" \| "6535596" \| "6580787" \| "6680935" \| "6769013" \| "6782268" \| "6961420" \| "6980993" \| "7187760" \| "7526079" \| "7602892" \| "8335299").PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/07/16 17:29 |
| S98 | 1 | manual$ adj3 search$4 same (call$4 adj3 name) | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/07/16 17:34 |
| S99 | 2694 | (search$4 or look$4 or lookup or look-up) same (call$4 adj3 name) | US-PGPUB; USPAT; | OR | OFF | 2014/07/16 19:18 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | USOCR | | |
| S100 | 1327 | S99 and ("379"/$.ccls. or "455"/$.ccls.) | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/07/16 19:18 |
| S101 | 2867 | (search$4 or look$4 or lookup or look-up) same (call$4 adj3 name) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/07/16 19:19 |
| S102 | 1359 | S101 and ("379"/$.ccls. or "455"/$.ccls.) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/07/16 19:19 |
| S103 | 255 | (search$4 or look$4 or lookup or look-up) same internet same (call$4 adj3 name) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/07/16 19:20 |
| S104 | 86 | S103 and ("379"/$.ccls. or "455"/$.ccls.) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/07/16 19:20 |
| S105 | 774 | (search$4 or look$4 or lookup or look-up) near5 (call$4 adj3 name) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/07/16 19:21 |
| S106 | 437 | S105 and ("379"/$.ccls. or "455"/$.ccls.) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/07/16 19:21 |
| S107 | 274 | S106 and internet | US-PGPUB; USPAT; USOCR | OR | ON | 2014/07/16 19:22 |
| S108 | 61 | (user or called or party) adj3 (search$4 or look$4 or lookup or look-up) near5 (call$4 adj3 name) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/07/16 19:25 |
| S109 | 5 | "7088994" | US-PGPUB; USPAT; USOCR | OR | ON | 2014/07/16 19:28 |
| S110 | 2795 | reverse ADJ2 (lookup or look-up) | US-PGPUB; USPAT | OR | ON | 2014/07/16 20:04 |
| S111 | 95 | S110 and (input$4 or enter$4) adj3 telephone adj3 number | US-PGPUB; USPAT | OR | ON | 2014/07/16 20:04 |

7/17/2014 5:17:50 PM
C:\ Users\ qtran\ Documents\ EAST\ Workspaces\ 14174724.wsp

## In The United States Patent and Trademark Office

Appl. No.        :        14/174,724                    Confirmation No. 6493

Applicant        :        Jeffrey D. Isaacs

Filed            :        02/06/2014

TC/A.U.          :        2656

Examiner         :        Quoc Duc Tran

Title            :        Post-page Caller Name Identification System

Customer No. :        121712


Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450


## AMENDMENT

Sir:

     In response to the Second Office Action mailed on July 21, 2014, please amend the above-captioned application as follows:

**Amendments to the Claims** are reflected in the listing of claims, which begin on page 2 of this document.

**Remarks** begin of page 4 of this document.

Appl. No. 14/174,724
Amdt. dated August 17, 2014
Reply to Office action mailed July 21, 2014

**Amendments to the Claims**

This listing of claims shall replace all prior versions of claims in this application:

**Listing of Claims:**

*Claims 1 – 10 (cancelled)*

*Claim 11 (new):*

      A system, functioning independently of a called party's telephone carrier and device, provides a calling party's CNAM after entry of the calling party's telephone number CID, comprising:

      a) an entry field, within a HTML web or mobile phone application, permitting the called party to input a query, post-page, specifying the CID;

      b) an SS7 interfacing node permitting real-time access to the SS7 network;

      c) a function serving as a direct interface between the called party's query and the calling party carrier's respective CNAM database;

      d) within the HTML web or mobile phone application, a display of the successfully queried calling party CNAM.

*Claim 12 (new):*

The system of claim 11, wherein the web or mobile phone application provides free-of-charge CNAM resolution for any of the end-user's multiple telephony devices, thereby permitting cost-savings.

*Claim 13 (new):*

The system of claim 11, wherein the called party enjoys significant cost savings and free-of-charge CNAM querying through an advertising display within the user interface.

*Claim 14 (new):*

The system of claim 11, wherein component function (c) additionally:

Page 2

Appl. No. 14/174,724
Amdt. dated August 17, 2014
Reply to Office action mailed July 21, 2014

confirms that the CID is not subject to system opt-out privacy controls; and

confirms that the CID paged a telephonic device owned or operated by the called party.

