# EXHIBIT 2

## STIPULATION

Greenflight Venture Corporation ("Greenflight"), Jeffrey Isaacs ("Isaacs"), and Ianina Petrea ("Petrea") (collectively "Greenflight Defendants") and Whitepages, Inc. ("Whitepages") (Whitepages and the Greenflight Defendants together, the "Parties"), by and through their attorneys, hereby stipulate and agree as follows:

WHEREAS Whitepages sued Greenflight and Isaacs for a declaratory judgment of non-infringement of U.S. Patent No. 8,861,698 and sued Greenflight, Isaacs and Petrea for libel (second cause of action), trade libel (third cause of action), and unfair competition (fourth cause of action) (the second, third, and fourth causes of action are collectively the "Trade Libel Claims"), in the Northern District of California, Case No. 3:16-cv-00175-RS ("the California Action");

WHEREAS Greenflight sued Whitepages and Alex Algard for patent infringement of U.S. Patent No. 8,861,698 in the Southern District of Florida, Case No. 9:16-cv-80079 ("the Florida Action");

WHEREAS the Parties wish to streamline the litigations to more efficiently address the issues between them;

NOW THEREFORE, the Parties stipulate and agree as follows:

1. The Parties will enter a stipulation of dismissal in the Florida Action, dismissing Whitepages and Alex Algard without prejudice, and such stipulation shall be filed no later than March 4, 2016, with each party to bear its own costs and fees;

2. Whitepages will dismiss its Trade Libel Claims against Greenflight, Isaacs, and Petrea, without prejudice, no later than March 18, 2016, either by way of a notice of dismissal, or an Amended Complaint, and will not reassert those claims, or additional tort claims based on the same nucleus of facts, in California or another jurisdiction provided that the Greenflight Defendants have not breached this Stipulation (for the sake of clarity, claims for declaratory judgment of non-infringement, invalidity and/or unenforceability are not tort claims prohibited by this provision);

3. Greenflight will not move to dismiss Whitepages's claim for declaratory judgment of non-infringement for lack of personal jurisdiction or venue in the Northern District of California, nor will Greenflight move to transfer the dispute to another jurisdiction or reassert its claim for patent infringement against Whitepages in another jurisdiction during the pendency of the California Action, provided that Whitepages has not breached this Stipulation, however, Greenflight may file counterclaims for patent infringement in the California Action;

4.  During the pendency of the California Action, the Parties will not pursue their dispute with any App Store provider, including Apple, Google, or Microsoft; provided however that the Parties may respond to any reasonable requests for information from any such App Store Provider, except that a Party may pursue its dispute with an App Store provider if the opposing Party has breached this Stipulation; and

5.  The Northern District of California shall have original jurisdiction over the enforcement of this stipulation, should any disputes arise.

Stipulated and Agreed:

| WHITEPAGES, INC. | GREENFLIGHT VENTURE CORPORATION, JEFFREY ISAACS AND IANINA PETREA |
|---|---|
| *[signature]* | *[signature]* |
| Bryan Kohm | Alexandra McTague |
| Fenwick & West LLP | Winston & Strawn LLP |
| 555 California St. | 275 Middlefield Rd Suite 205 |
| San Francisco, CA 94104 | Menlo Park, CA 94025 |
| 415-875-2404 | 650-858-6423 |
| bkohm@fenwick.com | amctague@winston.com |
| *Attorneys for Whitepages, Inc. and Alex Algard* | *Attorneys for Greenflight Venture Corporation, Jeffrey Isaacs and Ianina Petrea* |
| Dated: March 4, 2016 | Dated: March 4, 2016 |