# EXHIBIT C

**In The United States Patent and Trademark Office**

| | | | |
|---|---|---|---|
| Appl. No. | : | 14/174,724 | Confirmation No. 6493 |
| Applicant | : | Jeffrey D. Isaacs | |
| Filed | : | 02/06/2014 | |
| TC/A.U. | : | 2656 | |
| Examiner | : | Quoc Duc Tran | |
| Title | : | Post-page Caller Name Identification System | |
| Customer No. : | | 121712 | |

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**AMENDMENT**

Sir:

In response to the Office action mailed on April 16, 2014, please amend the above-captioned application as follows:

**Amendments to the Claims** are reflected in the listing of claims, which begin on page 2 of this document.

**Amendments to the Drawings** begin on page 4 of this document and include an attached replacement sheet.

**Remarks** begin of page 5 of this document.

An **Appendix** including amended drawing figures and evidence of commercial success follow the Remarks section.

Appl. No. 14/174,724
Amdt. dated Apr. 30, 2014
Reply to Office action mailed Apr. 16, 2014

**Amendments to the Claims**

This listing of claims shall replace all prior versions of claims in this application:

**Listing of Claims:**

*Claim #1 (original):*

A system for providing post-page caller name identification service, comprising:

(a) an SS7 interfacing switch or node;

(b) a CID entry interface which permits the user to enter a post-page CID into the system;

(c) a CNAM database query function regulated by the SS7 interface; and

(d) a user interface element for displaying the successfully queried calling party CNAM.

*Claim #2 (original):*

The system of claim 1, wherein said CID entry and CNAM display user interface elements are located on a separate end-user smartphone or TCP/IP connected personal computer.

*Claim #3 (original):*

The system of claim 1, wherein said user CID entry and CNAM display functions are interfaced via JSON to the SS7 interfacing switch.

*Claim #4 (withdrawn)*

*Claim #5 (withdrawn)*

*Claim #6 (withdrawn)*

Appl. No. 14/174,724
Amdt. dated Apr. 30, 2014
Reply to Office action mailed Apr. 16, 2014

*Claim #7 (withdrawn)*

*Claim #8 (new):*

A system for providing post-page caller name identification service, comprising

(a) an SS7 interfacing switch or node;

(b) a CID entry interface which permits the user to enter a telephone number from a missed or completed telephone call into the system;

(c) a CNAM database query function regulated by the SS7 interface; and

(d) a user interface element for displaying the successfully queried CNAM for the missed, or completed, telephone call's calling party.

*Claim #9 (new):*

The system of claim 8, wherein said missed/completed telephone call CID entry and CNAM display user interface elements are located on a separate end-user smartphone or TCP/IP connected personal computer.

*Claim #10 (new):*

The system of claim 8, wherein said missed/completed telephone call CID entry and CNAM display functions are interfaced via JSON to the SS7 interfacing switch.

Appl. No. 14/174,724
Amdt. dated Apr. 30, 2014
Reply to Office action mailed Apr. 16, 2014


## Amendments to the Drawings

The attached sheet of drawings includes FIG. 1A, FIG. 1B, and FIG. 1C. This sheet replaces the original sheet containing these figures. The original sheet was modified to include the legend text "-Prior Art-" in compliance with the Office action specifying this clarification.

Appl. No. 14/174,724
Amdt. dated Apr. 30, 2014
Reply to Office action mailed Apr. 16, 2014

**Remarks**

***Summary of References and Remarks***

The Applicant has amended the drawings and claims to place this application in full condition for allowance. Claims 4-7 have been withdrawn in acknowledgement of *Diamond v. Diehr*, 450 U.S. 175, 184 (1981), *In re Bilski*, 88 USPQ2d 1385 (Fed. Cir. 2008), and similar recent case law. Claims 1-3 had been rejected in the OA on the assertion of being unpatentable over Fronczak *et al* in view of Zerillo, but remain patentable novel inventions as discussed below. New claims 8 – 10 state narrower claims asserting the specific functionality of the present invention for missed and/or completed telephone calls; however, in light of the foregoing reasons, applicant respectfully requests allowance of Claims 1-3.

Briefly reviewed are the aforementioned references, followed by discussion of the general and specific novelty of the present invention and its unobviousness over the prior art.

**Fronczak** et al teach a system and method for providing caller name identification service after the initializing PSTN -> VoIP (SIP) call setup request, but still during the paging process. The system comprises: a) an SS7 interfacing switch or node, b) a CNAM database query function regulated by the SS7 interface, and c) a user interface element for displaying the successfully queried calling party CNAM. The OA (paragraph 6) characterizes this as "post-page caller name identification." However to be consistent with applicant's terminology, Fronczak is in fact PSTN/SS7 "page simultaneous." Fronzac teaches an SS7 to SIP interface that executes all of its functionality during the "ringing" or paging process. Unlike the present invention, no events in Fronzac's teachings take place entirely after the page, i.e. after the cessation of the SSP power ringing tone.

