# EXHIBIT G

In The United States Patent and Trademark Office

| | | |
|---|---|---|
| Appl. No. | : | 14/174,724 |

Confirmation No. 6493

Applicant     :   Jeffrey D. Isaacs

Filed         :   02/06/2014

TC/A.U.       :   2656

Examiner      :   Quoc Duc Tran

Title         :   Post-page Caller Name Identification System

Customer No.: 121712

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**AMENDMENT**

Sir:

In response to the Second Office Action mailed on July 21, 2014, please amend the above-captioned application as follows:

**Amendments to the Claims** are reflected in the listing of claims, which begin on page 2 of this document.

**Remarks** begin of page 4 of this document.

Page 1

Appl. No. 14/174,724
Amdt. dated August 17, 2014
Reply to Office action mailed July 21, 2014

**Amendments to the Claims**

This listing of claims shall replace all prior versions of claims in this application:

**Listing of Claims:**

*Claims 1 – 10 (cancelled)*

*Claim 11 (new):*

    A system, functioning independently of a called party's telephone carrier and device, provides a calling party's CNAM after entry of the calling party's telephone number CID, comprising:

    a) an entry field, within a HTML web or mobile phone application, permitting the called party to input a query, post-page, specifying the CID;

    b) an SS7 interfacing node permitting real-time access to the SS7 network;

    c) a function serving as a direct interface between the called party's query and the calling party carrier's respective CNAM database;

    d) within the HTML web or mobile phone application, a display of the successfully queried calling party CNAM.

*Claim 12 (new):*

The system of claim 11, wherein the web or mobile phone application provides free-of-charge CNAM resolution for any of the end-user's multiple telephony devices, thereby permitting cost-savings.

*Claim 13 (new):*

The system of claim 11, wherein the called party enjoys significant cost savings and free-of-charge CNAM querying through an advertising display within the user interface.

*Claim 14 (new):*

The system of claim 11, wherein component function (c) additionally:

Page 2

Appl. No. 14/174,724
Amdt. dated August 17, 2014
Reply to Office action mailed July 21, 2014

confirms that the CID is not subject to system opt-out privacy controls; and

confirms that the CID paged a telephonic device owned or operated by the called party.

*Claim 15 (new):*

A method for providing a called party with the calling party's CNAM after a network page, independent of interaction with the carrier or device receiving the page, comprising the following steps:

a) entering of the calling party's telephone number CID into a web HTML or mobile phone application query field;

b) connecting to the PSTN via an SS7 interfacing node;

c) directly querying the calling party carrier CNAM database with the CID query entry;

d) displaying the successfully queried calling party CNAM on the HTML web or mobile phone application user interface.

*Claim 16 (new):*

The method of claim 15, further comprising a step to display advertising sponsorship on the web or mobile phone application interface, thereby achieving significant user cost savings and free-of-charge CNAM querying.

Appl. No. 14/174,724
Amdt. dated August 17, 2014
Reply to Office action mailed July 21, 2014

**Remarks**

*Summary of References and Remarks*

This Amendment addresses issues presented in the Second Office Action, specifically, claims have been revised to clarify and overcome non-obviousness of the invention over Fronczak and Bertolino or Bansal. Applicant believes he has amended the claims to place this application in full condition for allowance, by more precisely defining the invention claims with respect to the prior art cited by the Examiner. The Applicant appreciates the interview granted by the Examiner to discuss the prior art and claims syntax. Claims 1-3, 6, & 8-10 have now been cancelled. New claims submitted, numbered 11-16, are discussed in this Remarks section.

Briefly reviewed are the aforementioned references, followed by discussion of the general and specific novelty of the present invention and its unobviousness over the prior art.

**Bertolino** teaches a method, system and computer program, on a mobile device, performing a reverse database search for a given user-selected incoming phone number. In Bertolino Claim 1, the broad method claimed retrieves "contact information" over a "wireless connection" for a phone number. From Bertolino Fig. 4, it is apparent that a "RDLS"(Reverse Directory Lookup Service) provides the underlying functionality for the wireless contact information retrieval.

