# EXHIBIT L

Case 3:16-cv-00175-RS   Document 66-4   Filed 09/25/16   Page 2 of 35

# EXHIBIT 3



555 CALIFORNIA STREET, 12TH FLOOR   SAN FRANCISCO, CA 94104

TEL  415.875.2300   FAX  415.281.1350   WWW.FENWICK.COM

September 11, 2015

BRYAN A. KOHM

EMAIL BKOHM@FENWICK.COM
Direct Dial (415) 875-2404

**VIA E-MAIL**

Ianina Petrea
Greenflight Venture Corporation
10312 Orchid Reserve Drive
West Palm Beach, Florida 33412

      Re: Complaint re Whitepages ID (Apple Reference No. APP50291)

Dear Ms. Petrea:

      Fenwick & West LLP represents Whitepages, Inc. ("Whitepages").  I write regarding Greenflight Venture Corporation's ("Greenflight") complaint submitted to Apple Inc. regarding the Whitepages ID application.  Please direct all future communications concerning this matter to me.

      In the submission to Apple dated August 22, 2015, Greenflight states that "Whitepages substantially duplicates [Greenflight's] CNAM based query system."  Greenflight subsequently elaborates, in an email dated August 28, 2015, that Whitepages ID "infringes on United States Patent 8,861,698 claim 1(c) by offering an app with a 'function serving as an interface between the query and the carrier's respective CNAM database.'"  In the same email, Greenflight also asserts that it maintains intellectual property rights, which are alleged to be infringed by Whitepages, in a "privacy control" system with opt-out controls.

      To ensure that Whitepages addresses Greenflight's concerns, Whitepages requests that Greenflight provide clarification regarding its allegations.  Specifically, Whitepages requests that Greenflight provide the detailed basis for its allegation that Whitepages infringes the '698 patent.  Whitepages similarly requests that Greenflight identify the intellectual property rights that it contends to hold in a privacy control system with opt-out controls and its basis for alleging that Whitepages infringes on those rights.

Ianina Petrea
September 11, 2015
Page 2

    Whitepages looks forward to Greenflight's response and to working with Greenflight to resolve this matter.

        Sincerely,

        FENWICK & WEST LLP

        Bryan A. Kohm

# EXHIBIT 4

| From: | Jeffrey Isaacs |
|---|---|
| To: | Bryan Kohm |
| Cc: | jvp@greenflightvc.com |
| Subject: | re: Complaint re Whitepages ID (Apple Reference No. APP50291) |
| Date: | Sunday, September 27, 2015 5:26:01 PM |

Dear Mr. Kohm,

Greenflight Venture Corporation has received your letter dated September 11, 2015 informing that you serve as counsel to Whitepages. Based upon our understanding of PSTN/SS7 standards and data availability, we believe that the Whitepages ID app infringes on patent 8,861,698 either directly or under federal equivalency doctrine. A substantiated notice of infringement was conveyed to your client and Apple on August 28, 2015.

There exist a range of solutions to our IP concerns, several of which could mutually benefit Whitepages. We would like to propose a meeting to discuss the entire matter, perhaps in or around Cupertino in the next few weeks. If your client is agreeable, we will notify Apple that both parties are scheduling preliminary discussions with the hope of reaching a mutually acceptable outcome.

One of us from Greenflight will follow up with you in the next few days to discuss.

Regards,


Jeffrey Isaacs

CEO
Greenflight Venture Corporation

Case 3:16-cv-00175-RS   Document 66-12   Filed 09/25/16   Page 7 of 35

# EXHIBIT 5

**From:** Bryan Kohm
**Sent:** Tuesday, September 29, 2015 11:54 PM
**To:** Jeffrey Isaacs
**Cc:** ivp@greenflightvc.com
**Subject:** Re: Complaint re Whitepages ID (Apple Reference No. APP50291)

Mr. Isaacs:

Thank you for your email. Regarding Greenflight's claims, based on the emails to Apple, I understand that Greenlight's claim of infringement is based on the allegation that Whitepages allegedly practices claim 1(c) of U.S. Patent No. 8,861,698. Please confirm that my understanding is correct.

