# EXHIBIT M

BRYAN A. KOHM (CSB NO. 233276)
bkohm@fenwick.com
FENWICK & WEST LLP
555 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

Attorneys for Plaintiff
WHITEPAGES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITEPAGES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GREENFLIGHT VENTURES CORPORATION, a Florida company, JEFFREY ISAACS, an individual, and IANINA PETREA, an individual,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT; TRADE LIBEL; LIBEL; UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Whitepages, Inc. ("Whitepages") hereby alleges as follows for this complaint against Greenflight Ventures Corporation ("Greenflight"), Jeffrey Isaacs, and Ianina Petrea (collectively, "Defendants"):

**THE PARTIES**

1. Whitepages is a corporation organized under the laws of Delaware, with its place of business at 1301 Fifth Ave, Suite 1600, Seattle, Washington.

2. On information and belief, Greenflight is a corporation existing under the laws of Florida, with a place of business at 10312 Orchid Reserve Drive, West Palm Beach, Florida.

3. On information and belief, Ianina Petrea is an individual residing in West Palm Beach, Florida. On information and belief, Ms. Petrea is President of Greenflight.

COMPLAINT

4. On information and belief, Jeffrey Isaacs is an individual residing in Fort Washington, Pennsylvania. On information and belief, Mr. Isaacs is Chief Executive Officer of Greenflight.

**JURISDICTION AND VENUE**

5. This action includes a claim based on the patent laws of the United States, Title 35 of the United States Code, § 1 et seq., with a specific remedy sought under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and continuing justiciable controversy exists between Whitepages and Greenflight/Isaacs that requires a declaration of rights by this Court.

6. This Court has subject matter jurisdiction over each claim in this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and/or under the doctrine of pendent jurisdiction. Diversity exists among the parties and the damages sought by Whitepages exceed $75,000, as well as injunctive relief.

7. The Court has personal jurisdiction over Defendants because Defendants engaged in patent enforcement activities and tortious conduct in this District through their contacts with Apple Inc. ("Apple"), as detailed below. Apple resides in Cupertino, California.

8. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391 and 1400 because a substantial part of the conduct giving rise to the claims occurred in this district and because personal jurisdiction is properly exercised over Defendants in this District.

**FACTUAL BACKGROUND**

9. Whitepages is one of the leading source for contact information in North America and is at the forefront of developing services that help people find, understand and verify personal and business identities in an ever-changing digital world. With over 55 million unique monthly users, Whitepages offers access to more than 250 million personal identities and provides users with the ability to control their own. Whitepages also operates Whitepages Pro, an API and web-based service, which helps businesses verify the identities of their customers.

10. Whitepages Caller ID is mobile app that allows users to block calls, detect spam and ID incoming calls.

COMPLAINT 2

11. Whitepages has entered into contractual relationships with Apple and Google to make the Whitepages Caller IP app available for iPhone and Android users. The Whitepages Caller ID app is distributed through the Apple App Store and Google Play store. As such, it is imperative that Whitepages maintains a positive relationship and good reputation with Apple and Google to ensure successful distribution of the Whitepages Caller ID app.

12. Greenflight purports to be the owner of U.S. Patent No. 8,861,698 (the "'698 patent"). The '698 patent is entitled "Post-Page Caller Name Identification System." A copy of the '698 patent is attached as Exhibit A. The United States Patent and Trademark Office, however, lacks any record of an assignment of the '698 patent to Greenflight. It is therefore unclear whether Greenflight or the named inventor, Jeffrey Isaacs, holds title to the '698 patent.

13. On or about August 22, 2015, Ms. Petrea and Greenflight submitted a written complaint to Apple in Cupertino, California via the App Store Content Dispute procedure. In that complaint, Petrea and Greenflight stated that "Whitepages substantially duplicates [Greenflight's] CNAM based query system." This statement is false and misleading. Whitepages does not offer any app or other software that "substantially duplicates [Greenflight's] CNAM based query system." On information and belief, Ms. Petrea and Greenflight either affirmatively knew this statement was false or made the statement without a reasonable basis to determine the veracity of the statement.

14. Subsequently, on or about August 28, 2015, Greenflight and Jeffrey Isaacs stated in an email to Apple in Cupertino, California that the Whitepages Caller ID app "infringes on United States Patent 8,861,698 claim 1(c) by offering an app with a 'function serving as an interface between the query and the carrier's respective CNAM database.'" This statement is false and misleading. On information and belief, Greenflight and Mr. Isaacs made this assertion of infringement without adequate investigation into whether the Whitepages Caller ID app practices the limitations of any claim of the '698 patent.

