# SUPPLEMENTAL EXHIBIT 1

# Who we are

We're a small but mighty crew of 40 with offices in Seattle, New York and
Budapest. We're coders, writers, gamers, hikers, beer lovers, whiskey sippers,
and smoothie fans – because it's all about balance. Coffee is our spirit animal

and "challenge accepted" is our middle name. Data is our superpower and we know just how to wield it. But most importantly, we're passionate about making today's mobile calling experience much smarter and more relevant for our millions of users around the world.

Sound like something you're looking for?

Join the team (//jobs.jobvite.com/hiya/jobs)

# Our leadership team

 (https://www.linkedin.com/in/alexalgard)

## Alex Algard

Founder

Alex is the CEO of Hiya (and is the CEO of Whitepages, the twenty-year-old digital identity company that he founded during his senior year of university). Alex oversees product vision and corporate strategy for Hiya. He is one of the industry's earliest mobile caller ID visionaries, having launched the first Android app of its kind in 2008. Alex holds a B.A. in Economics and a M.S. in Mechanical Engineering (Product Design), both from Stanford University.

 (https://www.linkedin.com/in/stanleykim)

# Stanley Kim

## Chief Operating Officer

As Chief Operating Officer, Stanley oversees core operations for Hiya—across business development, engineering and product. Prior to Hiya, Stanley was Executive-in-Residence at Shasta Ventures. He also previously worked at Samsung (where he developed and launched four first generation flagship products) and McKinsey & Company. He was founder and CEO of PANOP, the first real-time optimization software company, which was sold to Broadbase Software and also founder and CEO of Trickplay, which developed high-performance embedded graphics software. Stanley graduated from Stanford University and also pursued graduate studies at Humboldt Universitaet in Berlin.

 (https://www.linkedin.com/in/janvolzke)

# Jan Volzke

## Vice President, Reputation Data

As Vice President, Reputation Data, Jan manages the team that protects Hiya's millions of users from spam, nuisance calls and mobile fraud. Prior to Hiya, Jan worked for Whitepages, following the acquisition of his company, Numbercop. Jan is a telecom & security expert with more than 15 years of experience in mobile devices, telephony networks, and application security. He holds a BCEE in Engineering Telecommunications from Dresden University of Technology and a MBA in International Business and Marketing from Karlsruhe Institute of Technology.



(https://www.linkedin.com/in/mayur)

# Mayur Kamat

## Vice President, Product

As Vice President, Product, Mayur oversees the product management team at Hiya. Prior to Hiya, Mayur was part of the founding team of Google Hangouts, and also drove product and business strategy for Google Voice and its integration with Hangouts. Mayur holds a B.S. in Computer Science from the University of Mumbai and a M.S. in Management Information Systems from Texas A&M University.



(https://www.linkedin.com/in/weeksjonathan)

# Jonathan Weeks

## Vice President, Engineering

As Vice President, Engineering, Jonathan Weeks oversees the team that navigates the complex world of clouds, servers, networks, deployment, configuration, scalability, reliability, and more. Most recently, Jonathan was Senior Architect at Whitepages. Immediately prior to Whitepages, he served as the Senior Director of Systems Engineering at ServiceNow and held senior positions at HP, AT&T and Disney. Jonathan has studied Physics at the University of Washington.



**25 million**
downloads



**400 million**
calls identified monthly



**1 billion**
spam threats detected



**40**
employees



**3 offices**
Seattle • New York • Budapest



**192**
supported countries

🅕 (HTTPS://WWW.FACEBOOK.COM/HIYAINC)

🅣 (HTTPS://TWITTER.COM/HIYA)



(HTTPS://WWW.LINKEDIN.COM/COMPANY/HIYA



(HTTPS://WWW.YOUTUBE.COM/CHANNEL/UCP/



(HTTPS://PLUS.GOOGLE.COM/U/0/11458030288



# (HTTPS://WWW.INSTAGRAM.COM/HIYAINC/)

Help (/faq/index)     Privacy Policy (/hiya-data-policy)     Terms of Use (/hiya-terms-of-service)

© 2016 Hiya Inc.



**App**

...tically blocks the ones you

Download the app

# Always know who is calling or texting

7/22/2016
Hiya - Caller ID, Call Blocker & Protection for a Better Phone Experience
Case 3:16-cv-00175-RS    Document 67-1    Filed 10/06/16    Page 9 of 18

Hiya identifies unknown numbers so that you can tell the difference between an old friend and a robocall.

# Protect yourself from scams and spam

Hiya automatically blocks scam and spam threats across the globe so that your iPhone and Android experience is safe and secure.



# Partnerships

We help our mobile partners develop insightful caller ID and bullet-proof spam protection for their customers.