*Claim 15 (new):*

A method for providing a called party with the calling party's CNAM after a network page, independent of interaction with the carrier or device receiving the page, comprising the following steps:

a) entering of the calling party's telephone number CID into a web HTML or mobile phone application query field;

b) connecting to the PSTN via an SS7 interfacing node;

c) directly querying the calling party carrier CNAM database with the CID query entry;

d) displaying the successfully queried calling party CNAM on the HTML web or mobile phone application user interface.

*Claim 16 (new):*

The method of claim 15, further comprising a step to display advertising sponsorship on the web or mobile phone application interface, thereby achieving significant user cost savings and free-of-charge CNAM querying.

Appl. No. 14/174,724
Amdt. dated August 17, 2014
Reply to Office action mailed July 21, 2014

**Remarks**

***Summary of References and Remarks***

This Amendment addresses issues presented in the Second Office Action, specifically, claims have been revised to clarify and overcome non-obviousness of the invention over Fronczak and Bertolino or Bansal. Applicant believes he has amended the claims to place this application in full condition for allowance, by more precisely defining the invention claims with respect to the prior art cited by the Examiner. The Applicant appreciates the interview granted by the Examiner to discuss the prior art and claims syntax. Claims 1-3, 6, & 8-10 have now been cancelled. New claims submitted, numbered 11-16, are discussed in this Remarks section.

Briefly reviewed are the aforementioned references, followed by discussion of the general and specific novelty of the present invention and its unobviousness over the prior art.

**Bertolino** teaches a method, system and computer program, on a mobile device, performing a reverse database search for a given user-selected incoming phone number. In Bertolino Claim 1, the broad method claimed retrieves "contact information" over a "wireless connection" for a phone number. From Bertolino Fig. 4, it is apparent that a "RDLS"(Reverse Directory Lookup Service) provides the underlying functionality for the wireless contact information retrieval.

**Bansal** teaches a method and system for querying genealogical information via the web. In one claim, the genealogical information is a telephone number, which is thereby used for "searching a database" and "searching the Internet" (e.g. Bansal Claim 38).

Appl. No. 14/174,724
Amdt. dated August 17, 2014
Reply to Office action mailed July 21, 2014

**Fronczak** et al teach a system and method for providing caller name identification service after the initializing PSTN -> VoIP (SIP) call setup request, but still during the paging process. The system comprises: a) an SS7 interfacing switch or node, b) a CNAM database query function regulated by the SS7 interface, and c) a user interface element for displaying the successfully queried calling party CNAM. Unlike the present invention, no events in Fronzac's teachings take place entirely after the page, i.e. after the cessation of the SSP power ringing tone.

**The Claims Have Been Modified to Emphasize the Invention's Primary Function of Providing Carrier and Device Independent Caller Identification**

The present invention describes a method and system that is wholly independent of the end user/called party's telephone carrier, as well as their device. For example, a user who receives a phone call on their Verizon cellular phone may query the caller name using an embodiment of the present invention on their PC's HTML web browser. A user with multiple telephone devices may realize significant cost savings by consolidating all of their caller name identification (CNAM) services with the present invention's free-of-charge system.

The system described by Fronczac depends upon the carrier for functionality and is subject to carrier pricing control. This was the primary prior art discussed in the specification, and the motivation for improvement achieved by this invention.

Bertolino teaches a system that may be independent of the user's telephone carrier, but remains tied to the user's device. In Bertolino's system, the device maintains a list of incoming telephone calls, and the user is able to select a call and query an RDLS lookup over a wireless connection. Bertolino's system would not extend to multiple devices, as described in the present invention.

Bansal teaches a broad genealogical research/lookup system that is independent of

Appl. No. 14/174,724
Amdt. dated August 17, 2014
Reply to Office action mailed July 21, 2014

device and called party network carrier, however, Bansal critically lacks the ability
to directly interface (via SS7) with the calling party's CNAM database.

**Bertolino  and Bansal do not Contain any Suggestion to Support Their
Combination with Fronczak**

With regard to the proposed combination of Bertolino or Bansal and Fronczak, it
is well established that in order for any prior-art references themselves to be
validly combined for use in a prior-art § 103 rejection, *the references* must suggest
that they be combined.  *In re Sernaker*, 217 U.S.P.Q. 1, 6 (CAFC 1983):

> "[P]rior art references in combination do not make an invention obvious
> unless something in the prior art references would suggest the advantages
> to be derived from combining their teachings."