Appl. No. 14/174,724
Amdt. dated Apr. 30, 2014
Reply to Office action mailed Apr. 16, 2014

**Zerillo** teaches a cost-saving system and method for providing calling party name identification service to private IP branch telephone systems. Zerillo asserts

> "by having direct access or relationships with databases and database providers for CNAM and other information, they have the potential to acquire the CNAM information for a substantially less cost. **IP PBXs owners** may determine which incoming calls will be queried, thus providing a greater quality of service. Additionally, queries may be initially routed to an internal database, city/state database, or to an external database provider. "

Hence, Zerillo specifies that the PBX administrator ("IP PBXs owners") may specify alternative routing of the CNAM requests to internal databases, city/state databases, or selective determination of which calls will be queried. Zerillo's teachings, like Fronczak, are SS7 "page simultaneous." No events in Zerillo's teachings take place after the page/ringing tone has completely terminated, nor would such functionality be possible in an unmodified PBX system (see below). Zerillo makes no suggestion of extending the specification to include post-page missed telephone calls.

### Standards for Section 103 Obviousness Rejections

Applicant submits that the rejection of claims 1-3 on Fronczak in view of Zerillo does not set forth a *prima facie* case of obviousness, as required by MPEP § 2142 and *KSR International Co. v. Teleflex Inc.*, 550 U.S. 39, 82USPQ2d 1385, 1396 (2007).  This requires that *"there must be a clear articulation of the reason(s) why the claimed invention would have been obvious."* While the OA asserts that adding a manual entry step to Zerillo is obvious, in fact three modifications to Zerillo are required to achieve the present invention's functionality: 1) the PBX owner/operator must act as a proxy for the PBX end-user, 2) the manual CID entry step must be added, and 3) the system must query the CNAM database after a missed or completed telephone call. None of these three steps are suggested in Zerillo, which presents a system for the PBX owner to pre-select "page

Appl. No. 14/174,724
Amdt. dated Apr. 30, 2014
Reply to Office action mailed Apr. 16, 2014

simultaneous" CNAM queries destined for the PBX end-user *during* the ringing tone (paging) process.

As the Federal Circuit has stated,

> "rejections on obviousness cannot be sustained with mere conclusory statements; instead, there must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness. The teaching or suggestion to make the claimed combination and the reasonable expectation of success must both be found in the prior art, and in applicant's disclosure."

Because the prior art makes no reference or suggestion to post-page missed or completed call CNAM queries, nor manual entry of the CID, present invention's novelty is not obvious under current guidelines.

**Combining Fronczak and Zerillo Lacks Key Features of the Present Invention**

In Zerillo, the PBX owner/administrator may select calls for CNAM routing or relay them to other more cost-efficient databases. This represents business logic that is implemented in the supervisor configuration of the PBX system. The OA states the present invention is an obvious extension of Zerillo "in providing manual entry (i.e. user selectively determine) of the incoming call data." However, any user control or selectivity taught by Zerillo takes place well before a call page reaches the PBX end-user. Moreover, under Zerillo the selectivity must be specified by the PBX administrator. Zerillo teaches a system for cost saving at the PBX administrative level; there is no mechanism in Zerillo nor any suggestion of such a system for allowing the PBX end-user to manually enter a phone number after the call page. The present invention, a CNAM query tool for the called party end-user, operates in a different manner entirely than PBX administration. As such, it is asserted that Zerillo's manual configurability as suggested is an inapplicable reference.

**Combining Fronczak and Zerillo as Suggested Results in an Inoperable System**

Appl. No. 14/174,724
Amdt. dated Apr. 30, 2014
Reply to Office action mailed Apr. 16, 2014

Zerillo describes a system where the calling party name identification appears on the PBX end-user terminal during the page or ringing process. Even assuming Zerillo suggests a manual entry field, such would be impractical, and result in a system frequently rendered inoperable. To manually enter a ten-digit CID during the ringing process would usually not be possible, hence, the system would not work. Moreover, for the PBX owner to manually enter the CID, in consultation with the PBX end-user's request, would add an even greater time barrier. In sum, combining the elements in Fronczak and Zerillo creates a system that does not function reliably.