**Bansal** teaches a method and system for querying genealogical information via the web. In one claim, the genealogical information is a telephone number, which is thereby used for "searching a database" and "searching the Internet" (e.g. Bansal Claim 38).

Page 4

Appl. No. 14/174,724
Amdt. dated August 17, 2014
Reply to Office action mailed July 21, 2014

**Fronczak** et al teach a system and method for providing caller name identification service after the initializing PSTN -> VoIP (SIP) call setup request, but still during the paging process. The system comprises: a) an SS7 interfacing switch or node, b) a CNAM database query function regulated by the SS7 interface, and c) a user interface element for displaying the successfully queried calling party CNAM. Unlike the present invention, no events in Fronzac's teachings take place entirely after the page, i.e. after the cessation of the SSP power ringing tone.

**The Claims Have Been Modified to Emphasize the Invention's Primary Function of Providing Carrier and Device Independent Caller Identification**

The present invention describes a method and system that is wholly independent of the end user/called party's telephone carrier, as well as their device. For example, a user who receives a phone call on their Verizon cellular phone may query the caller name using an embodiment of the present invention on their PC's HTML web browser. A user with multiple telephone devices may realize significant cost savings by consolidating all of their caller name identification (CNAM) services with the present invention's free-of-charge system.

The system described by Fronczac depends upon the carrier for functionality and is subject to carrier pricing control. This was the primary prior art discussed in the specification, and the motivation for improvement achieved by this invention.

Bertolino teaches a system that may be independent of the user's telephone carrier, but remains tied to the user's device. In Bertolino's system, the device maintains a list of incoming telephone calls, and the user is able to select a call and query an RDLS lookup over a wireless connection. Bertolino's system would not extend to multiple devices, as described in the present invention.

Bansal teaches a broad genealogical research/lookup system that is independent of

Page 5

Appl. No. 14/174,724
Amdt. dated August 17, 2014
Reply to Office action mailed July 21, 2014

device and called party network carrier, however, Bansal critically lacks the ability to directly interface (via SS7) with the calling party's CNAM database.

**Bertolino and Bansal do not Contain any Suggestion to Support Their Combination with Fronczak**

With regard to the proposed combination of Bertolino or Bansal and Fronczak, it is well established that in order for any prior-art references themselves to be validly combined for use in a prior-art § 103 rejection, *the references* must suggest that they be combined. *In re Sernaker*, 217 U.S.P.Q. 1, 6 (CAFC 1983):

> "[P]rior art references in combination do not make an invention obvious unless something in the prior art references would suggest the advantages to be derived from combining their teachings."

That the suggestion to combine the references should not come from applicant was held in *Orthopedic Equipment Co. v. United States*, 217 USPQ 193, 199 (CAFC 1983). Furthermore, *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 5 USPQ2d 1434 (CAFC 1988) held:

> "[w]here prior-art references require selective combination by the court to render obvious a subsequent invention, there must be some reason for the combination other than the hindsight gleaned from the invention itself ... *Something in the prior art must suggest the desirability and thus the obviousness of making the combination.*"

Bertolino is quite specific in that the called party's mobile device queries an "RDLS." However, it is submitted that RDLS is not a term sufficiently known to one skilled in the relevant art, beyond a generic database. As such, the Applicant requests that the Patent Office construe RDLS in the narrowest of terms, to be a proprietary database system operated and familiar to Bertolino (or assignee IBM). There is no suggestion in Bertolino's teaching that the RDLS interfaces or derives in any form or fashion with the telephone industry standard SS7 carrier CNAM

Page 6

Appl. No. 14/174,724
Amdt. dated August 17, 2014
Reply to Office action mailed July 21, 2014

directories. To construe Bertolino's RDLS in such a broad fashion to incorporate every possible database query would effectively assign Bertolino the rights the entirety of an estimated ten million daily reverse telephone number lookups.

Similarly, Bansal has no reference to SS7 direct interface functionality. Bansal describes, with some specificity, a method to search the internet for contact name genealogical information. Bansal has no suggestion to interfacing with the SS7 network, nor is this an obvious extension, as Bansal was developed some six years prior to this function being invented.