Your email is silent on Greenflight's claim that Whitepages violates Greenflight's intellectual property rights in a privacy control system with opt-out controls. To date, Greenflight has not identified the intellectual property rights to which it refers, nor articulated why it believes Whitepages infringes on those rights. In order to make the parties' discussions productive, Whitepages requests that Greenflight provide this information.

With respect to contacting Apple, Whitepages does not oppose advising Apple that the parties are conducting discussions regarding Greenflight's claims.

I look forward to receiving the requested information and discussing this matter further with you.

Best,
Bryan

---

**From:** Jeffrey Isaacs
**Date:** Sunday, September 27, 2015 at 5:25 PM
**To:** Bryan Kohm
**Cc:** "ivp@greenflightvc.com"
**Subject:** re: Complaint re Whitepages ID (Apple Reference No. APP50291)

Dear Mr. Kohm,

Greenflight Venture Corporation has received your letter dated September 11, 2015 informing that you serve as counsel to Whitepages. Based upon our understanding of PSTN/SS7 standards and data availability, we believe that the Whitepages ID app infringes on patent 8,861,698 either directly or under federal equivalency doctrine. A substantiated notice of infringement was conveyed to your client and Apple on August 28, 2015.

There exist a range of solutions to our IP concerns, several of which could mutually benefit Whitepages. We would like to propose a meeting to discuss the entire matter, perhaps in or around Cupertino in the next few weeks. If your client is agreeable, we will notify Apple that both parties are scheduling preliminary discussions with the hope of reaching a mutually acceptable outcome.

One of us from Greenflight will follow up with you in the next few days to discuss.

Regards,

Jeffrey Isaacs

CEO

Greenflight Venture Corporation

# EXHIBIT 6

| From: | Jeffrey Isaacs |
|---|---|
| To: | Bryan Kohm |
| Cc: | Janina Petrea |
| Subject: | Apple Ref#App50291 |
| Date: | Friday, October 09, 2015 5:47:58 PM |

Dear Mr. Kohm,

I telephoned your office today to discuss our foregoing response to your letter dated September 30, 2015. My hope is to expedite these discussions and avoid dilatory correspondence.

In your email, you asked us to confirm your understanding that Whitepages is alleged to infringe upon claim 1(c) of Patent No. 8,861,698. In our letter to iTunes Legal, Greenflight cites its belief that ID by Whitepages, the accused, offers as function serving as an interface between the query and the carrier's respective CNAM database. This function is element C of '698 Independent Claim #1. To eliminate any ambiguity, it was implied that the remainder of Claim #1's elements were also implemented by the accused. We viewed the other elements, such as a phone number entry UI, as trivial, and did not argue these points to Apple.

With regards to the other '698 claims, Greenflight asserts that ID by Whitepages infringes upon both independent claims, namely the system described in Claim 1 and the method described in Claim 5 for post-page caller name identification.

Greenflight has not evaluated whether or not ID by Whitepages infringes upon the dependent claims # 2, #3, #4, and #6.

To clarify, our concerns regarding opt-out IP did not relate directly to any other patent, or specifically to '698 Claim #4, but rather, the public interest concerns against allowing a plethora of infringers to operate Post-Page Caller Name Services via internet applications. Any proper licensee of our invention must utilize our shared opt-out system, and preferably, offer a co-branded service. I'd be happy to discuss this with you by telephone, which may be more efficient. Essentially, imagine having to opt-out from ten "Do Not Call" registries – this is not fair to the consumer, and precisely why Greenflight feels this invention must be carefully licensed so as not to harm what could be characterized as a public good.

Greenflight hopes to resolve these matters with your client as soon as diligently possible.

Regards,

Jeffrey Isaacs

# EXHIBIT 7

| | |
|---|---|
| **From:** | Bryan Kohm |
| **Sent:** | Monday, October 19, 2015 9:42 PM |
| **To:** | Jeffrey Isaacs |
| **Cc:** | Ianina Petrea |
| **Subject:** | Re: Apple Ref#App50291 |

Mr. Isaacs:

Thank you for your email. Are you available for a teleconference on Friday, October 23? I am available between 11am-4pm PT.