15. Further, on information and belief, Greenflight and Mr. Isaacs made this statement with an unreasonable assertion regarding the scope of the '698 patent which is precluded as a matter of law. For example, element (b) of claim 1 – a similar limitation appears in all

COMPLAINT 3

1  independent claims – requires "an SS7 interfacing node permitting real-time access to the SS7

2  network." On information and belief, Defendants failed to perform a reasonable investigation to

3  ascertain how the Whitepages Caller ID app functions with respect to this limitation. Instead,

4  evidencing the bad faith of Defendants, Defendants contend that claim limitation 1(b) does not

5  require a node employing SS7 protocols. Contrary to the plain language of the claim, Defendants

6  assert that claim limitation 1(b) is practiced by any software with access to a CNAM database.

7        16.     The error in Defendants' position and the bad faith nature of their statements are

8  further demonstrated by Mr. Isaacs' statement during the prosecution of the application leading to

9  the '698 patent. In a response (dated August 17, 2014) to an office action rejecting the claims of

10  the '698 patent, Mr. Isaacs distinguished the prior art relied on by the patent office on the ground

11  that it lacked disclosure of directly interfacing with the SS7 network. This statement is

12  inconsistent with Defendants' position now that claim limitation 1(b) need not interface with the

13  SS7 network, but merely must access a CNAM database.

14        17.     Greenflight and Mr. Isaacs' statement to Apple regarding Whitepages' alleged

15  infringement of the '698 patent is false and misleading. On information and belief, Mr. Isaacs

16  and Greenflight either affirmatively knew this statement was false or made the statement without

17  a reasonable basis to determine the veracity of the statement.

18        18.     In the email to Apple on August 28, 2015, Greenflight and Mr. Isaacs also asserted

19  that Greenflight maintains intellectual property rights, which are alleged to be infringed by

20  Whitepages, in a "privacy control" system with opt-out controls. On information and belief,

21  Greenflight possesses no intellectual property rights in a "privacy control" system. Despite

22  knowing this statement to be false, Greenflight and Mr. Isaacs nevertheless stated to Apple that

23  the Whitepages Caller ID app's alleged infringement of these non-existent intellectual property

24  rights in a privacy control system threatens the "safety" of and "potentially harms all users of this

25  system and the Public Switched Telephone Network (PSTN)."

26        19.     Greenflight and Mr. Isaacs' statements to Apple regarding Greenflight's alleged

27  intellectual property rights in a "privacy control" system and the purported harm to public safety

28  were false and misleading.

COMPLAINT                 4

20. In making the above false and misleading statements, Defendants attempted to deceive Apple into believing that Whitepages infringed their intellectual property rights. Defendants also wrongfully demanded that Apple remove the Whitepages Caller ID app from the App Store, such that it would no longer be available to iPhone users.

21. On information and belief, all of the statements made by Greenflight, Mr. Isaacs and Ms. Petrea identified above were made with the intent and purpose to disrupt Whitepages' contractual and economic relationship with Apple, and to harm Whitepages' goodwill and reputation.

22. On information and belief, Ms. Petrea and Mr. Isaacs engaged together in a common plan with respect to all of the actions and statements alleged in this Complaint, and knew of the statements of each other, assisted each other in making such statements, encouraged each other to make such statements, and conspired together to make all such statements with the goal of causing harm to Whitepages.

## FIRST CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement Against Greenflight and Jeffrey Isaacs)**

23. Whitepages hereby incorporates by reference its allegations contained in paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24. Greenflight and Mr. Isaacs have alleged that Whitepages infringes one or more claims of the '698 patent.

25. Whitepages denies that it infringes or contributes to any infringement of any claim of the '698 patent either literally or under the doctrine of equivalents. Whitepages further asserts that it has not and does not induce any infringement of any claim of the '698 patent.

26. Therefore, a substantial controversy exists between Whitepages, on the one hand, and Greenflight and Mr. Isaacs, on the other, and the parties have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Whitepages has not infringed any claim of the '698 patent.

27. An actual and justiciable controversy exists regarding the alleged infringement of the '698 patent by Whitepages. Whitepages accordingly requests a judicial determination of its

COMPLAINT 5

rights, duties, and obligations with regarding to the '698 patent.

28. A judicial declaration is necessary and appropriate so that Whitepages may ascertain its rights regarding the '698 patent.

## SECOND CAUSE OF ACTION
### (Trade Libel Against All Defendants)

29. Whitepages hereby incorporates by reference its allegations contained in paragraphs 1 through 22 of this Complaint as though fully set forth herein.

30. Defendants have made the false and misleading statements identified above to Apple. Those false and misleading statements have disparaged the quality of the Whitepages Caller ID app, including with respect to whether it infringes on the intellectual property rights of Defendants and whether the Whitepages Caller ID app poses a threat to public safety.