Learn more about our partners (partners)



# Download the free Hiya app today!



action=click&publisher_id=296023&site_id=33358&my_campaign=hiya_core_site&my_

action=click&publisher_id=23904&site_id=105248&my_campaign=hiya_core_site&my_

 (HTTPS://WWW.FACEBOOK.COM/HIYAINC)

(HTTPS://TWITTER.COM/HIYA)



(HTTPS://WWW.LINKEDIN.COM/COMPANY/HIYA



(HTTPS://WWW.YOUTUBE.COM/CHANNEL/UCP

(HTTPS://PLUS.GOOGLE.COM/U/0/11458030288



(HTTPS://WWW.INSTAGRAM.COM/HIYAINC/)

Help (/faq/index)    Privacy Policy (/hiya-data-policy)    Terms of Use (/hiya-terms-of-service)

© 2016 Hiya Inc.

# SUPPLEMENTAL EXHIBIT 2

**From:** Bryan Kohm <BKohm@Fenwick.com>
**Sent:** Friday, September 16, 2016 3:35 PM
**To:** Badini, Aldo A.
**Cc:** Ravi Ranganath; Liz Hagan; Ramos, Constance F.; Lin, James C.
**Subject:** Re: Exclusion of Purported Evidence Under California "No-Contact" Rule

Aldo - Do a thorough investigation and then we can talk.

On Sep 16, 2016, at 12:33 PM, Badini, Aldo A. <ABadini@winston.com<mailto:ABadini@winston.com>> wrote:

I have no idea what you are talking about.  The "matter" was the alleged infringement by Whitepages of the Greenflight patent.  Your attempt to dissect the California and Florida cases into two "matters" is contrary to the terms of the Stipulation entered into the parties, which recognized that this was one dispute.  Indeed, during our meet and confer Mr. Ranganath admitted that at the time you sent these communications to our client, you knew he was represented by Fox Rothschild.

Aldo Badini
Winston & Strawn LLP
D: +1 (212) 294-4601
https://urldefense.proofpoint.com/v2/url?u=http-3A__www.winston.com&d=DQIGaQ&c=I5YmaygVL_uloFyEjsA1Ww&r=bFzk6VLiNFRSiRpCaRshcAdwyRnHop1HsL27nXVM69Q&m=IDdlrIhsCdjGI02QTsLbKGSMSieOhlVAAcz0GzNp8wY&s=I3waJEEadTziHSqN1fP0jv8cUvjnN4axUv6PEF_fmpE&e=

-----Original Message-----
From: Bryan Kohm [mailto:BKohm@Fenwick.com]
Sent: Friday, September 16, 2016 3:25 PM
To: Badini, Aldo A.
Cc: Ravi Ranganath; Liz Hagan; Ramos, Constance F.; Lin, James C.
Subject: Re: Exclusion of Purported Evidence Under California "No-Contact" Rule

Aldo,

You should do a more thorough investigation before making these accusations.  As you will learn, Mr. Isaacs was not represented by counsel with respect to this matter, and I confirmed that before communicating with him.

Best,
Bryan

On Sep 16, 2016, at 12:07 PM, Badini, Aldo A.
<ABadini@winston.com<mailto:ABadini@winston.com><mailto:ABadini@winston.com>> wrote:

Dear Ravi,

In the course of our meet and confer today you mentioned that one alleged basis for the motion was our client's communication with Mr. Kohm where our client made accusations of "racketeering" activities.  I could not recall whether I was ever personally aware of any such communication and so I investigated.  I believe that the email chain below is the one to which you are referring;  if not, please advise.

Assuming that this is the email chain at issue, I would like to advise you that the communications between Mr. Kohm and our client cannot be relied upon in any motion because they were conducted by Mr. Kohn in violation of Rule 2-100 of the California Rules of Professional Ethics ("Communication With a Represented Party").

The relevant facts are straightforward.  As you know, Whitepages filed suit against Greenflight in California on January 11, 2016.  Greenflight filed suit against Whitepages, through counsel (Fox Rothschild) in Florida on January 14.  Thus, Fenwick was on notice that Greenflight was represented by counsel in this matter by not later than January 14. Notwithstanding that knowledge, your client substantively responded to my client's January 21 email.  (And, as you no doubt know, the fact that Mr. Isaacs initiated the contact is immaterial;  any waiver of the right to communicate through counsel must be made by the attorney, not the represented party).  Not only did Mr. Kohm respond to my client's email, but it was Mr. Kohm's response that improperly baited my client into the "racketeering" comment upon which you seek to rely.

In short, any attempt to rely upon the communication from my client in support of your motion must fail as the "evidence" purporting to support the motion was obtained in violation of California Rule 2-100, which is yet another reason any such motion would be frivolous.