That the suggestion to combine the references should not come from applicant was
held in *Orthopedic Equipment Co. v. United States*, 217 USPQ 193, 199 (CAFC
1983). Furthermore, *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 5 USPQ2d 1434
(CAFC 1988) held:

> "[w]here prior-art references require selective combination by the court to
> render obvious a subsequent invention, there must be some reason for the
> combination other than the hindsight gleaned from the invention itself ...
> *Something in the prior art must suggest the desirability and thus the
> obviousness of making the combination*."

Bertolino is quite specific in that the called party's mobile device queries an
"RDLS." However, it is submitted that RDLS is not a term sufficiently known to
one skilled in the relevant art, beyond a generic database. As such, the Applicant
requests that the Patent Office construe RDLS in the narrowest of terms, to be a
proprietary database system operated and familiar to Bertolino (or assignee IBM).
There is no suggestion in Bertolino's teaching that the RDLS interfaces or derives
in any form or fashion with the telephone industry standard SS7 carrier CNAM

Appl. No. 14/174,724
Amdt. dated August 17, 2014
Reply to Office action mailed July 21, 2014

directories. To construe Bertolino's RDLS in such a broad fashion to incorporate every possible database query would effectively assign Bertolino the rights the entirety of an estimated ten million daily reverse telephone number lookups.

Similarly, Bansal has no reference to SS7 direct interface functionality. Bansal describes, with some specificity, a method to search the internet for contact name genealogical information. Bansal has no suggestion to interfacing with the SS7 network, nor is this an obvious extension, as Bansal was developed some six years prior to this function being invented.

**Lack of Implementation**

As discussed, neither Bansal nor Bertolino referenced a real-time SS7 database query as defined in the present suggestion. Moreover, neither Bansal nor Bertolino implemented such a system described in the present invention. The technology for the present invention was generally available no later than 2007, but the Applicant's commercial implementation of the present invention is the first known viable implementation. In hindsight, one might have expected to see implementation of the present invention around 2007, but such lack thereof is testament to its novelty and non-obviousness.

**Rapid Emulation the Present Invention**

It is believed that others began emulating the present invention within a year of its commercial launch. Such rapid emulation itself suggests novelty and non-obviousness.

**Commercial Success of the Present Invention Suggest Unobvious Invention**

The present invention became commercially available in July 2013, and was immediately viable and profitable in competitive markets, including Apple iTunes

Appl. No. 14/174,724
Amdt. dated August 17, 2014
Reply to Office action mailed July 21, 2014

and Google Android and Search applications. Within a year of launch, roughly 2% of the entire United States population had utilized the present invention.

**Conclusion**

The Applicant has amended claims to emphasize the present invention's carrier and device independence, and the valuable cost savings achieved for the public at large by implementing such a system. Bertolino describes a device-dependent system which , unlike the present invention, depends upon a proprietary RDLS for contact information. Bansal's system searches the internet and unspecified databases to respond to queries for genealogical information.

Viewing the present invention in context, applicant submits that the specification and claims now define patentability over the prior art. Thus it is submitted that the application now stands in condition for allowance, which action the applicant respectfully solicits.

Applicant asserts that the claims cited in this Amendment are proper, definite, and define a novel Post-page Caller Name Identification System which is unobvious. If, for any reason this application is not in full condition for allowance, the applicant respectfully requests the constructive assistance and suggestions of the Examiner pursuant to MPEP § 2173.02 and 707.07(j) in order that the undersigned can place this application in allowable condition without need for further proceedings.

Respectfully submitted,

*Jeffrey D. Isaacs*

/Jeffrey D. Isaacs/

Jeffrey D. Isaacs
Applicant Pro Se

Appl. No. 14/174,724
Amdt. dated August 17, 2014
Reply to Office action mailed July 21, 2014


8 Chase Circle
Fort Washington, PA 19034
(610) 202-1460


**Certificate of Filing**

I hereby certify that this Amendment is being transmitted via EFS-Web for filing on
August 17, 2014.

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 19884738 |
| **Application Number:** | 14174724 |
| **International Application Number:** | |
| **Confirmation Number:** | 6493 |
| **Title of Invention:** | Post-page Caller Name Identification System |
| **First Named Inventor/Applicant Name:** | Jeffrey D. Isaacs |
| **Customer Number:** | 121712 |
| **Filer:** | Jeffrey D. Isaacs |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | |
| **Receipt Date:** | 17-AUG-2014 |
| **Filing Date:** | 06-FEB-2014 |
| **Time Stamp:** | 21:35:13 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Amendment/Req. Reconsideration-After Non-Final Reject | Amendment2.pdf | 156838 <br> 40eb481f91baa33854b8ae7d3ba1f5e17c07e48b | no | 9 |