### Claimed Features are Lacking in any Fronczak and Zerillo Combination

The present application teaches a system allowing the CNAM retrieval of a calling party's CID minutes, hours, or even days after the SS7 call page was transmitted. Neither Zerillo nor Fronczak, nor any combination thereof, provision said functionality. Additionally, the present application allows retrieval of CNAM information using an altogether different device than that which received the initial SS7 page. This is a specific feature of the present invention that allows substantial cost savings. For example, an end-user with four telephone devices may use the present invention to perform caller name identification, and thereby save on the costs of four independent CNAM subscriptions. Neither Zerillo nor Fronczak can offer, or even suggest, such cost-saving benefits. Their CNAM queries are directly tied, in time and in physical space, to the device receiving the incoming PSTN/SS7 page.

### Commercial Success of the Present Invention Suggest Unobvious Invention

The present invention became commercially available in July 2013, and was immediately viable and profitable in the most competitive markets. Exhibit A shows 128,000 user installations of the Apple iTunes "Caller-ID" app since launch. Similarly, Exhibit B shows 1,731,385 users of the "caller-id.co" website, according to

Appl. No. 14/174,724
Amdt. dated Apr. 30, 2014
Reply to Office action mailed Apr. 16, 2014

Google Analytics. Within six months of launch, roughly 1% of the entire United States population had utilized the present invention.

**Lack of Implementation**

The technology for the present invention was generally available no later than 2007, but the present invention is the first known viable implementation. One might have expected to see implementation of the present invention by 2007, but such lack thereof is testament to its novelty and non-obviousness. As Exhibit B shows, immediately upon launch, the present invention had great demand because no other known similar service offering existed at the time.

**Rapid Emulation the Present Invention**

Exhibit B shows a decline in use of "caller-id.co" in late January 2014. It is believed this drop in traffic is substantially due to two websites that began emulating the present invention. Such rapid emulation itself suggests novelty and non-obviousness.

**Fronczak and Zerillo Do Not Contain Any Suggestion to Support Their Combination, Much Less in the Manner Proposed**

With regard to the proposed combination of Zerillo and Fronczak, it is well established that in order for any prior-art references themselves to be validly combined for use in a prior-art § 103 rejection, *the references* must suggest that they be combined. *In re Sernaker*, 217 U.S.P.Q. 1, 6 (CAFC 1983):

> "[P]rior art references in combination do not make an invention obvious unless something in the prior art references would suggest the advantages to be derived from combining their teachings."

That the suggestion to combine the references should not come from applicant was held in *Orthopedic Equipment Co. v. United States*, 217 USPQ 193, 199 (CAFC

Appl. No. 14/174,724
Amdt. dated Apr. 30, 2014
Reply to Office action mailed Apr. 16, 2014

1983).

Furthermore, *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 5 USPQ2d 1434 (CAFC 1988)
held:

> "[w]here prior-art references require selective combination by the court to
> render obvious a subsequent invention, there must be some reason for the
> combination other than the hindsight gleaned from the invention itself ...
> *Something in the prior art must suggest the desirability and thus the
> obviousness of making the combination*."

Likewise, *Ex parte Levengood*, 28 USPQ2d 1300 (PTOBA&I 1993):

> "In order to establish a *prima facie* case of obviousness, it is necessary for
> the examiner to present *evidence*, preferably in the form of some teaching,
> suggestion, incentive or inference in the applied prior art, or in the form of
> generally available knowledge, that one having ordinary skill in the art
> *would have been led* to combine the relevant teachings of the applied
> references in the proposed manner to arrive at the claimed invention. ...
> That which is within the capabilities of one skilled in the art is not
> synonymous with obviousness. ... That one can *reconstruct* and/or explain
> the theoretical mechanism of an invention by means of logic and sound
> scientific reasoning does not afford the basis for an obviousness conclusion
> unless that logic and reasoning also supplies sufficient impetus to have led
> one of ordinary skill in the art to combine the teachings of the references to
> make the claimed invention."

The OA supports the proposed combination by asserting that the selective routing
interface in Zerillo's PBX system suggests a manual-entry missed/completed
telephone call CNAM query. Such an assertion cannot meet the *prima facie*
requirement for obviousness, as the OA combines components a) without yielding
the functionality of the present invention, and b) without any suggestion in the
prior art of combining these elements.

Applicant respectfully requests, if the claims are again rejected upon this or
another combination of references, that the Examiner include an explanation, in

Appl. No. 14/174,724
Amdt. dated Apr. 30, 2014
Reply to Office action mailed Apr. 16, 2014

accordance with MPEP § 706.02, *Ex parte Clapp*, 27 USPQ 972 (POBA 1985), and *Ex parte Levengood*, supra, a "factual basis to support his conclusion that would have been obvious" to make the combination.