**Lack of Implementation**

As discussed, neither Bansal nor Bertolino referenced a real-time SS7 database query as defined in the present suggestion. Moreover, neither Bansal nor Bertolino implemented such a system described in the present invention. The technology for the present invention was generally available no later than 2007, but the Applicant's commercial implementation of the present invention is the first known viable implementation. In hindsight, one might have expected to see implementation of the present invention around 2007, but such lack thereof is testament to its novelty and non-obviousness.

**Rapid Emulation the Present Invention**

It is believed that others began emulating the present invention within a year of its commercial launch. Such rapid emulation itself suggests novelty and non-obviousness.

**Commercial Success of the Present Invention Suggest Unobvious Invention**

The present invention became commercially available in July 2013, and was immediately viable and profitable in competitive markets, including Apple iTunes

Appl. No. 14/174,724
Amdt. dated August 17, 2014
Reply to Office action mailed July 21, 2014

and Google Android and Search applications. Within a year of launch, roughly 2% of the entire United States population had utilized the present invention.

**Conclusion**

The Applicant has amended claims to emphasize the present invention's carrier and device independence, and the valuable cost savings achieved for the public at large by implementing such a system. Bertolino describes a device-dependent system which, unlike the present invention, depends upon a proprietary RDLS for contact information. Bansal's system searches the internet and unspecified databases to respond to queries for genealogical information.

Viewing the present invention in context, applicant submits that the specification and claims now define patentability over the prior art. Thus it is submitted that the application now stands in condition for allowance, which action the applicant respectfully solicits.

Applicant asserts that the claims cited in this Amendment are proper, definite, and define a novel Post-page Caller Name Identification System which is unobvious. If, for any reason this application is not in full condition for allowance, the applicant respectfully requests the constructive assistance and suggestions of the Examiner pursuant to MPEP § 2173.02 and 707.07(j) in order that the undersigned can place this application in allowable condition without need for further proceedings.

Respectfully submitted,

*/Jeffrey D. Isaacs/*

/Jeffrey D. Isaacs/

Jeffrey D. Isaacs
Applicant Pro Se

Page 8

Appl. No. 14/174,724
Amdt. dated August 17, 2014
Reply to Office action mailed July 21, 2014


8 Chase Circle
Fort Washington, PA 19034
(610) 202-1460


**Certificate of Filing**

I hereby certify that this Amendment is being transmitted via EFS-Web for filing on August 17, 2014.

# Electronic Acknowledgement Receipt

| | |
|---|---|
| EFS ID: | 19884738 |
| Application Number: | 14174724 |
| International Application Number: | |
| Confirmation Number: | 6493 |
| Title of Invention: | Post-page Caller Name Identification System |
| First Named Inventor/Applicant Name: | Jeffrey D. Isaacs |
| Customer Number: | 121712 |
| Filer: | Jeffrey D. Isaacs |
| Filer Authorized By: | |
| Attorney Docket Number: | |
| Receipt Date: | 17-AUG-2014 |
| Filing Date: | 06-FEB-2014 |
| Time Stamp: | 21:35:13 |
| Application Type: | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Amendment/Req. Reconsideration-After Non-Final Reject | Amendment2.pdf | 156838<br>40eb481f91baa33854b8ae7d3ba1f5e17c07e48b | no | 9 |

**Warnings:**

**Information:**

| Total Files Size (in bytes): | 156838 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD Substitute for Form PTO-875 | Application or Docket Number 14/174,724 | Filing Date 02/06/2014 | ☐ To be Mailed |
|---|---|---|---|

ENTITY: ☐ LARGE  ☐ SMALL  ☒ MICRO

## APPLICATION AS FILED – PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

AMENDMENT 08/17/2014

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | * 6 | Minus | ** 20 | = 0 | x $20 = | 0 |
| Independent (37 CFR 1.16(h)) | * 2 | Minus | *** 3 | = 0 | x $105 = | 0 |
| ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | TOTAL ADD'L FEE | 0 |

AMENDMENT

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | * | Minus | ** | = | X $ = | |
| Independent (37 CFR 1.16(h)) | * | Minus | *** | = | X $ = | |
| ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
/DIANIECE JACOBS/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*