Best,
Bryan

---

**From:** Jeffrey Isaacs <jdi@greenflightvc.com>
**Date:** Friday, October 9, 2015 at 5:46 PM
**To:** Bryan Kohm <BKohm@Fenwick.com>
**Cc:** Ianina Petrea <ivp@greenflightvc.com>
**Subject:** Apple Ref#App50291


Dear Mr. Kohm,
I telephoned your office today to discuss our foregoing response to your letter dated September 30, 2015. My hope is to expedite these discussions and avoid dilatory correspondence.
In your email, you asked us to confirm your understanding that Whitepages is alleged to infringe upon claim 1(c) of Patent No. 8,861,698. In our letter to iTunes Legal, Greenflight cites its belief that ID by Whitepages, the accused, offers as function serving as an interface between the query and the carrier's respective CNAM database. This function is element C of '698 Independent Claim #1. To eliminate any ambiguity, it was implied that the remainder of Claim #1's elements were also implemented by the accused. We viewed the other elements, such as a phone number entry UI, as trivial, and did not argue these points to Apple.
With regards to the other '698 claims, Greenflight asserts that ID by Whitepages infringes upon both independent claims, namely the system described in Claim 1 and the method described in Claim 5 for post-page caller name identification.
Greenflight has not evaluated whether or not ID by Whitepages infringes upon the dependent claims # 2, #3, #4, and #6. To clarify, our concerns regarding opt-out IP did not relate directly to any other patent, or specifically to '698 Claim #4, but rather, the public interest concerns against allowing a plethora of infringers to operate Post-Page Caller Name Services via internet applications. Any proper licensee of our invention must utilize our shared opt-out system, and preferably, offer a co-branded service. I'd be happy to discuss this with you by telephone, which may be more efficient. Essentially, imagine having to opt-out from ten "Do Not Call" registries – this is not fair to the consumer, and precisely why Greenflight feels this invention must be carefully licensed so as not to harm what could be characterized as a public good.
Greenflight hopes to resolve these matters with your client as soon as diligently possible.

Regards,
Jeffrey Isaacs

# EXHIBIT 8

| | |
|---|---|
| **From:** | Jeffrey Isaacs |
| **To:** | Bryan Kohm |
| **Subject:** | Re: Apple Ref#App50291 |
| **Date:** | Wednesday, October 21, 2015 2:25:46 PM |

---

Mr. Kohm,

Friday at 11AM PT works for us.
Look forward to speaking with you.

Regards,
Jeff


>>>
Mr. Isaacs:

Thank you for your email. Are you available for a teleconference on Friday, October 23? I am available between 11am-4pm PT.

Best,
Bryan

# EXHIBIT 9

| | |
|---|---|
| **From:** | Jeffrey Isaacs |
| **To:** | Bryan Kohm |
| **Cc:** | Ianina Petrea |
| **Subject:** | Emails |
| **Date:** | Wednesday, December 16, 2015 3:43:51 PM |

Hi Bryan,

Attached are two emails for Alex Algard. Please let me know when or if your client is willing to discuss these matters.

Thanks,
Jeff

>>>Letter from Apple Legal dated 12/11/2015
Dear Bret and Mayur,

**Please include APP50291 in the subject line of any future correspondence on this matter.**

Greenflight Venture Corp has advised that this matter is still not resolved. Please contact Greenflight Venture Corp immediately regarding this issue. You can reach Greenflight Venture Corp through: Ianina Petrea (email: ivp@greenflightvc.com), or Jeffrey Isaacs (email: jdi@greenflightvc.com).

As you know, it is your responsibility to resolve this issue directly with Greenflight Venture Corp, and further, that you are responsible for any liability to Apple in connection with this matter. We look forward to confirmation from you and Greenflight Venture Corp that this issue has been resolved.

If the matter is not resolved shortly, Apple may be forced to pull your application(s) from the App Store.

Developer: WhitePages.com
Provider: WhitePages.com
Title: Whitepages ID
Apple ID: 986999874
-