31. On information and belief, Defendants knew that the statements were false and misleading, or acted with reckless disregard of the truth or falsity of the statements.

32. Defendants knew or should have recognized that Apple might act in reliance on the statements, and in fact intended Apple to act on reliance of the statements by removing the Whitepages Caller ID app from the App Store.

33. Defendants' statements have harmed Whitepages through damage to its relationship with Apple, the perception of the Whitepages Caller ID app, and Whitepages' reputation and goodwill. Defendants' conduct also poses a threat to cause additional irreparable harm if not enjoined.

## THIRD CAUSE OF ACTION
### (Libel Against All Defendants)

34. Whitepages hereby incorporates by reference its allegations contained in paragraphs 1 through 22 of this Complaint as though fully set forth herein.

35. Defendants made the false and misleading statements identified above to Apple.

36. These statements are libelous on their face, as they convey that Whitepages infringes on the intellectual property rights of a third party.

37. On information and belief, Apple reasonably understood that the statements

COMPLAINT 6

1  concerned Whitepages and the Whitepages Caller ID app.

2  38.  Defendants' false and misleading statements injured Whitepages through harm to its reputation and goodwill, and by Defendants' attempt to discourage Apple in associating with Whitepages, including without limitation by removing the Whitepages Caller ID app from the App Store.

3  39.  Defendants either knew their statements were false and misleading, or they failed to use reasonable care to determine the truth or falsity of the statements.

4  40.  Whitepages has suffered harm to its business through at least harm to its reputation, goodwill and costs spent responding to Defendants' false and misleading statements in amount to be determined at trial.

5  41.  Defendants' false and misleading statements were a substantial factor in causing Whitepages' harm.

6  42.  On information and belief, Defendants made their false and misleading statements with malice with the intent to wrongfully coerce Whitepages into doing business with Defendants.

7  43.  Absent an injunction, on information and belief, Defendants will continue making false and misleading statements concerning Whitepages and the Whitepages Caller ID app and thus cause irreparable harm to Whitepages.

## FOURTH CAUSE OF ACTION

**(Unfair Competition – Cal. Bus. & Prof. Code § 17200 Against All Defendants)**

44.  Whitepages hereby incorporates by reference its allegations contained in paragraphs 1 through 22 of this Complaint as though fully set forth herein.

45.  Defendants' acts described above, including trade libel and libel, constitute unfair competition in violation of California Business and Professional Code § 17200 *et seq.*, as they are unlawful, misleading, and likely to deceive the public.

46.  Whitepages believes and therefore alleges that it has suffered injury in fact and has lost money from Defendants' unfair competition, in the form of injury to Whitepages' reputation, and diversion of resources to address the harm caused by Defendants' unfair competition.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

COMPLAINT                    7

47. Defendants' acts of unfair competition have caused and will continue to cause Whitepages irreparable harm. Whitepages has no adequate remedy at law for Defendants' unfair competition.

48. Whitepages is entitled to a judgment enjoining and restraining Defendants from engaging in further unfair competition.

**PRAYER FOR RELIEF**

WHEREFORE, Whitepages prays for a judgment against Defendants as follows:

A. A declaration that Whitepages does not infringe, directly, contributorily or by inducement, literally or under the doctrine of equivalents any claim of the '698 patent;

B. A declaration that Whitepages' case against Greenflight and Mr. Isaacs is an exceptional case within the meaning of 35 U.S.C. § 285;

C. A judgment against Defendants for trade libel and an award of damages to Whitepages for its damages;

D. A judgment against Defendants for libel and an award of actual and special damages to Whitepages in an amount to be determined at trial;

E. A judgment against Defendants for unfair competition and an award of damages to Whitepages for its damages;

F. An injunction against Defendants barring Defendants from stating or suggesting that Whitepages infringes the '698 patent or any "privacy control" intellectual property alleged to be held by Defendants;

G. An award of costs and attorneys' fees to Whitepages; and

H. Such other and further relief as the Court deems just and reasonable.

Dated: January 11, 2016                FENWICK & WEST LLP


By: */s/ Bryan A. Kohm*
       Bryan A. Kohm

Attorneys for Plaintiff
Whitepages, Inc.

COMPLAINT                               8

### DEMAND FOR JURY TRIAL

Plaintiff Whitepages, Inc. hereby demands a trial by jury of all issues so triable.

Dated: January 11, 2016　　　　　　　　　　　FENWICK & WEST LLP

By: */s/ Bryan A. Kohm*
　　　　Bryan A. Kohm

Attorneys for Plaintiff
Whitepages, Inc.