\*\*\*

From: jeffreydi@gmail.com<mailto:jeffreydi@gmail.com><mailto:jeffreydi@gmail.com> [mailto:jeffreydi@gmail.com] On Behalf Of Jeffrey D. Isaacs
Sent: Thursday, January 21, 2016 12:46 PM
To: Bryan Kohm
Subject: Re: Withdrawal of CAND claim

CEASE AND DESIST

On Fri, Jan 22, 2016 at 4:45 AM, Bryan Kohm
<BKohm@fenwick.com<mailto:BKohm@fenwick.com><mailto:BKohm@fenwick.com>> wrote:
Jeffrey,

As my letter of January 11 states, Whitepages demands that you and Greenflight advise Apple that you have withdrawn your claim and covenant not to assert those claims again in the future.  Whitepages is not asking you to state that the patent doesn't exist—only that you have withdrawn your claims.  If you and Greenflight would like to accept Whitepages' offer, I will prepare a covenant for you and Greenflight to sign covenanting not assert infringement of the '698 patent against Whitepages.

It would not be productive to respond to the baseless and wild accusations contained in your email and therefore I will not do so.

Best,
Bryan

From:
<jeffreydi@gmail.com<mailto:jeffreydi@gmail.com><mailto:jeffreydi@gmail.com><mailto:jeffreydi@gmail.com<mailto:jeffreydi@gmail.com>>> on behalf of "Jeffrey D. Isaacs"
<jeffrey.isaacs.wg03@wharton.upenn.edu<mailto:jeffrey.isaacs.wg03@wharton.upenn.edu><mailto:jeffrey.isaacs.wg03@wharton.upenn.edu><mailto:jeffrey.isaacs.wg03@wharton.upenn.edu<mailto:jeffrey.isaacs.wg03@wharton.upenn.edu>>>
Date: Thursday, January 21, 2016 at 12:33 PM

2

To: Bryan Kohm
<BKohm@Fenwick.com<mailto:BKohm@Fenwick.com><mailto:BKohm@Fenwick.com><mailto:BKohm@Fenwick.com<
mailto:BKohm@Fenwick.com>>>
Subject: Re: Withdrawal of CAND claim

Bryan,

Are you suggesting that we tell Apple that the '698 patent doesn't exist, or moreover, that Apple Computer doesn't have
the right to investigate trademark and IP violations on its own accord? Clearly, we used terminology three times in our
letter yesterday asking Apple NOT to rely on our own beliefs, but rather, "documentation and evidence acceptable to
Apple."

Again, our letter yesterday clarified that we do not wish Apple to rely on our statements and beliefs, but to verify
infringement through the App Review process. Apple has every right to do this, and in fact, Greenflight is in no position
to tell Apple how to investigate App Store IP concerns.

Your offer was accepted, and you must retract the libel claims, or Greenflight will take action against you personally, and
Fenwick for breach of contract amongst other claims. Frankly, what you are suggesting - that Greenflight interfere with
Apple's own internal investgation, smells of racketeering and I will be reporting this to the California Bar if you don't
honor the contract.

Please provide official confirmation that of you and Fenwick are dishonoring the contract no later than 48 hours from
now. For Fenwick, I hereby request an agent other than yourself to indicate their position , or I will seek injunctive action
against the firm. You've been a partner for a few months now, and my best understanding is that you're simply not used
to operating such an important case independently .


Jeffrey

On Fri, Jan 22, 2016 at 4:25 AM, Bryan Kohm
<BKohm@fenwick.com<mailto:BKohm@fenwick.com><mailto:BKohm@fenwick.com><mailto:BKohm@fenwick.com<m
ailto:BKohm@fenwick.com>>> wrote:
Jeffrey,

You have not complied with the spirit of my January 11th letter.  In that letter, Whitepages offered to dismiss the
California action if "you provide notice to Apple…that Greenflight has withdrawn its claim against Whitepages…and
covenants to not again assert its meritless claims against Whitepages."  You have done neither.  In fact, your letter to
Apple yesterday does precisely the opposite.  You again suggest that Whitepages infringes the '698 patent and ask that
Apple remove the Whitepages ID app from the App Store.  Your unlawful conduct has caused Whitepages significant
harm, and it will proceed with its claims against you, Ms. Petrea and Greenflight to recover its damages and to obtain a
court injunction barring this unlawful conduct from continuing.