Warnings:

Information:

Total Files Size (in bytes): 156838

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>14/174,724 | Filing Date<br>02/06/2014 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☐ LARGE   ☐ SMALL   ☒ MICRO

## APPLICATION AS FILED – PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| AMENDMENT | **08/17/2014** | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | | PRESENT EXTRA (Column 3) | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * 6 | Minus | ** 20 | = 0 | | x $20 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 2 | Minus | *** 3 | = 0 | | x $105 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | **0** |

| AMENDMENT | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | | PRESENT EXTRA (Column 3) | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | |

LIE
/DIANIECE JACOBS/

\* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
\*\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

121712       7590       09/05/2014

Jeffrey D. Isaacs
8 Chase Circle
Fort Washington, PA 19034

| EXAMINER |
| --- |
| TRAN, QUOC DUC |

| ART UNIT | PAPER NUMBER |
| --- | --- |
| 2656 | |

DATE MAILED: 09/05/2014

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 14/174,724 | 02/06/2014 | Jeffrey D. Isaacs | | 6493 |

TITLE OF INVENTION: Post-page Caller Name Identification System

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
| --- | --- | --- | --- | --- | --- | --- |
| nonprovisional | MICRO | $240 | $0 | $0 | $240 | 12/05/2014 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.** THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.** SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 3

PTOL-85 (Rev. 02/11)

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to:** <u>Mail</u>   Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
**or** <u>Fax</u>   (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

121712        7590        09/05/2014
Jeffrey D. Isaacs
8 Chase Circle
Fort Washington, PA 19034

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/174,724 | 02/06/2014 | Jeffrey D. Isaacs | | 6493 |

TITLE OF INVENTION: Post-page Caller Name Identification System

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | MICRO | $240 | $0 | $0 | $240 | 12/05/2014 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| TRAN, QUOC DUC | 2656 | 379-142100 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list

(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) :  ☐ Individual  ☐ Corporation or other private group entity  ☐ Government

4a. The following fee(s) are submitted:

☐ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): **(Please first reapply any previously paid issue fee shown above)**

☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. **Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____        Date _____

Typed or printed name _____        Registration No. _____

Page 2 of 3

PTOL-85 Part B (10-13) Approved for use through 10/31/2013.        OMB 0651-0033        U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/174,724 | 02/06/2014 | Jeffrey D. Isaacs | | 6493 |

| | | | EXAMINER |
|---|---|---|---|
| 121712     7590     09/05/2014 | | | TRAN, QUOC DUC |

Jeffrey D. Isaacs
8 Chase Circle
Fort Washington, PA 19034

| ART UNIT | PAPER NUMBER |
|---|---|
| 2656 | |

DATE MAILED: 09/05/2014

### Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| *Notice of Allowability* | Application No. 14/174,724 | Applicant(s) ISAACS, JEFFREY D. | |
|---|---|---|---|
| | Examiner QUOC D. TRAN | Art Unit 2656 | AIA (First Inventor to File) Status Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *8/17/2014*.

   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are *11-16*. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov .

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

   **Certified copies:**

   a) ☐ All   b) ☐ Some   *c) ☐ None of the:

   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
   3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   * Certified copies not received: _____.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

   ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.

   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)
2. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
4. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .

5. ☐ Examiner's Amendment/Comment
6. ☒ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____ .

/QUOC D TRAN/
Primary Examiner, Art Unit 2656

Application/Control Number: 14/174,724                                    Page 2
Art Unit: 2656

1.      The present application, filed on or after March 16, 2013, is being examined under the

first inventor to file provisions of the AIA.

***Allowable Subject Matter***

2.      Claims 11-16 are allowed.

3.      The following is an examiner's statement of reasons for allowance:

        Applicant invention is drawn to a method and system for providing a post-page caller

name identification system. This standalone system may function for multiple telephone devices

owned or operated by the end-user. The *system is independent of the end-user's carrier*

*implementation (or lack thereof) of CNAM Caller ID*.

        The utility of the present invention is *to identify the calling party's name when only the*

*CID is known*. This is typically the case with most modern cellular mobile and VOIP systems.

The present invention's post-page functionality complements the prior art. In an ideal telephony

network, CNAM Caller ID would be transmitted during the page, or ring. As described above,

CNAM implementation has been declining for a decade due to increasing complexity of carriers.