**Conclusion**

Both Zerillo and Fronczak teach systems that provide a calling party's name identification to the called party during the ringing process. Zerillo specifies some degree of configurability for the "IP PBX owner," such as relaying the query to a city/state database, or even pre-selecting what number ranges should be queried in the CNAM database. Neither Zerillo nor Fronczak make any mention of querying the CNAM long after the page/ringing, i.e., a missed call CNAM research tool. The present invention has enjoyed commercial success by implementing such a tool.

For the aforementioned reasons, applicant submits that the specification and claims now define patentability over the prior art. Thus it is submitted that the application now stands in condition for allowance, which action the applicant respectfully solicits.

Applicant asserts that the claims cited in this Amendment are proper, definite, and define a novel Post-page Caller Name Identification System which is unobvious. If, for any reason this application is not in full condition for allowance, the applicant respectfully requests the constructive assistance and suggestions of the Examiner pursuant to MPEP § 2173.02 and 707.07(j) in order that the undersigned can place this application in allowable condition without need for further proceedings.

Respectfully submitted,

*Jeffrey D. Isaacs*

/Jeffrey D. Isaacs/

Page 11

Appl. No. 14/174,724
Amdt. dated Apr. 30, 2014
Reply to Office action mailed Apr. 16, 2014


Jeffrey D. Isaacs
Applicant Pro Se
8 Chase Circle
Fort Washington, PA 19034
(610) 202-1460


Enc: Replacement drawing sheet (Drawing 1/4)
Exhibit A (Apple iTunes "Caller-ID" app installations)
Exhibit B (Google site analytics for caller-id.co)


**Certificate of Filing**

I hereby certify that this Amendment is being transmitted via EFS-Web for filing on
April 30, 2014.

FIG. 1A    -Prior Art-



SS7 call provisioning
to  CNAM Caller ID
landline phone

FIG. 1B    -Prior Art-



SS7 call provisioning
to non-CNAM Caller ID
mobile phone

FIG. 1C    -Prior Art-



SS7 call provisioning
to non-CNAM Caller ID
VOIP phone

## Declaration of Jeffrey D. Isaacs

April 29, 2014

I am the inventor in the above patent application, "Post-page Caller Name Identification System." I developed the caller-id.co website and the iTunes Caller-ID app in or around June 2013. These applications utilize source code directly based upon the specifications detailed in the above application. The attached analytics from Google and Apple are true and correct representations of the commercial success of these applications.

I hereby declare under penalty of perjury that this declaration is true to the best of my knowledge and belief.

*Jeffrey D. Isaacs*

Jeffrey D. Isaacs





FIG. 1A   -Prior Art-



SS7 call provisioning
to  CNAM Caller ID
landline phone

FIG. 1B   -Prior Art-



SS7 call provisioning
to non-CNAM Caller ID
mobile phone

FIG. 1C   -Prior Art-



SS7 call provisioning
to non-CNAM Caller ID
VOIP phone

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 18908045 |
| **Application Number:** | 14174724 |
| **International Application Number:** | |
| **Confirmation Number:** | 6493 |
| **Title of Invention:** | Post-page Caller Name Identification System |
| **First Named Inventor/Applicant Name:** | Jeffrey D. Isaacs |
| **Customer Number:** | 121712 |
| **Filer:** | Jeffrey D. Isaacs |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | |
| **Receipt Date:** | 30-APR-2014 |
| **Filing Date:** | 06-FEB-2014 |
| **Time Stamp:** | 16:40:35 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Amendment/Req. Reconsideration-After Non-Final Reject | Amendment.pdf | 1222942<br>a8d18ce4e0712bf1fd2dc2c70566ca9a38ae0730 | no | 16 |

**Warnings:**

**Information:**

| 2 | Drawings-only black and white line drawings | draw1.pdf | 414377<br><br>d252130f3f5c70c89515446488d50d498ce1321 | no | 1 |

**Warnings:**

**Information:**

| | | Total Files Size (in bytes): | 1637319 |

---

**This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.**

**New Applications Under 35 U.S.C. 111**
**If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.**

**National Stage of an International Application under 35 U.S.C. 371**
**If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.**

**New International Application Filed with the USPTO as a Receiving Office**
**If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.**

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>14/174,724 | Filing Date<br>02/06/2014 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☐ LARGE ☐ SMALL ☒ MICRO

## APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | | |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|---|
| **AMENDMENT** | **04/30/2014** | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | · 10 | Minus | ** 20 | = 0 | x $20 = | 0 |
| | Independent (37 CFR 1.16(h)) | · 2 | Minus | ***3 | = 0 | x $105 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | **0** |

| | | (Column 1) | | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|---|
| **AMENDMENT** | | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.

** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".

*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".

The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
/CORALIA BETANCOURT/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*