Sincerely,

Audrey

>>> Sent via LinkedIn
WhitePages rights to US Patent No. 8,861,698

Hi Alex, I'm writing you regarding your ID by WhitePages and Pro apps, in regards to a patent that I developed. The patent governs missed call/missed SMS CNAM (caller ID) lookups of US & Canadian Phone numbers. In the last six months or so, WhitePages and TrueCaller launched similar apps that appear to utilize this technology. I thought you might be interested in exclusive rights to this, as opposed to one of your competitors. An attorney from Fenwick directed us to speak to him back in mid-October, but there has been no reply as had been promised. Meanwhile, Apple Legal has sent about half a dozen emails to Bret Moore and Mayur Kamat that have gone unanswered. It seems unlike WhitePages to not at least issue a reply to Apple Legal, hence my email to you. As I mentioned to Fenwick, I believe there may exist several advantages to you acquiring exclusive rights to the patent, including 1) tax benefits, 2) competitive strategic advantages, 3) IP portfolio strengthening for future public offerings, and 4) improved

self-regulation industry image. In the alternative, we could also discuss basic licensing so that the issue with Apple resolves quickly. Hopefully you've had some time to consider these options and will be able to let us know your thoughts. I can be reached directly at jdi@greenflightvc.com or jeffrey.isaacs@insead.edu. Thanks for your attention to this matter. Regards, Jeff

# EXHIBIT 10

**From:**      Bryan Kohm
**Sent:**      Wednesday, December 16, 2015 5:14 PM
**To:**      Jeffrey Isaacs
**Cc:**      Ianina Petrea
**Subject:**      Re: Emails

Jeff,

Thank you for passing along the emails. Let me reach out to my client and get back to you. But just to be sure we're on the same page, please confirm that I have stated your position correctly: It is Greenlight's position that the only way to look up CNAM data is through the use of SS7 signaling, unless of course a CNAM database (such as AT&T) is contacted directly over the internet or through other direct line, and therefore any app that queries CNAM must infringe the '698 patent. Do I have this correct?

Thanks,
Bryan

---

**From:** Jeffrey Isaacs <jdi@greenflightvc.com>
**Date:** Wednesday, December 16, 2015 at 3:43 PM
**To:** Bryan Kohm <BKohm@Fenwick.com>
**Cc:** Ianina Petrea <ivp@greenflightvc.com>
**Subject:** Emails

Hi Bryan,

Attached are two emails for Alex Algard. Please let me know when or if your client is willing to discuss these matters.

Thanks,
Jeff

>>>Letter from Apple Legal dated 12/11/2015
Dear Bret and Mayur,

**Please include APP50291 in the subject line of any future correspondence on this matter.**

Greenflight Venture Corp has advised that this matter is still not resolved. Please contact Greenflight Venture Corp immediately regarding this issue. You can reach Greenflight Venture Corp through: Ianina Petrea (email: ivp@greenflightvc.com), or Jeffrey Isaacs (email: jdi@greenflightvc.com).

As you know, it is your responsibility to resolve this issue directly with Greenflight Venture Corp, and further, that you are responsible for any liability to Apple in connection with this matter. We look forward to confirmation from you and Greenflight Venture Corp that

this issue has been resolved.

If the matter is not resolved shortly, Apple may be forced to pull your application(s) from the App Store.

Developer: WhitePages.com
Provider: WhitePages.com
Title: Whitepages ID
Apple ID: 986999874
-

Sincerely,

Audrey


>>> Sent via LinkedIn
WhitePages rights to US Patent No. 8,861,698

Hi Alex, I'm writing you
regarding your ID by WhitePages and Pro apps, in regards to a patent that I
developed. The patent governs missed call/missed SMS CNAM (caller ID) lookups
of US & Canadian Phone numbers. In the last six months or so, WhitePages
and TrueCaller launched similar apps that appear to utilize this technology. I
thought you might be interested in exclusive rights to this, as opposed to one
of your competitors. An attorney from Fenwick directed us to speak to him back
in mid-October, but there has been no reply as had been promised. Meanwhile,
Apple Legal has sent about half a dozen emails to Bret Moore and Mayur Kamat
that have gone unanswered. It seems unlike WhitePages to not at least issue a
reply to Apple Legal, hence my email to you. As I mentioned to Fenwick, I
believe there may exist several advantages to you acquiring exclusive rights to
the patent, including 1) tax benefits, 2) competitive strategic advantages, 3)
IP portfolio strengthening for future public offerings, and 4) improved
self-regulation industry image. In the alternative, we could also discuss basic
licensing so that the issue with Apple resolves quickly. Hopefully you've had
some time to consider these options and will be able to let us know your
thoughts. I can be reached directly at jdi@greenflightvc.com
or jeffrey.isaacs@insead.edu.
Thanks for your attention to this matter. Regards, Jeff