Best,
Bryan

From:
<jeffreydi@gmail.com<mailto:jeffreydi@gmail.com><mailto:jeffreydi@gmail.com><mailto:jeffreydi@gmail.com<mailto:
jeffreydi@gmail.com>><mailto:jeffreydi@gmail.com<mailto:jeffreydi@gmail.com><mailto:jeffreydi@gmail.com<mailto:
jeffreydi@gmail.com>>>> on behalf of "Jeffrey D. Isaacs"
<jeffrey.isaacs.wg03@wharton.upenn.edu<mailto:jeffrey.isaacs.wg03@wharton.upenn.edu><mailto:jeffrey.isaacs.wg03
@wharton.upenn.edu><mailto:jeffrey.isaacs.wg03@wharton.upenn.edu<mailto:jeffrey.isaacs.wg03@wharton.upenn.e

du>><mailto:jeffrey.isaacs.wg03@wharton.upenn.edu<mailto:jeffrey.isaacs.wg03@wharton.upenn.edu><mailto:jeffrey.isaacs.wg03@wharton.upenn.edu<mailto:jeffrey.isaacs.wg03@wharton.upenn.edu>>>>
Date: Thursday, January 21, 2016 at 11:30 AM
To: Bryan Kohm
<BKohm@Fenwick.com<mailto:BKohm@Fenwick.com><mailto:BKohm@Fenwick.com><mailto:BKohm@Fenwick.com<mailto:BKohm@Fenwick.com>><mailto:BKohm@Fenwick.com<mailto:BKohm@Fenwick.com><mailto:BKohm@Fenwick.com<mailto:BKohm@Fenwick.com>>>>
Subject: Withdrawal of CAND claim

Hi Bryan,

Yesterday we requested that Apple Legal obtain documentation of infringement from your client and verify , themselves, whether or not infringement of the '698 patent has occurred.

As such, we believe we have complied with the spirit of your January 11th offer to dismiss the CAND libel / trade libel claims in exchange for retraction of our demand to pull the app.  We appreciate you extending the offer by a week, and deem it accepted. To clarify, we do not (and never did) seek any action adverse to your client by Apple that their own legal department did not investigate and verify.

Please provide notice that you have completed your end of the agreement, and have filed a motion to withdrawal the case without prejudice.

On a separate note, my letter yesterday merely pointed out that ;the '698 patent may be amended until October. At this point, we are not aware of any necessity to do so. Your client outsources the SS7 node, and this is covered by the claims.

Regards,

Jeffrey Isaacs



Aldo A. Badini

Partner

Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193

D: +1 (212) 294-4601

F: +1 (212) 294-4700

Bio<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.winston.com_en_who-2Dwe-2Dare_attorneys_badini-2Daldo-2Da.html&d=DQMFAg&c=l5YmaygVL_uloFyEjsA1Ww&r=bFzk6VLiNFRSiRpCaRshcAdwyRnHop1HsL27nXVM69Q&m=2M3_ymeBNtcYt7g57kSepxmZA6UtfbeCYoT45lxCUK4&s=a2kwiyL4NEyETP0DS-CG9aIrGRaxZaKhDqIzneXN9ac&e=> | VCard<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.winston.com_vcards_1021.vcf&d=DQMFAg&c=l5YmaygVL_uloFyEjsA1Ww&r=bFzk6VLiNFRSiRpCaRshcAdwyRnHop1HsL27nXVM69Q&m=2M3_ymeBNtcYt7g57kSepxmZA6UtfbeCYoT45lxCUK4&s=d3rGnByJD_IK_8-hv5xzH795x_xBbTK3C0f8v0L7UHI&e=> | Email<mailto:abadini@winston.com> | winston.com<http://winston.com><https://urldefense.proofpoint.com/v2/url?u=http-

3A__www.winston.com&d=DQMFAg&c=l5YmaygVL_uIoFyEjsA1Ww&r=bFzk6VLiNFRSiRpCaRshcAdwyRnHop1HsL27nXV
M69Q&m=2M3_ymeBNtcYt7g57kSepxmZA6UtfbeCYoT45lxCUK4&s=9fKEcEsEJjNYe-nsWhN7UBs5Sw1hvgcjgeo-
yi3LvcU&e=>

<image002.jpg><https://urldefense.proofpoint.com/v2/url?u=http-
3A__www.winston.com_&d=DQMFAg&c=l5YmaygVL_uIoFyEjsA1Ww&r=bFzk6VLiNFRSiRpCaRshcAdwyRnHop1HsL27nXV
M69Q&m=2M3_ymeBNtcYt7g57kSepxmZA6UtfbeCYoT45lxCUK4&s=tTNmVpD2N_H33xmgDj0SryXrB4NV3HH4fbPMSzmj
8BQ&e=>
<image004.jpg>

_____
The contents of this message may be privileged and confidential. If this message has been received in error, please
delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not
disseminate this message without the permission of the author. Any tax advice contained in this email was not intended
to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and
regulations.


--------------------------------------------
NOTICE:
This email and all attachments are confidential, may be legally privileged, and are intended solely for the individual or
entity to whom the email is addressed.  However, mistakes sometimes happen in addressing emails.  If you believe that
you are not an intended recipient, please stop reading immediately.  Do not copy, forward, or rely on the contents in any
way.  Notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and then delete or destroy any copy
of this email and its attachments.  Sender reserves and asserts all rights to confidentiality, including all privileges that
may apply.