This necessitates the present invention as the next-best solution for an end-user wishing to

identify a calling party. To attain this, the present invention comprises a *system that interfaces*

*the user directly with the calling party's SS7 SCP-connected CNAM database. After a call or*

*page terminates, the user accesses the present invention via the user terminal, which may*

*operate on a mobile phone application or via direct HTML web access. The user inputs the*

*CID information relayed from the calling party to the end-user*. The system then performs a

Global Title Translation (GTT) query using its SS7 node. The *GTT* lookup returns the respective

phone carrier and CNAM database applicable to the CID. The system then performs a GR-1188

Application/Control Number: 14/174,724                                              Page 3
Art Unit: 2656

CNAM query via SS7 to the service control point (SCP) for the respective CNAM database. Finally, the CNAM query result is presented on the user-interface. *The end-user consolidates CNAM services and enjoys significant cost savings.* A commercial implementation of the present invention was offered free-of-charge to the user via either a smartphone applications or direct web access. As stated above, the CNAM functionality offered by the present invention is often unavailable, even as a premium service, on many VOIP and cellular carriers.

Prior art of record failed to teach or fairly suggest the system and method for functioning independently of a called party's telephone carrier and device, *provides a calling party's CNAM after entry of the calling party's telephone number CID*, comprising: a) an entry field, within a HTML web or mobile phone application, permitting the called party to *input a query, post-page, specifying the CID*; b) an SS7 interfacing node permitting real-time access to the SS7 network; c) a function serving as a *direct interface between the called party's query and the calling party carrier's respective CNAM database*; d) within the HTML web or mobile phone application, a display of the successfully queried calling party CNAM.

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

4.      Any response to this action should be mailed to:

                    Mail Stop _____(explanation, e.g., Amendment or After-final, etc.)
                    Commissioner for Patents
                    P.O. Box 1450
                    Alexandria, VA 22313-1450
                Facsimile responses should be faxed to:

Application/Control Number: 14/174,724                                                            Page 4
Art Unit: 2656

**(571) 273-8300**

Hand-delivered responses should be brought to:
        Customer Service Window
        Randolph Building
        401 Dulany Street
        Alexandria, VA 22314

     Any inquiry concerning this communication or earlier communications from the examiner should be directed to **Quoc Tran** whose telephone number is **(571) 272-7511**.  The examiner can normally be reached on Monday-Friday from 8:00 to 4:30 PM.

     If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, **Curtis Kuntz**, can be reached on **(571) 272-7499**.

     Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the **Technology Center 2600** whose telephone number is **(571) 272-2600**.

     Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system.  Status information for published applications may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished applications is available through Private PAIR only.  For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

/Quoc D Tran/
Primary Examiner, Art Unit 2656
September 3, 2014

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14174724 | ISAACS, JEFFREY  D. |
| | Examiner | Art Unit |
| | QUOC D TRAN | 2656 |

**CPC**

| Symbol | | | | Type | Version |
|---|---|---|---|---|---|
| H04M | 3 | 42059 | | F | 2013-01-01 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**CPC Combination Sets**

| Symbol | | | Type | Set | Ranking | Version |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

| NONE | | Total Claims Allowed: | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 6 | |
| /QUOC D TRAN/ Primary Examiner.Art Unit 2656 | 9/3/2014 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 1 | 2 |

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14174724 | ISAACS, JEFFREY D. |
| | Examiner | Art Unit |
| | QUOC D TRAN | 2656 |

| US ORIGINAL CLASSIFICATION | | INTERNATIONAL CLASSIFICATION | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CLASS | SUBCLASS | CLAIMED | | | | | | NON-CLAIMED | | | | |
| 379 | 142.1 | H | 0 | 4 | M | 1 / 56 (2006.0) | | | | | | |
| CROSS REFERENCE(S) | | H | 0 | 4 | M | 15 / 06 (2006.01.01) | | | | | | |
| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | | | | | | | | | |
| 379 | 142.15 | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |

| NONE | | Total Claims Allowed: | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 6 | |
| /QUOC D TRAN/ Primary Examiner.Art Unit 2656 | 9/3/2014 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 1 | 2 |

| *Issue Classification* | **Application/Control No.** | **Applicant(s)/Patent Under Reexamination** |
|---|---|---|
| | 14174724 | ISAACS, JEFFREY D. |
| | **Examiner** | **Art Unit** |
| | QUOC D TRAN | 2656 |

☒  Claims renumbered in the same order as presented by applicant      ☐  CPA      ☐  T.D.      ☐  R.1.47

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |

| NONE | | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 6 | |
| /QUOC D TRAN/<br>Primary Examiner.Art Unit 2656 | 9/3/2014 | **O.G. Print Claim(s)** | **O.G. Print Figure** |
| (Primary Examiner) | (Date) | 1 | 2 |