# EXHIBIT 11

| | |
|---|---|
| **From:** | Jeffrey Isaacs |
| **To:** | Bryan Kohm |
| **Cc:** | Ianina Petrea |
| **Subject:** | re Emails |
| **Date:** | Thursday, December 17, 2015 3:22:25 PM |

Hi Bryan,

Thanks for the update. I will make a best effort to try to answer your question in hopes of moving discussions along. Just as a disclaimer, obviously the language of the patent takes precedent over my own annotations and explanations made during the course of correspondance with you and your client. Especially in discussing hypothetical variations of CNAM methods/systems, it could be easy to misconstrue or confuse process/system components, so the foregoing should only be viewed as a courtesy to facilitate dialogue and not a binding narrowing (or expansion) of claims.

The patent description does state that exact protocols could vary in how the CNAM data is relayed to the end user, and for example, JSON is mentioned. To give another example, I know that Neustar and some other CNAM providers use SIP to communicate with clients. As Greenflight mentioned in an earlier letter to WhitePages and Apple, some of the companies like Neustar may cache the original CNAM database, augment it, or do other operations which, to the best of our knowledge and belief, ultimately still interface (at one point in time) with the original SS7-connected CNAM database. Therefore these variations and 'improvements' would fall under the doctrine of equivalents.

You mentioned a direct connection to AT&T's database; I can't speculate exactly about a hypothetical without seeing an actual process description, but my hunch is that if, for example, a USB cable connected to AT&T's SS7-connected CNAM database, then yes, infringement would still occur without technically ever utilizing SS7, as there is still an 'interface' to the live system described in the patent, and the IO functionality remains identical. In Figure 4 of the '698 patent, JSON is used and the SS7 interface is only relevant because the CNAM database is live interfaced to it.

In the end, I might restate your summary of Greenflight's position to be that there are equivalent ways to implement the process described in '698, and to the best Greenflight's knowledge of the state of the art, and availability of NANPA CNAM data, Whitepages ID and Truecaller are marketing an infringing method/system by interfacing carrier SS7 CNAM databases (or their derivatives) with a web/smartphone app.

I hope that helps, I can try to clarify more if you'd like by phone, but at the end of the day a case-by-case analysis would need to compare the langauge of the patent to the structure of of the infringing system.

Regards,
Jeff

On Wed, Dec 16, 2015 at 8:39 PM, Bryan Kohm wrote:
> I have stated your position correctly: It is Greenlight's position that the only way to
> look up CNAM data is through the use of SS7 signaling, unless of course a CNAM
> database (such as AT&T) is contacted directly over the internet or through other
> direct line, and therefore any app that queries CNAM must infringe the '698 patent.
> Do I have this correct?

# EXHIBIT 13



**FENWICK & WEST LLP**

555 CALIFORNIA STREET, 12TH FLOOR     SAN FRANCISCO, CA 94104

TEL 415.875.2300     FAX 415.281.1350     WWW.FENWICK.COM

January 11, 2016

BRYAN A. KOHM

EMAIL BKOHM@FENWICK.COM
Direct Dial (415) 875-2404

**VIA E-MAIL**

Jeffrey Isaacs
Greenflight Venture Corporation
10312 Orchid Reserve Drive
West Palm Beach, Florida 33412

      Re: Complaint re Whitepages ID (Apple Reference No. APP50291)

Dear Jeff:

      Thank you for taking the time to explain Greenflight Venture Corporation's ("Greenflight") basis for asserting that Whitepages, Inc. ("Whitepages") infringes U.S. Patent No. 8,861,698 ("the '698 patent"). However, as explained below, it is evident that Greenflight lacks any basis whatsoever to allege that Whitepages infringes the '698 patent. Not only has Greenflight failed to conduct a reasonable investigation into the operation of the Whitepages ID app, Greenflight advances an interpretation of the claims of the '698 patent that is barred as a matter of law. But Greenflight nevertheless has made false and misleading statements to Apple regarding the Whitepages ID app and Greenflight's intellectual property rights for the purpose of interfering with Whitepages' business and relationship with Apple, all in an effort to solicit either an unwarranted license or business relationship with Whitepages.