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 0 | ((caller adj3 ID adj3 name)) same interface same query$4 same (after near5 (ring or page)) same (CNAM adj3 database) | US-PGPUB | OR | ON | 2014/09/03 14:06 |
| L2 | 0 | ((caller adj3 ID adj3 name)) same interface same query$4 same (after near5 (ring or page)) same (CNAM adj3 database) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/09/03 14:07 |
| L3 | 0 | ((caller adj3 ID adj3 name)) same interface same query$4 same (after near5 (ring or page)) and (CNAM adj3 database) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/09/03 14:07 |
| L4 | 0 | ((caller adj3 ID adj3 name)) same interface same query$4 and (CNAM adj3 database) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/09/03 14:07 |
| L5 | 0 | ((caller adj3 ID adj3 name)) same interface and (query$4 near5 (input or entry)) same (CNAM adj3 database) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/09/03 14:08 |
| L6 | 4 | ((called adj3 name)) same interface and (called near5 query$4) same (CNAM adj3 database) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/09/03 14:08 |

**9/3/2014 2:09:13 PM**
**C:\ Users\ qtran\ Documents\ EAST\ Workspaces\ 14174724.wsp**

| **Search Notes**  | Application/Control No. 14174724 | Applicant(s)/Patent Under Reexamination ISAACS, JEFFREY  D. |
|---|---|---|
| | **Examiner** QUOC D TRAN | **Art Unit** 2656 |

## CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| H04M1/26; H04M1/274508; H04M1/2745; H04M1/66; H04M1/663; H04M1/72519;  H04M1/72547 | 4/15/2014 | QT |
| update above | 7/15/2014 | QT |
| update above | 9/3/2014 | QT |

## CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 379 | 142.01, 142.04, 142.1, 142.11; 142.15 | 4/15/2014 | QT |
| update above | | 7/15/2014 | QT |
| update above | | 9/3/2014 | QT |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| inventor name search | 4/15/2014 | QT |
| EAST text search | 4/15/2014 | QT |
| update EAST | 7/15/2014 | QT |
| Consulted Binh Tieu | 7/16/2014 | QT |
| Examiner initiated interview | 7/29/2014 | QT |
| Examiner Initiated Interview following up on Amendment | 8/15/2014 | QT |
| Update EAST | 9/3/2014 | QT |

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| same as above | | 9/3/2014 | QT |

| | |
|---|---|
| | |

| INTERFERENCE SEARCH | | | |
|---|---|---|---|
| **US Class/ CPC Symbol** | **US Subclass / CPC Group** | **Date** | **Examiner** |
| PGPub text search | | 9/3/2014 | QT |

| | |
|---|---|
| | |

| | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| **_Index of Claims_** | 14174724 | ISAACS, JEFFREY D. |
| | **Examiner** | **Art Unit** |
| | QUOC D TRAN | 2656 |

| ✓ | **Rejected** | - | **Cancelled** | N | **Non-Elected** | A | **Appeal** |
|---|---|---|---|---|---|---|---|
| = | **Allowed** | ÷ | **Restricted** | I | **Interference** | O | **Objected** |

☒ **Claims renumbered in the same order as presented by applicant** ☐ CPA ☐ T.D. ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 04/15/2014 | 07/17/2014 | 09/03/2014 | | | | | | |
| | 1 | ✓ | ✓ | - | | | | | | |
| | 2 | ✓ | ✓ | - | | | | | | |
| | 3 | ✓ | ✓ | - | | | | | | |
| | 4 | ✓ | N | - | | | | | | |
| | 5 | ✓ | N | - | | | | | | |
| | 6 | ✓ | ✓ | - | | | | | | |
| | 7 | ✓ | N | - | | | | | | |
| | 8 | | ✓ | - | | | | | | |
| | 9 | | ✓ | - | | | | | | |
| | 10 | | ✓ | - | | | | | | |
| | 11 | | | = | | | | | | |
| | 12 | | | = | | | | | | |
| | 13 | | | = | | | | | | |
| | 14 | | | = | | | | | | |
| | 15 | | | = | | | | | | |
| | 16 | | | = | | | | | | |

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to:** _Mail_  Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
_or **Fax**_  (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

| | | |
|---|---|---|
| 121712 | 7590 | 09/05/2014 |

Jeffrey D. Isaacs
8 Chase Circle
Fort Washington, PA 19034

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

| | |
|---|---|
| **Jeffrey D. Isaacs** | (Depositor's name) |
| _Jeffrey D. Isaacs_ | (Signature) |
| **9/5/2014** | (Date) |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/174,724 | 02/06/2014 | Jeffrey D. Isaacs | | 6493 |