      Please be advised that this conduct constitutes at least trade libel, libel, and unfair competition. In the event that Apple removes the Whitepages ID app from the App Store, this conduct would also support claims of intentional interference with contractual relations and intentional interference with prospective economic advantage. In addition to Greenflight's liability, your and Ms. Petrea's personal involvement in this conduct renders both of you personally liable for these tortious acts. Whitepages demands that you provide notice to Apple no later than **5 p.m. Pacific Time on January 14, 2016** that Greenflight has withdrawn its claim against Whitepages. Provided that Greenflight does so, and covenants to not again assert its meritless claims against Whitepages, Whitepages will not proceed further with its claims against Greenflight, Ms. Petrea or you.

# EXHIBIT 14

| From: | jeffreydi@gmail.com on behalf of Jeffrey D. Isaacs |
|---|---|
| To: | Bryan Kohm |
| Subject: | Re: Whitepages |
| Date: | Tuesday, January 12, 2016 1:20:37 AM |

Bryan,

First, you reference a conversation that we had agreed was verbal off-record and informal, and I never gave you permission to record it in anyway. Please issue a statement rescinding any reliance on our informal discussions, or I will have to report this matter to the California bar. Obviously a seasoned patent law firm could obfuscate issues, such as "interfacing node" by claiming various different contexts used in verbal conversation . I expect better of Fenwick and , again, request your confirmation that you did not illegally record our telephone call.

I'm travelling in Singapore for an old classmate's wedding, so I would like to know if you and your client agree to extend your deadline by an extra 14 days for me to look into your claims (minus the claims pertaining to our telephone call).

As I did mention on the telephone call, we thought Whitepages would be interested in obtaining rights to the patent to 1) protect the careers of its 100+ employees, and 2) continue its 20 year industry dominance. Basically, we saw it as an opportunity for your client to 'clean up' their product offering and contribute to the public interest in terms of the privacy opt-out rights. Again, your letter seems to misconstrue our opt-out 'claims' , and we request a conference call with your client before your deadline to discuss this matter and avoid unnecessary litigation and costs to the federal legal system.

Please let me know regarding 1) the deadline extension I requested, and 2) whether your client accepts or requests our third request for a discussion . Please be reminded that a direct discussions is required by Apple's terms and conditions, and to date your client has refused to speak to us and has refused to provide any evidence that the patent is not infringed. As you know, patents are presumed valid and we have given Whitepages 4 months to respond with evidence supporting their belief.


Best regards,
Jeffrey Isaacs

On Tue, Jan 12, 2016 at 9:52 AM, Bryan Kohm <BKohm@fenwick.com> wrote:
> Jeffrey,
>
> Please see the attached letter.
>
> Best,
> Bryan
>
> Bryan Kohm
> Fenwick & West LLP
> Tel. 415.875.2404
> Fax. 415.281.1350

Jeffrey Isaacs
January 11, 2016
Page 2

**Greenflight's False Statements and Bad Faith Assertion of Objectively Baseless
Claims of Infringement**

In the submission to Apple dated August 22, 2015, Greenflight stated that "Whitepages substantially duplicates [Greenflight's] CNAM based query system." Greenflight subsequently elaborated, in an email dated August 28, 2015, that Whitepages ID "infringes on United States Patent 8,861,698 claim 1(c) by offering an app with a 'function serving as an interface between the query and the carrier's respective CNAM database.'" In the same email, Greenflight asserted that it maintains intellectual property rights, which are alleged to be infringed by Whitepages, in a "privacy control" system with opt-out controls.

In a letter dated September 11, 2015 to Ianina Petrea, I requested, among other things, identification of Greenflight's intellectual property rights in a "privacy control" system. In response, you emailed me on October 9 and stated that the intellectual property rights did not relate to a patent. During our call on October 23, you confirmed that Greenflight does not possess any patents or any other intellectual property rights in a "privacy control" system. Instead, you stated that Greenflight merely believes that there is a public interest in privacy and Greenflight requires is partners to implement certain privacy controls. As such, no dispute exists that Greenflight's statement to Apple that it possesses intellectual property rights in a "privacy control" system was false. Likewise, the statement that Whitepages infringed on such intellectual property rights was false. Greenflight's false statements to Apple for the purpose of interfering with Whitepages' relationship and business with Apple, as well as to tarnish Whitepages' goodwill, give rise to various tort claims.