TITLE OF INVENTION: Post-page Caller Name Identification System

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | MICRO | $240 | $0 | $0 | $240 | 12/05/2014 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| TRAN, QUOC DUC | 2656 | 379-142100 |

**1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).**

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

**2. For printing on the patent front page, list**

(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

**3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT** (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                           (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) :   ☐ Individual   ☐ Corporation or other private group entity   ☐ Government

**4a. The following fee(s) are submitted:**

☑ Issue Fee

☐ Publication Fee (No small entity discount permitted)

☐ Advance Order - # of Copies _____

**4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)**

☐ A check is enclosed.

☑ Payment by credit card. Form PTO-2038 is attached. **EFS-Web Payment**

☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

**5. Change in Entity Status** (from status indicated above)

☑ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature   _Jeffrey D. Isaacs_                           Date   **9/5/2014**

Typed or printed name   **Jeffrey D. Isaacs**                        Registration No. _____

PTOL-85 Part B (10-13) Approved for use through 10/31/2013.     OMB 0651-0033     U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 14174724 |
| **Filing Date:** | 06-Feb-2014 |
| **Title of Invention:** | Post-page Caller Name Identification System |
| **First Named Inventor/Applicant Name:** | Jeffrey D. Isaacs |
| **Filer:** | Jeffrey D. Isaacs |
| **Attorney Docket Number:** | |

Filed as Micro Entity

## Utility under 35 USC 111(a) Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| Publ. Fee- Early, Voluntary, or Normal | 1504 | 1 | 0 | 0 |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| Utility Issue Fee | 3501 | 1 | 240 | 240 |
| Publ. Fee- Early, Voluntary, or Normal | 1504 | 1 | 0 | 0 |
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| Printed Copy of Patent - No Color | 8001 | 7 | 3 | 21 |
| **Total in USD ($)** | | | | **261** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 20066261 |
| **Application Number:** | 14174724 |
| **International Application Number:** | |
| **Confirmation Number:** | 6493 |
| **Title of Invention:** | Post-page Caller Name Identification System |
| **First Named Inventor/Applicant Name:** | Jeffrey D. Isaacs |
| **Customer Number:** | 121712 |
| **Filer:** | Jeffrey D. Isaacs |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | |
| **Receipt Date:** | 05-SEP-2014 |
| **Filing Date:** | 06-FEB-2014 |
| **Time Stamp:** | 21:49:40 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $261 |
| RAM confirmation Number | 6848 |
| Deposit Account | |
| Authorized User | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|

| 1 | Issue Fee Payment (PTO-85B) | signedtrans.pdf | 152159<br><br>4b046a4bc09be4e588dfd815f4a0d7d41e80db7d | no | 1 |

**Warnings:**

**Information:**

| 2 | Fee Worksheet (SB06) | fee-info.pdf | 34345<br><br>42910f1dd43a6295d01073aaf967e95d73a2a4b1 | no | 2 |

**Warnings:**

**Information:**

| **Total Files Size (in bytes):** | 186504 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

## PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), to: **Mail**    Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
**or Fax**    (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

```
    121712       7590        09/05/2014
Jeffrey D. Isaacs
8 Chase Circle
Fort Washington, PA 19034
```



**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

| | |
|---|---|
| Jeffrey D. Isaacs | (Depositor's name) |
| *Jeffrey D. Isaacs* | (Signature) |
| 9/5/2014 | (Date) |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/174,724 | 02/06/2014 | Jeffrey D. Isaacs | | 6493 |

TITLE OF INVENTION: Post-page Caller Name Identification System

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | MICRO | $240 | $0 | $0 | $240 | 12/05/2014 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| TRAN, QUOC DUC | 2656 | 379-142100 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list

(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual ☐ Corporation or other private group entity ☐ Government

4a. The following fee(s) are submitted:

☑ Issue Fee

☐ Publication Fee (No small entity discount permitted)

☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (**Please first reapply any previously paid issue fee shown above**)

☐ A check is enclosed.