Beyond its admitted false statements to Apple, Greenflight's patent assertion is objectively baseless and made in bad faith. The bad faith nature of Greenflight's claim is highlighted by its admission that it failed to conduct a reasonable investigation into the operation of the Whitepages ID app. In the email to Apple dated August 28, Greenflight asserts that the Whitepages ID app infringes limitation 1(c) of the '698 patent. In response to my request regarding clarification of Greenflight's position, you stated by email dated October 9 that the "remainder of Claim #1's elements were also implemented" by the Whitepages ID app, but that you "viewed the other elements...as trivial."

During our teleconference on October 23, I asked you to explain Greenflight's basis for asserting that Whitepages meets limitation 1(b), which requires "an SS7 interfacing node permitting real-time access to the SS7 network." '698 patent, 4:48-49. You explained that the "SS7 interfacing node" is any node that employs SS7 protocols to call data from a CNAM database and that any means of retrieving data from a CNAM database through SS7 calls would meet this limitation. You stated that Greenflight assumed the Whitepages ID app must operate in this manner. You contrasted this approach from one where a system is connected to a CNAM database (you gave the example of AT&T) through a direct connection.

In your email dated December 17, Greenflight expanded its interpretation of limitation 1(b). Specifically, Greenflight now asserts that SS7 protocols need not even be used, and that

Jeffrey Isaacs
January 11, 2016
Page 3

any form of connection to a CNAM database meets limitation 1(b) under the doctrine of equivalents. But this position is legally precluded on numerous grounds. For example, Greenflight's position is barred because it would vitiate the claim limitation. *See Asyst Techs., Inc. v. Emtrak, Inc.,* 402 F.3d 1188, 1195 (Fed. Cir. 2005) ("[T]he 'all elements rule' provides that the doctrine of equivalents does not apply if applying the doctrine would vitiate an entire claim limitation."). Greenflight now asserts that limitation 1(b) only requires some means of interfacing between the app and CNAM database, but limitation 1(c) covers a function serving as an interface between the called party's query (which would originate from the app) and the CNAM database. '698 patent at 4:50-52. As such, Greenflight's attempt to use the doctrine of equivalents to argue that limitation 1(b) does not require an SS7 node, which as you previously admitted employs SS7 protocols, would vitiate the limitation, and therefore is precluded as a matter of law.

Greenflight's theory is similarly barred under the doctrine of prosecution history estoppel. In response to an office action rejecting the claims of the '698 patent, Greenflight distinguished the prior art on the ground that it lacked disclosure of directly interfacing with the SS7 network.[1] Applicant's Response dated August 17, 2014, p. 7. The Examiner subsequently allowed the claims. In light of this distinction, the doctrine of prosecution history estoppel bars Greenflight from using the doctrine of equivalents to assert that limitation 1(b) is not limited to an SS7 node.

The Whitepages ID app does not include an SS7 interface node, nor does it even employ SS7 protocols in any manner to call data from a CNAM database. Therefore, there is no conceivable basis for Greenflight to assert that the Whitepages ID app infringes the '698 patent.[2] Indeed, Greenflight's failure to conduct a reasonable investigation and attempt to advance legally barred interpretations of the patent in order to accommodate its inadequate investigation demonstrates the bad faith nature of Greenflight's conduct.

Given that Greenflight's claims are objectively baseless and asserted in bad faith, Greenflight's false and misleading statements to Apple in an attempt to have the Whitepages ID app removed from iTunes gives rise at least to claims of trade libel, libel, and unfair competition. As noted above, if Apple removes the Whitepages ID app from the App Store, this conduct would also support claims of intentional interference with contractual relations and intentional interference with prospective economic advantage.

********

Again, please provide notice to Apple, copying me, no later than **5 p.m. Pacific Time on January 14, 2016** that Greenflight has withdrawn its claim against Whitepages. If Greenflight instead continues its unlawful campaign, Whitepages will proceed with its claims and pursue all

---

[1] The grounds provided in this letter demonstrating that Greenflight's interpretation is precluded as a matter of law are not intended to be exhaustive.
[2] The grounds for non-infringement listed in this letter are not exhaustive.

Jeffrey Isaacs
January 11, 2016
Page 4


remedies available to it.