☑ Payment by credit card. Form PTO-2038 is attached. **EFS-Web Payment**

☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. **Change in Entity Status** (from status indicated above)

☑ Applicant certifying micro entity status. See 37 CFR 1.29     NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

☐ Applicant asserting small entity status. See 37 CFR 1.27     NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

☐ Applicant changing to regular undiscounted fee status.     NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

| | |
|---|---|
| Authorized Signature *Jeffrey D. Isaacs* | Date **9/5/2014** |
| Typed or printed name **Jeffrey D. Isaacs** | Registration No. |

```
                           09/08/2014 INTEFSW  00006840 14174724
                           01 FC:3501                     240.00 OP
                           02 FC:8001                      21.00 OP
```

PTOL-85 Part B (10-13) Approved for use through 10/31/2013                    OMB 0651-0033    U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/174,724 | 10/14/2014 | 8861698 | | 6493 |

121712      7590      09/24/2014

Jeffrey D. Isaacs
8 Chase Circle
Fort Washington, PA 19034

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

**Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)**
(application filed on or after May 29, 2000)

The Patent Term Adjustment is 0 day(s). Any patent to issue from the above-identified application will include an indication of the adjustment on the front page.

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Application Assistance Unit (AAU) of the Office of Data Management (ODM) at (571)-272-4200.

APPLICANT(s) (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

Jeffrey D. Isaacs, Fort Washington, PA;

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The USA offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to encourage and facilitate business investment. To learn more about why the USA is the best country in the world to develop technology, manufacture products, and grow your business, visit <u>SelectUSA.gov</u>.

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

EPAS ID: PAT3695468

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNMENT |

**CONVEYING PARTY DATA**

| Name | Execution Date |
|---|---|
| DR JEFFREY D ISAACS | 01/14/2016 |

**RECEIVING PARTY DATA**

| | |
|---|---|
| Name: | GREENFLIGHT VENTURE CORPORATION |
| Street Address: | 10312 ORCHID RESERVE DR |
| City: | WEST PALM BEACH |
| State/Country: | FLORIDA |
| Postal Code: | 33412 |

**PROPERTY NUMBERS Total: 1**

| Property Type | Number |
|---|---|
| Patent Number: | 8861698 |

**CORRESPONDENCE DATA**

**Fax Number:**

*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.*

| | |
|---|---|
| Phone: | 2122570737 |
| Email: | jeffreydi@gmail.com |
| Correspondent Name: | JEFFREY ISAACS |
| Address Line 1: | 8 CHASE CIRCLE |
| Address Line 4: | FORT WASHINGTON, PENNSYLVANIA 19034 |

| NAME OF SUBMITTER: | DR JEFFREY D ISAACS |
|---|---|
| SIGNATURE: | /Jeffrey D Isaacs/ |
| DATE SIGNED: | 01/14/2016 |
| | This document serves as an Oath/Declaration (37 CFR 1.63). |

**Total Attachments: 2**
source=assign#page1.tif
source=assign#page2.tif

ASSIGNMENT FOR
PATENT

FOR VALUE RECEIVED, I, JEFFREY D. ISSACS

hereby sell, assign and transfer unto
GREENFLIGHT VENTURE CORPORATION
10312 ORCHID RESERVE DRIVE
WEST PALM BEACH, FLORIDA 33412

as assignee, and its successors, assigns and legal representatives, the entire right, title and interest, for all countries in and to certain inventions relating to the Post-Page Caller Name Identification System described in an application for Letters Patent of the United States, executed by me on the 13day of January, 2016, and all the rights and privileges under any and all Letters Patent that may be granted therefore.

I request that any and all patents for said inventions be issued to said assignee, its successors, assigns and legal representatives, or to such nominees as it may designate.

I agree that, when requested, we will, without charge to said assignee but at its expense, sign all papers, take all rightful oaths, and do all acts which may be necessary, desirable or convenient for securing and maintaining patents for said inventions in any and all countries and for vesting title thereto in said assignee, its successors, assigns and legal representatives or nominees.

I authorize and empower the said assignee, its successors, assigns and legal representatives or nominees, to invoke and claim for any application for patent or other form of protection for said inventions filed by it or them, the benefit of the right of priority provided by the International Convention for the Protection of Industrial Property, as amended, or by any convention which may henceforth be substituted for it, and to invoke and claim such right of priority without further written or oral authorization from us.

I hereby consent that a copy of this assignment shall be deemed a full legal and formal equivalent of any assignment, consent to file or like document which may be required in any country for any purpose and more particularly in proof of the right of the said assignee or nominee to claim the aforesaid benefit of the right of priority provided by the International Convention for the Protection of Industrial Property, as amended, or by any convention which may henceforth be substituted for it.

I covenant with said assignee, its successors, assigns and legal representatives, that the rights and property herein conveyed are free and clear of any encumbrance, and that we have full right to convey the same as herein expressed.

Signed at ___Singapore_____, this __14__ day of ___January_____, 2016_.