Sincerely,

FENWICK & WEST LLP

Bryan A. Kohm

# EXHIBIT 16

| | |
|---|---|
| **From:** | Bryan Kohm |
| **Sent:** | Wednesday, January 13, 2016 4:58 PM |
| **To:** | Jeffrey D. Isaacs |
| **Subject:** | Re: Whitepages |

Jeffrey,

As you know, I represent Whitepages with respect to this matter.  Accordingly, please direct all future communications concerning this matter to me.  I assure you that copying Whitepages' executives on emails is not a productive exercise.

Whitepages is agreeable to your requested extension to respond my letter dated January 11, 2016, assuming you still request such an extension, which is a bit unclear given the email traffic of yesterday and today.  If you desire the extension, Whitepages will refrain from further pursuing its claims during this time provided that you and Greenflight move forward in good faith to respond to my letter.

I am confused by your statement that Whitepages refuses to speak to Greenflight.  You have raised a legal issue and I am the attorney for Whitepages handling the matter.  You and I have had both written and telephonic discussions.

I am also confused by your statements regarding the recording of a telephone conversation.  Nothing in my letter suggests that any conversation was recorded.  Further, I do not understand what you mean by an "off-record" conversation.  You and I had a conversation and I responded to portions of it in my letter.  It is not clear to me what aspect of this you find to be objectionable.

With respect to your statement that Whitepages has not provided any evidence that your patent is not infringed, you appear to have a misunderstanding of the law.  Before a party accuses another of infringement, that party must have a reasonable and good faith belief that infringement exists.  Accordingly, before you and Greenflight accused Whitepages of infringement, you were required to possess a reasonable basis to believe that Whitepages practices each and every limitation of any asserted claim.  As I set forth in my letter dated January 11, you and Greenflight lacked such a reasonable basis to assert infringement.  Nevertheless, Whitepages has explained to you why it does not infringe the '698 patent.  To the extent that you have a response to Whitepages' position, we will gladly consider it.  But the ball is your court.

I do not believe it would be productive to respond to the other issues raised by the recent email traffic, but please note that Whitepages reserves all rights.

Best,
Bryan

**From:** <jeffreydi@gmail.com> on behalf of "Jeffrey D. Isaacs" <jeffrey.isaacs.wg03@wharton.upenn.edu>
**Date:** Tuesday, January 12, 2016 at 1:19 AM
**To:** Bryan Kohm <BKohm@Fenwick.com>
**Subject:** Re: Whitepages

Bryan,

First, you reference a conversation that we had agreed was verbal off-record and informal, and I never gave you permission to record it in anyway. Please issue a statement rescinding any reliance on our informal discussions, or I will have to report this matter to the California bar. Obviously a seasoned patent law firm could obfuscate issues, such as "interfacing node" by claiming various different contexts used in verbal conversation . I expect better of Fenwick and , again, request your confirmation that you did not illegally record our telephone call.

I'm travelling in Singapore for an old classmate's wedding, so I would like to know if you and your client agree to extend your deadline by an extra 14 days for me to look into your claims (minus the claims pertaining to our telephone call).

As I did mention on the telephone call, we thought Whitepages would be interested in obtaining rights to the patent to 1) protect the careers of its 100+ employees, and 2) continue its 20 year industry dominance. Basically, we saw it as an opportunity for your client to 'clean up' their product offering and contribute to the public interest in terms of the privacy opt-out rights. Again, your letter seems to misconstrue our opt-out 'claims' , and we request a conference call with your client before your deadline to discuss this matter and avoid unnecessary litigation and costs to the federal legal system.

Please let me know regarding 1) the deadline extension I requested, and 2) whether your client accepts or requests our third request for a discussion . Please be reminded that a direct discussions is required by Apple's terms and conditions, and to date your client has refused to speak to us and has refused to provide any evidence that the patent is not infringed. As you know, patents are presumed valid and we have given Whitepages 4 months to respond with evidence supporting their belief.


Best regards,
Jeffrey Isaacs

On Tue, Jan 12, 2016 at 9:52 AM, Bryan Kohm <BKohm@fenwick.com> wrote:
Jeffrey,

Please see the attached letter.

Best,
Bryan

Bryan Kohm
Fenwick & West LLP
Tel. 415.875.2404
Fax. 415.281.1350